**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ORCHESTRATE HR, INC. and VIVATURE, INC.,** | § | |
| | § | |
| ***Plaintiffs,*** | § | |
| | § | |
| **v.** | § | **CASE NUMBER** ________ |
| | § | |
| | § | |
| **BLUE CROSS AND BLUE SHIELD OF KANSAS,** | § | |
| | § | |
| ***Defendant.*** | § | |
| | § | **JURY TRIAL DEMANDED** |

## DESIGNATION OF PLACE OF TRIAL

The designated place of trial is Topeka, Kansas.

## PLAINTIFFS' COMPLAINT

Plaintiffs **Orchestrate HR, Inc.** and **Vivature, Inc.** (both Plaintiffs collectively referred to as "Vivature") complain of Defendant **Blue Cross and Blue Shield of Kansas** ("BCBSKS") showing the Court:

## I. PARTIES

1. Plaintiff Orchestrate HR, Inc. is a Texas corporation organized and existing under the laws of Texas with its principal place of business at 5050 Spring Valley Rd., Dallas, Texas 75244.

2. Plaintiff Vivature, Inc. is a Texas corporation organized and existing under the laws of Texas with its principal place of business at 5050 Spring Valley Rd., Dallas, Texas 75244.

3.	Defendant Blue Cross and Blue Shield of Kansas ("BCBSKS" or "Defendant") is a corporation organized and existing under the laws of Kansas with its principal place of business at 1133 Topeka Ave., Topeka, KS, 66609.

## II.     JURISDICTION AND VENUE

4.	This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 28 § 1332(a) because this is an action for, *inter alia*, damages in excess of $1,000,000.00, exclusive of costs, fees, interest, or other possible sources of award or relief, and there is complete diversity of citizenship.

5.	Venue is proper in this Court pursuant to U.S.C. 28 § 1391(b).

## III.     FACTS

6.	Vivature is a Texas corporation based in Dallas, Texas.  Vivature, and its affiliates and predecessors, have been in business for over 30 years and have grown into a multi-million dollar business with offices across the United States with hundreds of employees. Vivature has spent significant money and time developing its reputation in the human resource management and medical insurance industry.  Vivature has developed highly unique and proprietary products, services, and marketing concepts which have directly led to Vivature's singular success and the goodwill it enjoys.

7.	Since 2011, Vivature has expanded the services it offers to include assisting colleges and universities across the United States with developing income streams to assist them in providing high quality education.  Currently, Vivature counts its collegiate clients in the hundreds.  One of the services provided by Vivature is that it works with these schools to monetize the necessary medical services performed by its licensed athletic trainers.  These trainers perform services, pursuant to a medical doctor's standing orders.

8. Vivature contracts with a school to help the school get paid for these eligible necessary medical services which then provides more money to the school to spend on its athletes and students. For some schools, this source of income is not only important but is needed to ensure the continuity of care being provided to the athletes and students.

9. Washburn University ("Washburn") became one of Vivature's clients in 2016. In addition to other insurance-related matters, Vivature entered into a contract with Washburn to provide credentialing, billing, and medical claims assistance for Washburn. Vivature negotiated and executed the Washburn University Contract in Texas ("Washburn Contract"). Vivature was Washburn University's billing agent for the necessary medical services provided by Washburn's licensed athletic trainers and Vivature held a contractual power-of-attorney for that purpose.

10. BCBSKS purports to offer comprehensive insurance plans to its customers. BCBSKS is an independent licensee of the Blue Cross Blue Shield Association. BCBSKS alleges that it provides comprehensive medical plans to its insured, and that those plans pay for services performed by trainers.

11. BCBSKS fraudulently represented to Vivature that if Vivature modified its claims process to accommodate BCBSKS' demands, BCBSKS would process and pay the claims submitted by Vivature on Washburn University's behalf ("Washburn Claims"). However, despite Vivature's compliance with BCBSKS's ever-changing demands, BCBSKS refuses to process and pay the Washburn Claims submitted by Vivature and Vivature has discovered that BCBSKS has been engaged in a campaign to damage Vivature, and thereby avoid paying for these medically necessary services, since at least March of 2017.

12. BCBSKS and Vivature have engaged in substantial written and oral communications regarding, among other things (1) instructions on how Vivature should certify

and credential trainers and other providers for enrollment in BCBSKS' network; (2) working with Vivature to build BCBSKS' provider network; and (3) complying with BCBSKS' Policies and Procedures, because one of BCBSKS' policies is to educate those associated with contracting providers, such as Vivature, on how to do business with BCBSKS.

13. Regarding the Washburn Contract, BCBSKS and Vivature have engaged in: (1) multiple conference calls, some of which were requested by BCBSKS; (2) multiple one-on-one telephone calls, some of which were originated by BCBSKS; (3) hundreds of e-mail communications, some originated by BCBSKS, including correspondence from BCBSKS' counsel; (4) thousands of claims handled, totaling several millions of dollars in claims for which Vivature seeks recovery.

14. BCBSKS and Vivature have also had numerous telephone meetings in which BCBSKS demanded Vivature modify numerous of its procedures relating to how it filed and submitted the Washburn Claims.

15. Vivature submitted claims to BCBSKS pursuant to the procedures and guidelines promulgated by BCBSKS. In more than one of these conference calls, where representatives from both sides were present, BCBSKS fraudulently represented to Vivature that if Vivature made the substantial changes to its claims filing process, BCBSKS would process and pay the Washburn Claims as submitted by Vivature. One of such conference calls occurred on October 17, 2017, where the participants for Vivature included Mouzon Bass, Brandon Stanwix, and Vivature's counsel, on behalf of Vivature, and the participants for BCBSKS included Cathy Holmes, Marguerite Mzhickteno, and counsel Shelly King.

16. Having dealt with insurance providers across the United States for years on similar issues, Vivature justifiably relied upon BCBSKS' representations and in good faith

complied with BCBSKS' demands to completely alter its submission process. Despite Vivature's compliance with BCBSKS' demands, BCBCKS has denied virtually every single claim Vivature has submitted to BCBSKS. BCBSKS never had any intention to pay the Washburn Claims as submitted by Vivature, and BCBSKS' promise to do so was false when it was made.

17. BCBSKS made repeated requests that Vivature modify its submission process to satisfy BCBSKS' demands. Furthermore, when BCBSKS failed to pay the Washburn Claims, Vivature and BCBSKS engaged in substantial follow-up to determine whether there was any legitimate reason for BCBSKS' denial; Vivature was also dealing with BCBSKS regarding the appeals process for the various denied claims.

18. In furtherance of its effort to avoid paying the Washburn Claims, BCBSKS contacted Washburn and made numerous false accusations regarding Vivature and the paperwork submitted by Vivature on Washburn's behalf. Furthermore, on at least one other occasion, an employee of BCBSKS, "Becky," informed Blue Cross Blue Shield of ND that certain of the Claims which are the subject of this suit, as submitted by Vivature on behalf of Washburn, were fraudulent. Subsequently, this information was communicated by Blue Cross Blue Shield of ND to Washburn, including to certified athletic trainer John Burns. As a direct result of this defamatory and disparaging information provided by BCBSKS, Washburn was ultimately advised, in March, 2018, that Vivature's submission of the some of the claims which are the subject matter of this suit were fraudulent, and as a result, those Claims were not being paid. This has led to direct harm to Vivature as it has negatively impacted Vivature's business relationship with Washburn University and other schools.[1]

[1] Including, but not limited to, Fort Hays State University; Emporia State University; Allen County Community College; Benedictine College; Pittsburgh State University; Midamerica Nazarene University; Tabor College; Kansas

19. In addition to these activities, Vivature has learned that BCBSKS filed an undisclosed and unfounded claim against Vivature with the Kansas Department of Insurance in or around March of 2017. BCBSKS has filed dozens of complaints with the Kansas Board of Healing Arts against licensed trainers who Vivature has submitted billing for. Recently, Vivature learned that BCBSKS has been directly contacting other BCBS networks in an effort to damage Vivature's reputation and good will.

20. BCBSKS intentionally interfered with Vivature's ongoing relationship with Washburn, absent any justification, and preventing Vivature from acquiring additional economic benefits from its relationship with Washburn or the full expectancy from its relationship with Washburn, and potentially other schools.[2] BCBSKS had knowledge of the existence of the business relationship between Vivature and Washburn.

21. BCBSKS' unlawful actions proximately caused damages to Vivature by causing pecuniary loss to Vivature's economic interest, damaging its reputation, and preventing Vivature from acquiring or continuing its relationships with Washburn and other schools.

22. The Claims which are the subject matter of this suit include, but are not limited to, the following claim numbers: 1734185641/00, 1734585622/00, 1803685699, 1734585626/00, 1734585630/00, 1734585627/00, 1734285636/00, 1734585620/00, 1734285649/00,

---

Weslyan University; Southwestern College; and McPherson College. These is only a list of schools in the Kansas area which Vivature has/had contracts with.

[2] Including, but not limited to, Fort Hays State University; Emporia State University; Allen County Community College; Benedictine College; Pittsburgh State University; Midamerica Nazarene University; Tabor College; Kansas Weslyan University; Southwestern College; and McPherson College.

1734285646/00.[3] The total number of Washburn Claims submitted to BCBSKS which are the subject matter of this suit are over 4000, totaling almost 1 million dollars in claims.[4]

23. As a result of BCBSKS' improper actions, Vivature now brings suit.

24. All causes of action herein are pled in the alternative.

## IV. CAUSES OF ACTION

### A. CAUSE OF ACTION—FRAUD

25. Vivature incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

26. BCBSKS falsely represented it would process and pay the Washburn Claims, as submitted by Vivature, including those on Washburn University's behalf, upon Vivature's modification of its claims process as was requested by BCBSKS. This representation was false when it was made, and BCBSKS made the representation without any intention to perform. BCBSKS made these representations with the intent that Vivature act upon them by forcing Vivature to spend its time and monetary resources altering its claims submission process, and Vivature did so rely on these misrepresentations, making the necessary changes. Vivature incurred significant expense as a result. BCBSKS, however has not processed and paid any of the Washburn Claims submitted by Vivature to date.

### B. CAUSE OF ACTION—DEFAMATION

27. Vivature incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

[3] These specific claims are for services performed by John Burns, one of the certified athletic trainers at Washburn University. Due to HIPAA, limited information, regarding these claims, is being provided at this time.

[4] The total amount of claims in dispute for all of the Kansas schools is over 30,000 and the claims dollars are already over $5,000,000. These numbers will continue to grow as more claims are submitted.

28. As stated above, BCBSKS has contacted Washburn University, one of Vivature's clients, and made numerous false accusations regarding Vivature. BCBSKS has also contacted BCBS of North Dakota and made false accusations regarding Vivature. These false statements were published by BCBSKS when a reasonable party would have recognized that its actions would, and did, create an unreasonable risk that a defamatory statement would have been communicated to a third party, or with a specific intent to injure Vivature. These statements damaged Vivature's reputational interests with respect to Washburn and other schools,[5] for which Vivature seeks recovery.

### C. <u>CAUSE OF ACTION—TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS</u>

29. Vivature incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

30. Vivature has an ongoing business relationship with Washburn University, and BCBSKS intentionally interfered with that relationship without any justification. BCBSKS knew of this relationship, and there is a reasonable certainty that, except for BCBSKS's conduct, Vivature would have continued the relationship or realized additional benefits from the relationship. BCBSKS' improper and intentional actions include, but are not limited to, contacting Washburn University and making numerous false accusations regarding Vivature and the paperwork submitted by Vivature on behalf of Washburn. BCBSKS' actions proximately caused damages to Vivature by preventing Vivature from acquiring additional economic benefits

[5] Including, but not limited to, Fort Hays State University; Emporia State University; Allen County Community College; Benedictine College; Pittsburgh State University; Midamerica Nazarene University; Tabor College; Kansas Weslyan University; Southwestern College; and McPherson College.

from its relationship with Washburn or the full expectancy from its relationship with Washburn, and potentially other schools,[6] for which Vivature seeks recovery.

## V. JURY DEMAND

31. Plaintiffs request a jury trial with regard to the above-captioned action.

## VI. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs Orchestrate HR, Inc. and Vivature, Inc. pray for the following relief on the foregoing claims:

[a] Judgment against Defendant for any and all damages, costs, interest, fees of any type, in an amount within the jurisdictional limits of this Court; and

[b] Plaintiffs be granted such further relief as the Court deems just and proper.

**DATED: January 29, 2019.**

Respectfully submitted,

/s/ Timothy A. Shultz
Timothy A. Shultz, KS # 16060
Goodell Stratton Edmonds & Palmer, LLP
515 S. Kansas Ave.
Topeka, KS 66603
Telephone: (785) 233-0593
Facsimile: (785)233-8870
tshultz@gseplaw.com

AND PENDING *PRO HAC VICE* ADMISSION

Jose M. Portela
jose@beckham-group.com
Texas State Bar No. 90001241
THE BECKHAM GROUP, P.C.
3400 Carlisle, Suite 550
Dallas, Texas 75204
Telephone: (214) 965-9300
Facsimile: (214) 965-9301
*Pro Hac Vice* Status Pending
***ATTORNEYS FOR PLAINTIFFS***

---

[6] Including, but not limited to, Fort Hays State University; Emporia State University; Allen County Community College; Benedictine College; Pittsburgh State University; Midamerica Nazarene University; Tabor College; Kansas Weslyan University; Southwestern College; and McPherson College.