IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ORCHESTRATE HR, INC., et al.,       )
                                    )
              Plaintiffs,           )
                                    )
v.                                  )    Case No. 19-cv-4007-SAC-TJJ
                                    )
BLUE CROSS AND BLUE SHIELD          )
OF KANSAS, INC.,                    )
                                    )
              Defendant.            )

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Protective Order (ECF No. 32). Pursuant to Fed. R. Civ. P. 26(c), Defendant asks the Court to issue a protective order that relieves Defendant Blue Cross and Blue Shield of Kansas, Inc. ("BCBSKS") of the obligation to respond to the First Set of Interrogatories and First Set of Requests for Production served by Plaintiffs. Plaintiffs oppose the motion. For the reasons set forth below, the Court will grant the motion.

**I.      Relevant Background**

On April 1, 2019, BCBSKS filed two motions to dismiss Plaintiffs' complaint. The first seeks dismissal pursuant to Fed. R. Civ. P. 12(b)((1) and 12(b)(6),[1] and the second seeks dismissal under the Texas Citizens' Participation Act ("TCPA").[2] On April 8, 2019, Plaintiffs filed an Expedited Motion to Determine the Applicability of the TCPA,[3] along with an

---

[1] ECF No. 12.

[2] ECF No. 13.

[3] ECF No. 17.

1

Expedited Motion to Compel Discovery Pursuant to Tex. Civ. Prac. & Rem. Code § 27.006.[4] District Judge Sam A. Crow has stayed briefing and consideration of Defendant's Rule 12(b) motion to dismiss and Plaintiffs' motion to compel discovery pending his ruling on whether the TCPA applies to this case.[5]

In light of Judge Crow's order, the undersigned Magistrate Judge has not issued an initial order setting this case for a Fed. R. Civ. P. 16 Scheduling Conference with concomitant deadlines for the parties to hold their Fed. R. Civ. P. 26(f) conference or submit their planning report and Rule 26(a)(1) disclosures. However, Plaintiffs contend the parties conducted a Rule 26(f) conference on April 8, 2019. Defendant denies that the phone call in question constituted such a conference, and the email exchanges between counsel before and after the call clearly undermine Plaintiffs' contention.[6]

On the same day that Judge Crow issued his stay order, Plaintiffs served Defendant with their First Set of Interrogatories and First Set of Requests for Production. The discovery includes exactly the same document requests and interrogatory Plaintiffs sought permission to serve in their expedited motion to compel—a motion Judge Crow has stayed.

Counsel have conferred by telephone and via email. The Court finds the parties have conferred in attempts to resolve the issue in dispute without court action, as required by Fed. R.

---

[4] ECF No. 20.

[5] Order dated April 10, 2019 (ECF No. 21).

[6] On April 3, 2019, Plaintiffs' counsel requested a Rule 26(f) conference. Defense counsel agreed to speak by phone to address certain issues, but asserted no discovery obligations could arise until the TCPA issues are resolved. Plaintiffs' counsel continued to insist on characterizing the phone call as a Rule 26(f) conference, which defense counsel resisted. Counsel did speak by phone, when apparently Plaintiffs' counsel asserted a position on each of the Rule 26(f) items and defense counsel did not. On April 16, 2019, after Plaintiffs served the discovery that is the subject of this motion, defense counsel sent an email pointing out that no Rule 26(f) conference has occurred. Plaintiffs' counsel replied, insisting it had occurred but that Defendant had refused to address certain issues.

Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

## II.    Legal Standard for Protective Order

Defendant seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c). That rule provides, in pertinent part, that for good cause the court may issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."[7]    The party seeking the protective order has the burden of demonstrating good cause for it.[8]    To establish good cause, the moving party must offer "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[9]    Even upon a showing of good cause, however, the Court also considers other factors that were or could have been presented by the party seeking discovery to determine whether the totality of the circumstances justifies the entry of a protective order.[10]

The court has broad discretion to decide when a protective order is appropriate and what degree of protection is warranted.[11]    The Supreme Court has recognized that "[t]he trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery.   The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."[12]    Notwithstanding this broad grant of

---

[7] Fed. R. Civ. P. 26(c)(1)(A).

[8] *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[9] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[10]    *See Citimortgage, Inc. v. Sanders*, No. 11-CV-2540-EFM-GLR, 2012 WL 6024641, at *2 (D. Kan. Dec. 4, 2012).

[11] *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[12] *Seattle Times*, 467 U.S. at 36.

discretion, a court may issue a protective order *only* if the moving party demonstrates that the basis for the protective order falls within one of the specific categories enumerated in the Rule, *i.e.* that the requested order is necessary to protect the party from "annoyance, embarrassment, oppression, or undue burden or expense."[13]

**III. Analysis**

Defendant argues that Plaintiffs are not legally entitled to the discovery they seek because upon the filing of Defendant's motion to dismiss under the TCPA, discovery was stayed by operation of law. Defendant cites the applicable language from the TCPA in support of its argument.[14] While the Court agrees with Defendant that a stay of discovery would be required by the TCPA if the statute applies in this case, the Court cannot grant Defendant's motion on that basis because Judge Crow has yet to rule on the Texas statute's applicability.

However, the Court will not condone Plaintiffs' attempt to unilaterally conduct the very same discovery they have asked but not received permission to conduct. Not only does the Court consider Plaintiffs' conduct an attempted end-run around Judge Crow's order staying consideration of their discovery request, but the Court also rejects Plaintiffs' position that the parties have conducted a Rule 26(f) planning conference. Plaintiffs obviously recognize the prohibition on discovery until the parties have conferred as required by Rule 26(f).[15] Plaintiffs describe a phone call between their counsel and defense counsel as a Rule 26 conference for

---

[13] *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007) (quoting Fed. R. Civ. P. 26(c)).

[14] Tex. Civ. Prac. & Rem. Code § 27.003(c) ("[O]n the filing of a motion under this section, all discovery in the legal action is suspended until the court has ruled on the motion to dismiss.").

[15] *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). This case is not exempt from initial disclosure.

which the time was jointly set and "every topic in Rule 26(f)(3) was addressed," but during which "BCBSKS deliberately refused to meaningfully participate in certain aspects . . . because it was of the opinion its TCPA Motion to Dismiss relieved it of any obligation to do so."[16]

Plaintiffs have not been granted permission to conduct the discovery they seek in their expedited motion. Neither has the Court issued an initial order setting a Scheduling Conference and imposing a deadline for the parties to conduct their Rule 26(f) conference. Accordingly, Plaintiffs are not permitted to conduct discovery, and Defendant is entitled to a protective order relieving it of the obligation to respond to the First Set of Interrogatories and First Set of Requests for Production served by Plaintiffs pending further order.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for Protective Order (ECF No. 32) is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 20th day of May, 2019, at Kansas City, Kansas.

　　　　　　　　　　　　　　　　　　　Teresa J. James
　　　　　　　　　　　　　　　　　　　U. S. Magistrate Judge

---

[16] ECF No. 35 at 1. Plaintiffs argue strenuously that the TCPA does not apply unless and until Judge Crow rules otherwise, but in their expedited motion seeking permission to conduct limited discovery, they acknowledged the TCPA prevented them from serving the discovery without leave of court. *See* ECF No. 20.