## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ORCHESTRATE HR, INC., et al.,

      Plaintiffs,

      v.

BLUE CROSS BLUE SHIELD KANSAS,

      Defendant.

Case No. 5:19-CV-04007-HLT-TJJ

## MEMORANDUM & ORDER

Plaintiffs Orchestrate HR, Inc. and Vivature, Inc. (collectively "Vivature") filed this lawsuit against Defendant Blue Cross Blue Shield Kansas in Kansas federal court. Vivature alleges diversity jurisdiction and asserts claims of fraud, defamation, tortious interference with prospective business relations, and tortious interference with contract.

In its relatively short life, this case has spawned numerous motions. One in particular is Blue Cross's motion to dismiss under the Texas Citizens Participation Act ("TCPA"). Doc. 12. The TCPA is an anti-SLAPP ("Strategic Litigation Against Public Participation") law. *Klocke v. Watson*, 936 F.3d 240, 242 (5th Cir. 2019); *see also* Tex. Civ. Prac. & Rem. § 27.001 through 27.011. "An anti-SLAPP statute is a specialized version of the tort of abuse of process, designed to reduce defense costs by creating an absolute or qualified immunity, and (in several states) by requiring early disposition of a motion to dismiss." *Intercon Sols., Inc. v. Basel Action Network*, 791 F.3d 729, 730 (7th Cir. 2015).

The TCPA's stated purpose "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. § 27.002. In a legal action

based on a defendant's exercise of free speech or the right to petition or right of association, the TCPA permits a defendant to file a motion to dismiss within 60 days of service and requires a plaintiff to respond by showing "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* at §§ 27.003(a)-(b), 27.005(c). In other words, in certain types of lawsuits, it sets a higher bar for a plaintiff to hurdle early on in a case than is typically required under normal pleading standards.[1]

After Blue Cross filed its motion to dismiss under the TCPA,[2] Vivature filed a motion to determine the applicability of the TCPA in federal court. Doc. 17. The Court stayed briefing on Blue Cross's TCPA motion pending resolution of Vivature's motion. Doc. 21. Vivature's motion asks this Court to determine whether the TCPA applies in this diversity action. If so, Blue Cross's motion may proceed. If not, Blue Cross's motion is not properly before this Court.

In a diversity action, a federal court generally applies the relevant state substantive law and federal procedural law. *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 668 (10th Cir. 2018). But deciding if a law is procedural or substantive is not always clear. *See id.* In the case of anti-SLAPP statutes, courts have generally agreed that the question is not a traditional *Erie* inquiry, but rather is a question "concerning the relationship between the Federal

---

[1]   The Federal Rules of Civil Procedure establish pleading standards under Rules 8 and 9 and permit pre-trial dispositive motions under Rules 12 and 56. A motion to dismiss under Rule 12 tests whether the allegations in the complaint are plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Rule 56, a non-movant must only point to a genuine issue of material fact to defeat summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *see also* Fed. R. Civ. P. 56(a). Neither rule requires a plaintiff to produce "clear and specific evidence" within 60 days of filing a complaint, as the TCPA does. *See* Tex. Civ. Prac. & Rem. § 27.005(c).

[2]   Blue Cross has also filed a supplemental motion to dismiss under the TCPA after Vivature amended its complaint. *See* Doc. 42. In that supplemental motion, Blue Cross extended its TCPA motion to dismiss to the new claim added in the amended complaint. *Id.* at 3. Blue Cross suggests that, should the Court at some point determine that Kansas law governs this case (instead of Texas law), the Court should simply just construe the TCPA motion to dismiss as being made under the Kansas anti-SLAPP law. *Id.* The Court declines this invitation. Notably, Blue Cross has only ever moved under the TCPA, not the Kansas law. And as discussed below, although there are similarities between the TCPA and the Kansas anti-SLAPP law, the Court does not view them as interchangeable. *See infra* note 6.

Rules of Civil Procedure and a state statute that governs both procedure[] and substance in the state courts." *Caranchini v. Peck*, 355 F. Supp. 3d 1052, 1058 (D. Kan. 2018) (quoting *Godin v. Schencks*, 629 F.3d 78, 86 (1st Cir. 2010)); *see also Klocke*, 936 F.3d at 244-45. A federal court should not apply a state law if "(1) a Federal Rule of Civil Procedure 'answer[s] the same question' as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act." *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015) (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398-99 (2010)).

After this issue was fully briefed, the Fifth Circuit issued an opinion addressing the applicability of the TCPA in federal court. In *Klocke v. Watson*, the Fifth Circuit held "that the TCPA does not apply to diversity cases in federal court." *Klocke*, 936 F.3d at 242.[3] Specifically, the Fifth Circuit, guided by the standards outlined above, asked whether the TCPA and the Federal Rules of Civil Procedure "'answer the same question' when each specifies requirements for a case to proceed at the same stage of litigation." *Id.* at 245. The Fifth Circuit found that the TCPA and Rules 12 and 56 do answer the same question, namely "the circumstances under which a court must dismiss a case before trial." *Id.* And not only did they answer the same question, but they imposed "additional procedural requirements not found in the federal rules." *Id.* "Because the TCPA's burden-shifting framework imposes additional requirements beyond those found in Rules 12 and 56 and answers the same question as those rules, the state law cannot apply in federal court." *Id.*[4]

---

[3] After the Fifth Circuit issued its ruling, Vivature filed a Notice of Supplemental Authority regarding *Klocke*. Doc. 65.

[4] The Fifth Circuit also found that the Federal Rules of Civil Procedure are a valid exercise of Congress's rulemaking authority, thus permitting the rules to control over the TCPA. *Klocke*, 936 F.3d at 247-48; *see also Abbas*, 783 F.3d at 1336.

The Fifth Circuit's decision in *Klocke* mirrors decisions by the D.C. Circuit and the Eleventh Circuit regarding the applicability of other states' anti-SLAPP laws. *See Abbas*, 783 F.3d at 1337 ("In sum, Federal Rules 12 and 56 answer the same question as the D.C. Anti-SLAPP Act . . . . A federal court exercising diversity jurisdiction therefore must apply Federal Rules 12 and 56 instead of the D.C. Anti-SLAPP Act's special motion to dismiss provision."); *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1351 (11th Cir. 2018) (noting that there is a "direct collision" between the Georgia anti-SLAPP law and the Federal Rules of Civil Procedure).

The First Circuit has come to the opposite conclusion regarding Maine's anti-SLAPP law. *See Godin*, 629 F.3d at 81. But the Fifth Circuit in *Klocke* declined to apply the reasoning of the First Circuit that an anti-SLAPP motion to dismiss can coexist with Rules 12 and 56, citing the Supreme Court's decision in *Shady Grove Orthopedic Associates v. Allstate* that "states may not superimpose additional requirements on the Federal Rules where the provisions 'answer the same question.'" *Klocke*, 936 F.3d at 247 (citing *Shady Grove*); *see also Carbone*, 910 F.3d at 1356 (rejecting the reasoning of *Godin*).

Although the Fifth Circuit's decision is not binding authority on this Court, the Court has reviewed *Klocke* and finds its analysis persuasive. The Fifth Circuit appears to be the only circuit to squarely address the applicability of <u>the TCPA</u> in federal court.[5] In the absence of controlling

---

[5] It appears that the Tenth Circuit has only addressed the applicability of New Mexico's anti-SLAPP law in a diversity case. The outcome here—not applying a state anti-SLAPP law in a federal diversity action—is at least consistent with that Tenth Circuit authority. In *Los Lobos*, the Tenth Circuit held that New Mexico's anti-SLAPP law does not apply in federal court. Focusing on the distinction between procedural and substantive laws, the Tenth Circuit concluded that the New Mexico law was not a close call, finding that it was "nothing more than a *procedural* mechanism designed to expedite the disposal of frivolous lawsuits aimed at threatening free speech rights." *Id.* at 668-69. The Court notes that *Los Lobos* involved an anti-SLAPP statute that was perhaps more limited than other anti-SLAPP statutes, including the TCPA. *See id.* at 670 ("Unlike many other states' anti-SLAPP statutes that shift substantive burdens of proof or alter substantive standards, or both, under no circumstance will the New Mexico anti-SLAPP statute have *any* bearing on the suit's merits determinations."). But the Tenth Circuit did not go further and indicate how the analysis on an arguably more extensive statute like the TCPA would play out.

Tenth Circuit precedent on this precise question,[6] the Court finds no grounds to disregard the Fifth Circuit's recent and compelling conclusion that the TCPA does not apply in federal court.

THE COURT THEREFORE ORDERS that Vivature's motion to determine the applicability of the TCPA (Doc. 17) is GRANTED. The Court agrees with the Fifth Circuit's recent decision in *Klocke v. Watson* that the TCPA does not apply in federal court.

THE COURT FURTHER ORDERS that Blue Cross's motion to dismiss under the TCPA (Doc. 12) and supplemental motion to dismiss under the TCPA (Doc. 42) are therefore DENIED.

IT IS SO ORDERED.

Dated: November 26, 2019          /s/ *Holly L. Teeter*
                                        HOLLY L. TEETER
                                        UNITED STATES DISTRICT JUDGE

---

[6] The Court recognizes that another judge in the District of Kansas has held that the Kansas anti-SLAPP law does apply in federal court. *Caranchini*, 355 F. Supp. 3d at 1061. But that case was decided before the Fifth Circuit's decision in *Klocke* and the Eleventh Circuit's decision in *Carbone*. More importantly, *Caranchini* analyzed Kansas's anti-SLAPP law, not the TCPA, which, though similar, are not identical. *Compare* Tex. Civ. Prac. & Rem. § 27.005, *with* K.S.A. § 60-5320(d). Accordingly, the Court concludes that *Caranchini* is inapposite to the question of whether the TCPA applies in federal court in diversity cases, especially in light of the decision in *Klocke*.