## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

ORCHESTRATE HR, INC. and
VIVATURE, INC.,

               Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD
OF KANSAS, INC.,

               Defendant.

Civil Action No. 5:19-cv-04007

## DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

For its Answer to Plaintiffs' First Amended Complaint (Dkt. No. 26) (the "Amended Complaint"), Defendant Blue Cross and Blue Shield of Kansas, Inc. ("BCBSKS") states as follows:

1.      With regard to Paragraph 1 of the Amended Complaint, BCBSKS admits only that Plaintiff Orchestrate HR, Inc. is a Texas corporation.  BCBSKS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 of the Amended Complaint.

2.      With regard to Paragraph 2 of the Amended Complaint, BCBSKS admits only that Plaintiff Vivature, Inc. is a Texas corporation.  BCBSKS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 of the Amended Complaint.

3.      With regard to Paragraph 3 of the Amended Complaint, BCBSKS admits that it is a corporation organized and existing under the laws of Kansas, and that its principal place of business is located at 1133 Topeka Ave., Topeka, Kansas 66629.

4.      With regard to Paragraph 4 of the Amended Complaint, BCBSKS admits only that there is complete diversity of citizenship.  BCBSKS specifically denies that this is an action for damages in excess of $1,000,000.00, exclusive of costs, fees, interest, or other possible sources of award or relief.

5.      With regard to Paragraph 5 of the Amended Complaint, BCBSKS admits that venue is proper in this Court.

6.      With regard to Paragraph 6 of the Amended Complaint, BCBSKS admits only that Plaintiffs Orchestrate HR, Inc. and Vivature, Inc. (collectively "Vivature") are Texas corporations. BCBSKS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 6 of the Amended Complaint.

7.      With regard to Paragraph 7 of the Amended Complaint, BCBSKS specifically denies that, in all instances, "[t]hese trainers perform services pursuant to a medical doctor's standing orders."  BCBSKS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7 of the Amended Complaint.

8.      With regard to Paragraph 8 of the Amended Complaint, BCBSKS specifically denies that Vivature helps schools get paid for "eligible necessary medical services."  BCBSKS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8 of the Amended Complaint.

9.      With regard to Paragraph 9 of the Amended Complaint, BCBSKS admits only that, at some point, Vivature entered into a contract with Washburn University, and that the contract between Vivature and Washburn University speaks for itself.  BCBSKS specifically denies that Vivature was a billing agent for "necessary medical services."  BCBSKS lacks knowledge or

DA 467524.1

information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 of the Amended Complaint.

10.     With regard to Paragraph 10 of the Amended Complaint, BCBSKS admits only that it is an independent licensee of the Blue Cross Blue Shield Association, and that, among other things, it offers insurance plans to its customers.  BCBSKS specifically denies it "takes people's money" and then finds "any way it can to delay paying those people or simply just deny them payment altogether."  BCBSKS denies all remaining allegations in Paragraph 10 of the Amended Complaint.

11.     With regard to Paragraph 11 of the Amended Complaint, BCBSKS specifically denies it made any fraudulent representations to Vivature.  BCBSKS further specifically denies engaging in any sort of "campaign to damage Vivature."  BCBSKS denies all remaining allegations in Paragraph 11 of the Amended Complaint.

12.     With regard to Paragraph 12 of the Amended Complaint, BCBSKS admits only that BCBSKS and Vivature have exchanged written communications and that those written communications speak for themselves.  BCBSKS further admits only that representatives of BCBSKS have spoken to representatives of Vivature.  BCBSKS denies all remaining allegations in Paragraph 12 of the Amended Complaint.

13.     With regard to Paragraph 13 of the Amended Complaint, BCBSKS admits only that representatives of BCBSKS have spoken to representatives of Vivature by telephone.  BCBSKS denies all remaining allegations in Paragraph 13 of the Amended Complaint.

14.     With regard to Paragraph 14 of the Amended Complaint, BCBSKS admits only that representatives of BCBSKS have spoken to representatives of Vivature by telephone, and that BCBSKS and Vivature have exchanged e-mail communications, and that such e-mail

DA 467524.1

communications speak for themselves.  BCBSKS denies all remaining allegations in Paragraph 14 of the Amended Complaint.

15.     With regard to Paragraph 15 of the Amended Complaint, BCBSKS admits only that, on October 17, 2017, Cathy Holmes, Marguerite Mzhickteno, and BCBSKS counsel Shelley King spoke by telephone with Mouzon Bass, Brandon Stanwix, and Jose Portela.  BCBSKS specifically denies that Vivature submitted claims following BCBSKS's procedures and guidelines.  BCBSKS further specifically denies that it "fraudulently represented to Vivature that if Vivature made the substantial changes to its claims filing process, BCBSKS would process and pay the [c]laims as submitted by Vivature."  BCBSKS denies all remaining allegations in Paragraph 15 of the Amended Complaint.

16.     With regard to Paragraph 16 of the Amended Complaint, BCBSKS specifically denies that it engaged in a "secret campaign of harm towards Vivature."  BCBSKS lacks sufficient knowledge or information sufficient to form a belief about the truth regarding Vivature's alleged prior dealings with "insurance providers across the United States for years on similar issues." BCBSKS denies all remaining allegations in Paragraph 16 of the Amended Complaint.

17.     With regard to Paragraph 17 of the Amended Complaint, BCBSKS specifically denies that, "[w]ith Vivature's assistance, BCBSKS obtained the benefit of Texas-based providers being part of its network."  BCBSKS denies all remaining allegations in Paragraph 17 of the Amended Complaint.

18.     With regard to Paragraph 18 of the Amended Complaint, BCBSKS specifically denies that it maliciously made any false accusations regarding Vivature and the paperwork submitted by Vivature on Washburn University's behalf.  The second sentence of Paragraph 18 of the Amended Complaint is a legal conclusion to which BCBSKS is not required to respond.  No

DA 467524.1

responsive pleading is required for sentences three, four, five, or eleven of Paragraph 18 of the Amended Complaint because all claims asserted by Vivature against BCBSKS based on such allegations have been dismissed.  (Dkt. No. 69.)  To the extent responsive pleadings are required or necessary, BCBSKS denies the allegations.  BCBSKS denies all remaining allegations in Paragraph 18 of the Amended Complaint.

19.     With regard to Paragraph 19 of the Amended Complaint, BCBSKS specifically denies it provided Blue Cross Blue Shield of North Dakota ("BCBSND") any defamatory or disparaging information.  BCBSKS lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding what BCBSND "advised" Washburn University, or what BCBSND "told" Vivature.  Sentences two, three, five, and six of Paragraph 19 of the Amended Complaint are legal conclusions to which BCBSKS is not required to respond.  To the extent responsive pleadings are required or necessary, BCBSKS denies the allegations.  BCBSKS denies all remaining allegations in Paragraph 19 of the Amended Complaint.

20.     With regard to Paragraph 20 of the Amended Complaint, Vivature's allegation that "BCBSKS' fraud and interference has caused harm to Vivature's existing … business relationship with Washburn University" is a legal conclusion to which BCBSKS is not required to respond.  BCBSKS is not required to respond to Vivature's allegation regarding Vivature's alleged "potential business relationship" with Washburn University or the "other schools" because all claims asserted by Vivature against BCBSKS based on such allegations have been dismissed.  (Dkt. No. 69.)  BCBSKS is not required to respond to Vivature's allegations regarding its alleged existing contracts with the "other schools" because all claims asserted by Vivature against BCBSKS based on these allegations have been dismissed.  (Dkt. No. 69.)  To the extent responsive pleadings are

DA 467524.1

required or necessary, BCBSKS denies the allegations.  BCBSKS denies all remaining allegations in Paragraph 20 of the Amended Complaint.

21.     With regard to Paragraph 21 of the Amended Complaint, BCBSKS admits only that it filed documents with the Kansas Department of Insurance and Kansas Board of Healing Arts. BCBSKS denies all remaining allegations in Paragraph 21 of the Amended Complaint.

22.     BCBSKS is not required to respond to the allegations in Paragraph 22 of the Amended Complaint because all claims asserted by Vivature against BCBSKS based on such allegations have been dismissed.  (Dkt. No. 69.)  To the extent responsive pleadings are required or necessary, BCBSKS denies the allegations in Paragraph 22 of the Amended Complaint.

23.     With regard to Paragraph 23 of the Amended Complaint, Vivature's allegations are legal conclusions to which BCBSKS is not required to respond.  To the extent responsive pleadings are required or necessary, BCBSKS denies the allegations in Paragraph 23 of the Amended Complaint.

24.     With regard to Paragraph 24 of the Amended Complaint, BCBSKS specifically denies that the "[c]laims which are the subject matter of this suit include, but are not limited to" the claims identified by Vivature in Paragraph 24 of the Amended Complaint.  BCBSKS further specifically denies that the "total number of [c]laims submitted on behalf of Washburn University which are the subject matter of this suit are over 4000, totaling almost 1 million dollars of claims." BCBSKS denies all remaining allegations in Paragraph 24 of the Amended Complaint.

25.     With regard to Paragraph 25 of the Amended Complaint, BCBSKS admits only that Vivature has brought suit against BCBSKS.  BCBSKS specifically denies that any of its actions were "improper."

DA 467524.1

26.     With regard to Paragraph 26 of the Amended Complaint, BCBSKS admits only that Vivature has stated that "[a]ll causes of action … are pled in the alternative."

27.     With regard to Paragraph 27 of the Amended Complaint, BCBSKS admits only that Vivature has stated that it "incorporates all allegations in the foregoing paragraphs as is fully set forth herein."

28.     With regard to Paragraph 28 of the Amended Complaint, BCBSKS specifically denies that it made any fraudulent representations.  BCBSKS further specifically denies any alleged fraud.  BCBSKS denies all remaining allegations in Paragraph 28 of the Amended Complaint.

29.     With regard to Paragraph 29 of the Amended Complaint, BCBSKS admits that Vivature has stated that it "incorporates all allegations in the foregoing paragraphs as is fully set forth herein."

30.     With regard to Paragraph 30 of the Amended Complaint, BCBSKS specifically denies making any defamatory statements.  BCBSKS further specifically denies any alleged defamation.  BCBSKS denies all remaining allegations in Paragraph 30 of the Amended Complaint.

31.     With regard to Paragraph 31 of the Amended Complaint, BCBSKS specifically denies making any defamatory statements.  BCBSKS further specifically denies any alleged defamation.  BCBSKS denies all remaining allegations in Paragraph 31 of the Amended Complaint.

32.     With regard to Paragraph 32 of the Amended Complaint, BCBSKS admits that Vivature has stated that it "incorporates all allegations in the foregoing paragraphs as is fully set forth herein."

DA 467524.1

33.     With regard to Paragraph 33 of the Amended Complaint, BCBSKS is not required to respond to Vivature's allegations because Vivature's claims for tortious interference with prospective business relations have been dismissed.  (Dkt. No. 69.)  To the extent responsive pleadings are required or necessary, BCBSKS denies the allegations in Paragraph 33 of the Amended Complaint.

34.     With regard to Paragraph 34 of the Amended Complaint, BCBSKS admits that Vivature has stated that it "incorporates all allegations in the foregoing paragraphs as is fully set forth herein."

35.     With regard to Paragraph 35 of the Amended Complaint, BCBSKS specifically denies willfully and intentionally interfering with any of Vivature's relationships.  BCBSKS further specifically denies any alleged tortious interference with contract.  BCBSKS denies all remaining allegations in Paragraph 35 of the Amended Complaint.

36.     With respect to Paragraph 36 of the Amended Complaint, BCBSKS specifically denies any alleged interference.  BCBSKS further specifically denies any alleged tortious interference with contract.  BCBSKS denies all remaining allegations in Paragraph 36 of the Amended Complaint.

37.     Paragraph 37 of the Amended Complaint simply demands a jury trial and therefore does not require a responsive pleading.  To the extent it can be read to suggest Vivature's claims are legally sufficient, such allegations are denied.

38.     BCBSKS denies the allegations and the specific relief requested in the Prayer for Relief of the Amended Complaint.

DA 467524.1

## **AFFIRMATIVE AND OTHER DEFENSES**

1.      The Amended Complaint fails to state a claim upon which relief can be granted.

2.      Vivature's claims are barred in whole or in part because of Vivature's own actions and omissions.

3.      Vivature's claims are barred in whole or in part because of Vivature's fraud.

4.      Vivature's claim for fraud is barred in whole or in part by the statute of frauds.

5.      Vivature's claims for defamation and tortious interference with existing contract are barred in whole or in part by the statute of limitations.

6.      Vivature's claims for defamation and tortious interference with existing contract are barred in whole or in part by the doctrine of truth and/or substantial truth.

7.      Vivature's claims for defamation and tortious interference with existing contract are barred in whole or in part by the doctrine of privilege.

8.      Vivature's claims for defamation and tortious interference with existing contract are barred in whole or in part by the doctrine of justification.

9.      Vivature's claims for defamation and tortious interference with existing contract are barred in whole or in part by the Defamation Mitigation Act.

10.      Vivature's claims are barred in whole or in part by Vivature's unclean hands.

DA 467524.1

Dated:  December 10, 2019                 Respectfully submitted,

/s/ Casey P. Murray
Jason Cross, Texas State Bar No. 24045727
*(Admitted Pro Hac Vice)*
SPENCER FANE LLP
2200 Ross Ave., Suite 4800 West
Dallas, Texas 75201
Tel.   (214) 750-3610
Fax.  (214) 750-3612
jcross@spencerfane.com

Casey P. Murray, Kansas Bar No. 22189
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Tel.  (816) 474-8100
Fax. (816) 474-3216
cmurray@spencerfane.com

*Attorneys for Defendant Blue Cross
and Blue Shield of Kansas, Inc.*

DA 467524.1

## <u>CERTIFICATE OF SERVICE</u>

This will certify that a true copy of the foregoing pleading was served via this Court's

CMC/ECF system on the 10th day of December 2019 to the following counsel of record.

Jose M. Portela
jose@stanonllp.com
STANTON LLP
1717 Main Street, Suite 3800
Dallas, Texas 75201
Tel:  (214) 996-0209
Fax:  (972) 692-6812

Timothy A. Shultz
tshultz@gseplaw.com
GOODELL STRATTON
EDMONDS & PALMER, LLP.
515 S. Kansas Ave.
Topeka, Kansas 66603
Tel:  (785) 233-0593
Fax:  (785) 233-8870


/s/ Jason Cross

DA 467524.1