IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ORCHESTRATE HR, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BLUE CROSS AND BLUE SHIELD )<br>OF KANSAS, INC., )<br>)<br>Defendant. ) | Case No. 19-cv-4007-HLT-TJJ |

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to File Under Seal (ECF No. 144), which asks the Court to enter an order allowing them to file under seal certain exhibits in support of their Emergency Motion to Compel Depositions (ECF No. 145). The only stated reason is that because the documents contain information which Defendant has designated as confidential pursuant to the Protective Order entered in this case, Plaintiffs are obligated to file this motion.[1]

Federal courts have long recognized a common law right of access to judicial records.[2] This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest.[3]

---

[1] *See* Agreed Protective Order (ECF No. 81) entered January 30, 2020.

[2] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007).

[3] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *Worford v. City of Topeka*, No. 03-2450-JWL, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004).

The public's right of access, however, is not absolute.[4] The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access.[5] In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties.[6] The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption.[7]

Defendant has marked confidential the email messages that comprise the exhibits Plaintiffs seek to file under seal. The Agreed Protective Order filed in this case acknowledges that "[n]othing in this Order will be construed as a prior directive to allow any document to be filed under seal. The mere designation of information pursuant to this Order is insufficient to satisfy the Court's requirements for filing under seal in light of the public's qualified right of access to court dockets."[8] The Court understands that these exhibits relate to a category of confidential documents covered by the Agreed Protective Order, *i.e.*, "documents forming part of internal investigations and external investigations conducted by third-parties,"[9] but the investigations were of Plaintiffs and Plaintiffs do not take the position that this information, if

---

[4] *Helm*, 656 F.3d at 1292.

[5] *Id.*; *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).

[6] *Helm*, 656 F.3d at 1292.

[7] *Id.*; *Mann*, 477 F.3d at 1149.

[8] ECF No. 81 at 6.

[9] *Id.* at 2.

2

disclosed, might be harmful to them.[10] Neither does Defendant demonstrate that disclosure could be harmful to BCBSKS.

As in *Helm*, Plaintiffs have not articulated a substantial interest that justifies overriding the public's substantial interest in access to court records. The Court therefore overrules the motion to file under seal.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Under Seal (ECF No. 144) is **DENIED**.

Dated this 21st day of September, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[10] "Without taking any position as to whether these Exhibits . . . actually contain confidential information and to comply with the Protective Order in this case, Plaintiffs request they be authorized to file said Exhibits . . . under seal." ECF No. 144 at 1-2.