## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ORCHESTRATE HR, INC., et al.,    )
    )
          Plaintiffs,   )
    )
v.    )      Case No. 19-cv-4007-HLT-TJJ
    )
BLUE CROSS AND BLUE SHIELD    )
OF KANSAS, INC.,    )
    )
          Defendant.   )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendant's Motion for Reconsideration of July 13, 2020 Order Granting in Part Plaintiffs' Motion to Compel (ECF No. 135). Defendant asks the undersigned Magistrate Judge to reconsider the ruling with respect to Request No. 36 in Plaintiffs' First Amended Requests for Production of Documents, and to permit Defendant to search for and produce fewer responsive documents. Plaintiffs oppose the motion. For the reasons set forth below, the Court will deny the motion.

Defendant brings this motion under D. Kan. Rule 7.3(b), which sets forth three bases on which a party may seek reconsideration of a non-dispositive order by a magistrate judge. Defendant relies on one of those grounds, "the need to correct clear error or prevent manifest injustice."[1]  A motion to reconsider on this basis is only appropriate where the Court has obviously misapprehended a party's position, the facts, or applicable law.[2]  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash

---

[1] D. Kan. Rule 7.3(b)(3).

[2] *Comeau v. Rupp*, 810 F. Supp. 1172, 1174-75 (D. Kan. 1992).

arguments or to dress up arguments that previously failed.[3]   A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[4]   Whether to grant a motion to reconsider is left to the Court's discretion.

The Court overruled Defendant's objection to Request No. 36, but also limited the number of responsive documents Defendant would need to produce by narrowing the request to "all Washburn claims submitted by Vivature to which [BCBSKS] applied the denial code of U602."[5]  As Plaintiffs explain, they had learned BCBSKS applied code U602 to a Vivature claim to indicate denial on the basis that a claim was fraudulent. The Court's ruling therefore requires Defendant to produce documents that would reveal if the U602 denial code was applied to any of the other Washburn Claims.

In its motion to reconsider, Defendant asserts that the Court's ruling does not apply the same proportionality concerns the Court applied when limiting other RFPs, thereby producing an inconsistent result. According to Defendant, if the Court does not further limit RFP No. 36 to the 100 Washburn Claims,[6] the Court's efforts to balance the parties' interests "will come undone" and BCBSKS's "protection from disproportionate and burdensome discovery will be

---

[3] *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

[4] *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005).

[5] As Defendant points out, during another telephone conference six days later, at Defendant's request the Court clarified that the ruling on RFP No. 36 had limited the RFP to the Washburn claims only. *See* Minute Sheet (ECF No. 132) at 2 ("The ruling on RFP No. 36 is that Defendant is to produce the requested documents for the Washburn Claims."). As written, RFP No. 36 sought "[a]ll claims submitted by Vivature [to] which [BCBSKS] applied the denial code of U602 (which relates to your determination that a claim was a fraudulent claim)." Exercising its discretion, the Court found the original request overly broad.

[6] For purposes of Defendant's discovery responses, the Court defined the "100 Washburn Claims" as 100 claims, chosen by Plaintiffs, made within the period January 1, 2017 to April 18, 2019. *See* ECF No. 125 at 2.

2

eviscerated."[7] But Defendant fails to show how responding to RFP No. 36 will impose a disproportionate burden on BCBSKS. Rather than the "tens of thousands" of claims Defendant suggests it may have to review, Plaintiffs point out that Defendant has conceded that the list of Washburn Claims numbers fewer than 2,600. And Defendant has acknowledged that denial codes are contained in a computer system that can be queried to produce the documents in which the U602 code was applied.

Defendant next contends that the Court should narrow its ruling on RFP No. 36 to conform with its ruling on RFP No. 20 because Defendant had raised the same burdensomeness and proportionality objections to each. But nowhere does Defendant explain how the Court's ruling on RFP No. 20, which seeks documents reflecting any investigation or review by BCBSKS of the Washburn Claims, is "instructive and important" to a ruling on RFP No. 36 as Defendant claims.[8] Defendant raised the same objections to several of Plaintiffs' RFPs, but the similarity of objection is not the standard for how a court rules. The Court found it appropriate to narrow RFP No. 20 to the 100 Washburn Claims because producing "documents reflecting any investigation or review" requires a discerning and analytical search, and the Court found it proportional to require Defendant to conduct that search for 100 claims instead of for more than 2,500 claims. But a search for a discreet set of characters (U602), a code that indicates fraudulent claims and thus clearly relevant to claims in this case, where the documents have been indexed in a manner that identifies which documents contain those characters, does not present the same lack of proportionality.

Defendant has not demonstrated that the Court has obviously misapprehended a party's position, the facts, or applicable law. The Court finds the ruling on RFP No. 36 was not clear

---

[7] ECF No. 135 at 2-3.

[8] *Id*. at 3.

error, nor has Defendant shown that its compliance with the ruling will create manifest injustice.

Accordingly, the Court will deny the motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration of July

13, 2020 Order Granting in Part Plaintiffs' Motion to Compel (ECF No. 135) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant shall produce documents responsive to

RFP No. 36 within five business days of the date of this order.

**IT IS SO ORDERED.**

Dated this 25th day of September, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge