IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ORCHESTRATE HR, INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD KANSAS,<br><br>Defendant. | Case No. 5:19-cv-4007-HLT-TJJ |

**MEMORANDUM AND ORDER**

Plaintiffs Orchestrate HR, Inc. and Vivature, Inc. (collectively "Vivature") filed this diversity action against Defendant Blue Cross Blue Shield Kansas and assert various tort claims. Currently before the Court is Blue Cross's motion to dismiss Vivature's second amended complaint. Doc. 217. Blue Cross seeks to dismiss claims Vivature added in its second amended complaint. As discussed below, the Court grants in part and denies in part Blue Cross's motion. Vivature's claims for fraud, defamation, and tortious interference with contract remain as they did following the Court's prior ruling on the earlier motion to dismiss. *See* Doc. 69. Vivature's claim of fraud by nondisclosure, which was added in the second amended complaint, is dismissed without prejudice.

**I.     BACKGROUND**

Generally stated, the allegations in this case involve Vivature's work with universities to help them bill insurers for medical services performed by the universities' licensed athletic trainers. Vivature contracts with schools and helps them file the insurance claims and receives a share of the billings collected. This dispute arose when Blue Cross denied many of the claims submitted by Vivature for the universities and began labeling the insurance claims as fraudulent or improper. Vivature contends that Blue Cross fraudulently induced them to change their claims-

filing practices on a promise that claims would be paid, fraudulently failed to disclose certain information, defamed Vivature to Washburn University and other schools, and tortuously interfered with Vivature's contracts with Washburn University and other schools. Vivature asserts four claims in the second amended complaint: fraud, fraud by non-disclosure, defamation, and tortious interference with contract. Doc. 194 at 25-31.

The current motion to dismiss is not the first filed in this case. The Court previously granted in part and denied in part a prior motion to dismiss the first amended complaint.[1] That order stated that Vivature's fraud claim is limited to alleged fraudulent representations made in an October 17, 2017 call between Vivature and Blue Cross; that Vivature's defamation claim is limited to the March 7, 2018 letter sent by Blue Cross Blue Shield of North Dakota to Washburn, and which repeated statements made by a Blue Cross representative named Becky; and that Vivature's claim for tortious interference with contract is limited to its contract with Washburn University. *See* Doc. 69 at 1-2, 19. All other claims, including one for tortious interference with prospective business relations, were dismissed. The Court also found that Texas law governs Vivature's claims. *Id.* at 8-9. Vivature subsequently sought and was granted leave to file a second amended complaint, which is now the operative complaint. *See* Doc. 194.

Blue Cross now moves to dismiss the second amended complaint. In its reply brief, Blue Cross clarifies that it is only seeking dismissal of newly asserted claims beyond those that were defined by the Court in its prior order. It does not seek dismissal of any surviving claims carried forward from the first amended complaint into the second amended complaint. Doc. 243 at 2-3.

---

[1] In addition, the Court has denied as moot a motion to dismiss the original complaint, denied a Rule 12(b)(1) motion to dismiss the first amended complaint, and denied two motion to dismiss under the Texas Citizens Participation Act. These motions are in addition to many, many others filed in this contentious case. Although the parties have been warned about the scorched-earth litigation tactics employed here, without much apparent effect, the Court will again remind the parties about their obligations under Rule 1 of the Federal Rules of Civil Procedure.

2

## II. STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it is accompanied by sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In undertaking this analysis, a court accepts as true all well-pleaded allegations in the complaint, though it need not accept legal conclusions. *Id.* Likewise, conclusory statements are not entitled to the presumption of truth. *Id.* at 678-79.

## III. ANALYSIS

### A. Fraud

The Court previously ruled that Vivature had properly alleged a fraud claim based on the October 17, 2017 call between various Vivature and Blue Cross representatives where someone from Blue Cross represented—fraudulently, according to Vivature—that Blue Cross would process and pay claims if Vivature made changes to its claims-filing process. Doc. 69 at 10. Blue Cross now moves to dismiss what it suggests is an expanded fraud claim in the second amended complaint. But Vivature clarifies that it has not added any new allegations of fraud. Doc. 227 at 8. Because Vivature represents that its fraud claim is unchanged, the Court reiterates its holding that Vivature has adequately stated a fraud claim based on the October 17, 2017 call. Doc. 69 at 10.

The parties also debate the proper measure of damages for Vivature's fraud claim. But the issue before the Court is whether Vivature has adequately pleaded a fraud claim, not what the proper measure of damages are. The Court has previously addressed the potential damages. *See id.* at 5-7.The Court sees no need to revisit that issue at this stage. Accordingly, Blue Cross's motion as to Vivature's fraud claim is denied.

### B.     Fraud by Nondisclosure

Blue Cross argues that Vivature fails to allege with sufficient particularity a claim for fraud by nondisclosure.[2] The elements of fraud by nondisclosure are: (1) concealment or nondisclosure of material fact within a party's knowledge; (2) knowledge that the other party was unaware of the fact and could not discover the truth; (3) intent to act by concealment or nondisclosure of the fact; and (4) injury caused by the nondisclosure. *NuVasive, Inc. v. Renaissance Surgical Ctr. N., L.P.*, 853 F. Supp. 2d 654, 663 (S.D. Tex. 2012). "In order to be actionable, a claim for fraud by nondisclosure requires there to have been a duty to disclose." *Id.* at 661. Thus, to plead fraud by nondisclosure, a plaintiff must show a failure to disclose facts, a duty to disclose those facts, and that the facts were material. *EC & SM Guerra, LLC v. Philadelphia Indem. Ins. Co.*, 2020 WL 6205855, *3 (W.D. Tex. 2020).

The heightened pleading standard in Rule 9(b) applies to claims of fraud by nondisclosure. *Id.* This requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "requires plaintiff to set forth the 'who, what, where, and when' of the alleged fraud." *Arena v. Wal-Mart Stores, Inc.*, 221 F.R.D. 569, 571 (D. Kan. 2004). Intent can be alleged generally. Fed. R. Civ. P. 9(b).

---

[2]  Fraud by nondisclosure was not asserted in the first amended complaint and therefore Court did not address it in the prior order.

4

In its claim for fraud by nondisclosure, Vivature alleges that Blue Cross "failed to disclose a multitude of material facts." *See* Doc. 194 at ¶ 67 (listing facts). Vivature also alleges that Blue Cross had a duty to disclose these facts because discovery of new information made earlier representations misleading or untrue; partial disclosures created false impressions; and voluntary disclosure of some information created a duty to disclose the whole truth. *Id.* at ¶ 68.

The Court finds this fails to plead fraud by nondisclosure with the requisite particularity. At most, Vivature has alleged that Blue Cross did not disclose certain facts. But missing from the second amended complaint is the significance of these facts or why Blue Cross was obligated to disclose them. Although Vivature alleges that Blue Cross had a duty to disclose this information, *see id.*, this allegation is just a rote recitation of the legal standard for when a duty might arise. *Compare Tornado BUS Co. v. BUS & Coach Am. Corp.*, 2015 WL 11120584, at *5 (N.D. Tex. 2015) (stating "a duty to disclose may arise: (1) when one party voluntarily discloses information, which gives rise to the duty to disclose the whole truth; (2) when one party makes a representation, which gives rise to the duty to disclose new information that the party is aware makes the earlier representation misleading or untrue; or (3) when one party makes a partial disclosure and conveys a false impression, which gives rise to a duty to speak"), *with* Doc. 194 at ¶ 68. Vivature does not explain how or why these duties arose, what discoveries made earlier representations untrue, what partial disclosures needed correcting, or how Blue Cross disclosed some but not all information. This fails to satisfy Rule 9(b). *See Tornado BUS Co.*, 2015 WL 11120584, at *5 ("Without additional specific factual allegations showing that this statement gave rise to a duty to disclose additional information, the pleadings fail to meet the specificity requirement."). Vivature also fails to allege how any of these alleged omissions caused it injury.[3]

---

[3] It appears many of these omissions also relate to Vivature's defamation or tortious-interference claims. But the fact that Vivature may have been injured by certain actions or statements for purposes of those claims does not mean

Indeed, as the only factual support for this claim, Vivature directs the Court and Blue Cross to "the documents discussed herein as well as those attached to this pleading, the testimony referenced herein and as well as the testimony attached to this pleading, and the additional facts plead herein for detail and support for these contentions." *See* Doc. 194 at 27 n. 69; *see also id.* at 26 n. 68. As discussed below, this is insufficient and does not satisfy the pleading requirements of either Rule 9(b) or even Rule 8. *See Hart v. Salois*, 605 F. App'x 694, 701 (10th Cir. 2015) (upholding dismissal of "shotgun pleading" because it violated Rule 8, noting that a court is not require to sift through factual allegations to match facts to elements of a claim); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Accordingly, the Court grants Blue Cross's motion to dismiss Vivature's claim for fraud by nondisclosure. Because the Court concludes Vivature's fraud by nondisclosure claim is not pleaded with particularity, the Court does not each Blue Cross's other arguments on this issue.

### C. Defamation

"The elements of defamation under Texas law are that: (1) the defendant published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with malice, if the plaintiff was a public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement." *Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 958 (E.D. Tex. 2011). Defamation is not subject to the Rule 9(b) standard for pleading, but "pleadings for a defamation claim must be sufficiently detailed to the extent necessary to enable the defendant to respond." *Id.*; *Garcia v. Tyson Foods, Inc.*, 890 F. Supp. 2d 1266, 1270 (D. Kan. 2012) ("A

---

that Vivature has stated a claim for fraud by nondisclosure simply because Blue Cross did not disclose that it made the statement. Fraud, defamation, and tortious interference are independent causes of action and must be pleaded accordingly.

claim of defamation complies with pleading requirements when it supplies sufficient notice of the communications complained of to allow [the defendant] to defend itself." (internal quotations and citations omitted)).

Blue Cross argues that Vivature's new defamation claims—beyond the March 7, 2018 letter upheld in the prior order—have not been pleaded with the requisite detail. Vivature responds that it provided "a list of over 50+ written communications by [Blue Cross] that [Vivature] contend[s] are defamatory," that it has listed "the actual defamatory statements made or the defamatory implications which resulted from the statements" and the recipients of those statements. Doc. 227 at 16.

The Court finds this to be an overstatement of what is actually included in the second amended complaint. The second amended complaint references documents by Bates number as "examples" of defamatory statements. Doc. 194 at ¶ 8.[4] It then asserts that these statements were defamatory because they accused Vivature of "Committing fraud," "Filing false claims," and "Perpetuating a scheme," among other things. *Id.* at ¶ 9. None of the exact alleged defamatory statements contained in the documents are listed or quoted. Vivature also lists the recipients of these statements, but only very generally, with categorical reference to institutions or corporations. *Id.* at ¶ 7 (listing the United States Department of Justice, the FBI, other Blue Cross entities, the HHS Office of Inspector General, the Postal Service, Medicare/Medicaid, Aetna, etc.).

This fails to sufficiently detail the alleged defamation. Exhibits to a complaint are permissible but not essential. Rule 8 is the ultimate arbiter of pleadings, and it states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[4] Only 8 of these documents were attached to the second amended complaint, apparently because Blue Cross has designated them as confidential. *See* Doc. 194 at 3 n.3. But all the documents—over 1500 pages—were filed as exhibits to Vivature's response. *See generally* Doc. 242.

7

Fed. R. Civ. P. 8(a)(2). But a party cannot skip Rule 8's requirements by "attach[ing] a large number of exhibits to his claims with the expectation that the Court will read the exhibits and extract the necessary factual pieces to construct a cognizable claim on Plaintiff's behalf." *Cantu v. Garcia*, 2010 WL 2605336, at *2 (E.D. Cal. 2010). Indeed, "[a]ttaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with the Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a 'short' nor a 'plain' statement of [a plaintiff's] claims." *Id.*

The Court will not sift through the 1500 pages of exhibits referenced to determine whether any of them support a defamation claim against Blue Cross, and it will not require Blue Cross to do so either.[5] Nor do the other allegations actually pleaded state a claim for defamation, beyond that previously upheld by the Court. At most, Vivature has pleaded allegations that, at some point in time, Blue Cross made certain vague defamatory statements to unspecified individuals at various institutions. *See* Doc. 194 at ¶¶ 7-10. This is not sufficiently detailed to allow Blue Cross to meaningfully respond. *See Encompass*, 775 F. Supp. 2d at 958.

Accordingly, to the extent Vivature asserts additional defamation claims beyond those previously allowed, Blue Cross's motion is granted. Because the Court concludes Vivature has not adequately pleaded additional claims of defamation, the Court does not reach Blue Cross's other arguments on this issue.

### D.  Tortious Interference with Contract

Under Texas law, "[t]he elements of tortious interference with a contract are (1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract,

---

[5] In its prior order, the Court allowed Vivature's defamation claim based on the March 7, 2018 letter to proceed, in part because the letter was attached to the amended complaint and reflected the sender, recipient, and date. Doc. 69 at 13. But that letter was also specifically described in the first amended complaint. *See* Doc. 26 at 6-7, 10.

8

(3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss." *McGehee v. Hagan*, 367 S.W.3d 848, 854 (Tex. App. 2012).

In its prior order, the Court ruled that Vivature had adequately pleaded tortious interference with a contract as to Washburn only, "but not as to the myriad other schools Vivature has relegated to a footnote." Doc. 69 at 16. This was because the only contract specifically pleaded was Vivature's contract with Washburn and the only interference alleged was a defamatory statement sent to Washburn. *Id.*

Vivature's second amended complaint again purports to assert a tortious interference with contract claim as to Washburn "and the other Kansas Schools." Doc. 194 at ¶ 83.[6] Blue Cross argues that, like in the previous complaint, Vivature's allegations in the second amended complaint should be limited to Washburn. Vivature, in response, claims that "the specificity of the claim plead has been increased dramatically." Doc. 227 at 27.

The Court disagrees that Vivature has made this claim more specific. As to the contracts with other schools, it appears Vivature has only added the dates Vivature began contracting with these schools (and in three cases, the end date of the contract). Doc. 194 at 7 n.9. This information is still in a footnote. These contracts are not otherwise addressed. Even if the Court found the existence of the contracts properly alleged, there are no specific allegations about how Blue Cross interfered in the contracts with the other schools.

Vivature points to seven paragraphs that it says supports its claim of tortious interference, ostensibly as to both Washburn and the "other Kansas schools." Doc. 227 at 27-29 (citing paragraphs 13, 48-49, 51, 53, 55, and 83). The Court has reviewed these paragraphs. Even

---

[6] The cause of action for tortious interference in the second amended complaint is essentially identical to that in the first amended complaint.

9

accepting them as true, they do not state a tortious interference claim involving the other footnoted Kansas schools. At most, these are generalized accusations that Blue Cross was making things generally more difficult for Vivature by not allowing claims to be submitted electronically, by requiring additional documentation, or by not providing it with requested information. But these allegations are not tied to any particular contract, nor are there specific allegations that this conduct interfered with any contract.[7] Likewise, a letter to an individual insured and an internal Blue Cross email do not demonstrate interference with any particular contract.[8]

Vivature also references "numerous documents" attached to the second amended complaint which it says provide "further detail" as to this claim. Vivature cites as an example the declaration of Cam Clark, which states that, in Clark's opinion, Blue Cross hurt the relationship between Vivature and Newman University. Doc. 227 at 29. But as explained above, exhibits attached but not pleaded do not support a complaint. *Cantu*, 2010 WL 2605336, at *2.[9]

Accordingly, the Court grants Blue Cross's motion to dismiss to the extent it seeks dismissal of claims for tortious interference with contract regarding schools other than Washburn.

---

[7] The second amended complaint alleges that Blue Cross's "wrongful actions" have caused Newman University to stop using Vivature's software and to stop billing for services provided, and that Baker University terminated its contract as a result of Blue Cross's "improper actions." Doc. 194 at ¶ 35; *see also id.* at 7 n.9 (adding that Fort Hays State University terminated its contract as well). But these allegations are entirely conclusory and do not plausibly state a claim for tortious interference with Vivature's contracts with these schools.

[8] Vivature also alleges that it believes discovery will uncover documents showing tortious interference by Blue Cross. Doc. 194 at ¶ 13. But it is axiomatic that pleading must come before discovery. *Iqbal*, 556 U.S. at 678-79 (noting that the doors of discovery are not unlocked for "a plaintiff armed with nothing more than conclusions").

[9] Vivature attempted to rely on Clark's declaration as evidence of Blue Cross's interference with its contract with Newman University in defending against the earlier motion to dismiss. The Court rejected that argument in part because the declaration was not even attached to the first amended complaint. Doc. 69 at 16 n.16. Vivature apparently attempted to avoid that outcome again by attaching Clark's declaration, as well as others, to the second amended complaint. Doc. 194 at 8 n.10. But the problem before was not just that the declaration wasn't attached—it was also that the underlying information was not even pleaded in the first amended complaint. Doc. 69 at 16 n.16. This failing has not been rectified, as discussed above. As it did with the defamation allegations, Vivature merely attaches several declarations and declares its "intention that all contents of these affidavits constitute additional facts plead by Plaintiffs in this pleading." Doc. 194 at 8 n.10. This is plainly improper and contrary to Rule 8. *See Cantu*, 2010 WL 2605336, at *2.

### E.  Requests to Amend and Other Arguments

In its response, Vivature repeatedly states that it "seek[s] leave to amend their Complaint to correct any pleading deficiencies." As the Court noted in its prior order, Doc. 69 at 12 n.13, a vague request amend a pleading is not sufficient, nor does it comply with D. Kan. Rule 15.1. *See Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 706 (10th Cir. 2014) ("[A] bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based."). Vivature also "request[s] a new deadline for amendment and that Plaintiffs be allowed to amend and replead to the extent that the Court is inclined to grant any portion of the Motion to Dismiss." Doc. 227 at 36. Again, this request is not proper in this context.[10]

Blue Cross also makes arguments about the second amended complaint's allegations that newly asserted claims relate back to the original complaint or are subject to the discovery rule. Because the Court grants the motion to dismiss as to any newly asserted claims, the Court does not reach these arguments.

### IV.  CONCLUSION

THE COURT THEREFORE ORDERS that Blue Cross's Motion to Dismiss Vivature's Second Amended Complaint (Doc. 217) is GRANTED IN PART AND DENIED IN PART. The motion is denied as to Vivature's fraud claim. The motion is granted as to Vivature's claims for fraud by nondisclosure, defamation, and tortious interference with contract to the extent Vivature

---

[10] Although whether to grant any contested request to amend will be within the discretion of the assigned Magistrate Judge, the undersigned notes that this case is now more than two years old and on its third version of the complaint. Given that the deadline to amend has passed, Vivature will have to satisfy both Rule 15 and show good cause for any future amendment. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014); *see also Olivares v. Nat'l R.R. Passenger Corp.*, 2018 WL 4052203, *1 (D. Kan. 2018). The Court is also concerned that the second amended complaint did little to meaningfully address problems identified in the prior ruling on the earlier motion to dismiss, leaving the case in essentially the same position it was in November 2019. At the risk of yet another round of amended pleadings and motions to dismiss, the Court encourages the parties to review Rule 1 and their respective interests and consider how to best move this dispute towards resolution.

asserts claims beyond those previously upheld by the Court. *See* Doc. 69 at 1-2, 19. All other claims are dismissed without prejudice.

      IT IS SO ORDERED.

Dated: April 2, 2021                  /s/ *Holly L. Teeter*
                                               HOLLY L. TEETER
                                               UNITED STATES DISTRICT JUDGE