IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ORCHESTRATE HR, INC., et al.,     ) | |
|     ) | |
|                         Plaintiffs,     ) | |
|     ) | |
| v.     ) | Case No. 19-cv-4007-HLT-TJJ |
|     ) | |
| BLUE CROSS AND BLUE SHIELD     ) | |
| OF KANSAS, INC.,     ) | |
|     ) | |
|                         Defendant.     ) | |

**ORDER**

This matter is before the Court on Defendant's Motion for Leave to File Response to Plaintiffs' Motion for Protective Order and Objections to Defendant's Subpoena on Stormont-Vail Healthcare, Inc. Under Seal (ECF No. 209). Defendant requests an order allowing it to file under seal its Response to Plaintiffs' Motion and all exhibits thereto.

Federal courts have long recognized a common law right of access to judicial records.[1] This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure courts are fair and judges are honest.[2]

The public's right of access, however, is not absolute.[3] The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access.[4] In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties.[5] The party seeking to overcome the

---

[1] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007).
[2] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *Worford v. City of Topeka*, No. 03-2450-JWL, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004).
[3] *Helm*, 656 F.3d at 1292.
[4] *Id.*; *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).
[5] *Helm*, 656 F.3d at 1292.

presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption.[6]

Defendant attempts to place under seal its entire Response and every exhibit. The only explanation Defendant provides is to state it has included quotes from certain documents designated "Confidential" by Plaintiffs and documents designated "Confidential" by Defendant. In addition, Defendant has included protected health information of certain individuals. Defendant does not identify which documents or pages contain such confidential information.

However, Plaintiffs identify six documents attached to Defendant's Response they agree should be sealed or redacted. Three of the documents contain allegedly sensitive business or insurance information, one contains Protected Health Information protected by HIPAA, one contains personal private information of a non-party, and the last contains information related to an external investigation conducted by a third party.

The Agreed Protective Order filed in this case acknowledges that "[n]othing in this Order will be construed as a prior directive to allow any document to be filed under seal. The mere designation of information pursuant to this Order is insufficient to satisfy the Court's requirements for filing under seal in light of the public's qualified right of access to court dockets."[7]

Having considered the competing interests, the Court agrees the documents Plaintiffs specify are entitled to some protection. However, the warranted degree of protection can be adequately provided by redaction. Filing under seal is unnecessary. The Court will therefore deny the motion for leave to file under seal but directs Defendant to make the following redactions before publicly filing the contents of ECF No. 209-1:

---

[6] *Id.*; *Mann*, 477 F.3d at 1149.
[7] ECF No. 81 at 6.

(1)  Defendant shall redact all numbers in VIVATURE0008128, found at ECF No. 209-1 p. 77.

(2)  Defendant shall redact all numbers in VIVATURE0008131 and the right-hand column under "AD&D Coverage Details" in VIVATURE0008132, found at ECF No. 209-1 pp. 80-81.

(3)  Defendant shall redact all numbers in VIVATURE0008138, found at ECF No. 209-1 p. 87.

(4)  Defendant shall redact the patient names and identification numbers in VIVATURE0004086 – 4092, found at ECF No. 209-1 pp. 111-17.

(5) Defendant shall redact the recipient's identification number and the entry in Box 6 in VIVATURE0005725, found at ECF No. 209-1 p. 130.

(6) Defendant shall redact everything following "First, folks from the . . ." in VIVATURE0005741 through the words ". . . dealt with that situation" in VIVATURE0005742, found at ECF No. 209-1 pp. 132-33.

**IT IS THEREFORE ORDERED** that on Defendant's Motion for Leave to File Response to Plaintiffs' Motion for Protective Order and Objections to Defendant's Subpoena on Stormont-Vail Healthcare, Inc. Under Seal (ECF No. 209) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant shall redact the documents as set forth herein before publicly filing the contents of ECF No. 209-1.

**IT IS SO ORDERED.**

Dated this 9th day of April, 2021, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

3