IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ORCHESTRATE HR, INC., et al., )
)
                    Plaintiffs, )
)
v. )    Case No. 19-cv-4007-HLT-TJJ
)
BLUE CROSS AND BLUE SHIELD )
OF KANSAS, INC., )
)
                    Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File Their Third Amended Complaint (ECF No. 253). Plaintiffs seek leave to file a Third Amended Complaint following the District Court's order granting in part Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Second Amended Complaint.[1] Defendant opposes the motion. For the reasons set forth below, the Court will permit Plaintiffs to file their proposed Third Amended Complaint.

## Background

The history of this case is well documented. Briefly summarized, Plaintiffs' original complaint and two amended complaints have been met with five motions to dismiss. Due to the nature of the first two rounds of dispositive motions, discovery did not get underway until nearly 13 months after the case began. Since that time several discovery disputes have arisen and both District Judge Teeter and the undersigned Magistrate Judge have issued several substantive orders. Two motions to compel remain pending because they raise issues that are better decided after this ruling on Plaintiffs' motion to amend, and sanctions against defense counsel are

---

[1] ECF No. 244.

forthcoming following an earlier ruling on another motion to compel. To characterize counsel's dealings with each other as contentious or their court filings as lengthy would be an understatement. And despite repeated reminders and entreaties to counsel, Rule 1 does not appear to be their north star. To the extent counsel use court filings to berate and accuse each other, they are on notice that such writing undermines their credibility and distracts the court from the merits of their arguments.

This motion presents the straightforward question of whether Plaintiffs should be allowed to amend their complaint a third time to address deficiencies District Judge Teeter identified in the operative complaint that caused her to dismiss without prejudice certain claims.

**Standard for Ruling on a Motion to Amend**

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course within 21 days after serving it or before a responsive pleading is served.[2] Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[3] The court should "freely give leave [to amend] when justice so requires,"[4] and the Supreme Court has emphasized that "this mandate is to be heeded."[5] The court is to consider a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[6] A proposed

---

[2] Fed. R. Civ. P. 15(a)(1).

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Id.*

[5] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman*, 371 U.S. at 182).

amendment is futile if the amended complaint would be subject to dismissal.[7] The purpose of Rule 15(a) "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[8]

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."

A court will apply a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline.[9] In other words, the court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) to justify allowing the untimely motion. Only after determining good cause has been established will the court proceed to determine if movant has satisfied the more lenient Rule 15(a) standard.[10]

To establish good cause under Rule 16(b)(4), the moving party must show the deadline could not have been met even if it had acted with due diligence.[11] The lack of prejudice to the nonmovant does not show good cause.[12] A district court's determination as to whether a party

---

[7] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[8] *Minter*, 451 F.3d 1196 at 1204 (internal citation omitted).

[9] *See, e.g., Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group,* No. 12-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. March 13, 2003).

[10] *See Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *6 (D. Kan. Sept. 10, 2007) (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)).

[11] *Id.* at *5.

[12] *Lone Star Steakhouse*, 2003 WL 21659663, at *2.

has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[13]

**Analysis**

The Court begins by examining whether Plaintiffs have met the good cause burden to amend the operative Scheduling Order in this case.

    **A.    Rule 16(b)(4)**

Plaintiffs acknowledge they need to satisfy the good cause standard of Rule 16(b)(4), and assert that through diligence they obtained discovery which revealed the information that forms the basis of their additional defamation, tortious interference, and fraud by non-disclosure claims. Plaintiffs sought to file their Second Amended Complaint on December 12, 2020, three days before the deadline established by the operative Scheduling Order.[14] The Court granted Plaintiffs' motion, Plaintiffs filed their Second Amended Complaint, and Defendant moved to dismiss. Pointing to Judge Teeter's ruling on the motion to dismiss, Plaintiffs describe their proposed Third Amended Complaint as an effort "to ensure that the information [Judge Teeter found missing] is presented in a fashion designed to specifically address [Judge Teeter's] statements in the April Order."[15] Plaintiffs also assert some of the documents they reference in their proposed Third Amended Complaint as further support for their defamation and tortious interference claims were not produced by Defendant until February 15, 2021.

---

[13] *Ingle v. Dryer*, No. 07-cv-00438-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. April 11, 2008).

[14] *See* Third Amended Scheduling Order (ECF No. 180).

[15] ECF No. 253 at 16.

4

Defendant contends Plaintiffs' failure to sufficiently plead their claims in the Second Amended Complaint does not constitute good cause to permit Plaintiffs another opportunity to cure their pleading deficiencies. Defendant also asserts that Plaintiffs previously possessed some of the documents Plaintiffs refer to as newly obtained.

In reply, Plaintiffs argue Defendant has effectively conceded it did not produce the information Plaintiffs needed to meet heightened pleading standards until Defendant was forced to do so by court orders. And Plaintiffs note their proposed amended pleading "essentially seeks to bring the very same causes of action raised in the Second Amended Complaint," contrasting this case from others in which a party inadvertently fails to plead a cause of action and belatedly seeks to add a new claim.

When considering good cause, it is relevant that Plaintiffs are attempting to rectify the shortcomings of their Second Amended Complaint rather than seeking to assert new claims. Although District Judge Teeter found that Plaintiffs' "second amended complaint did little to meaningfully address problems identified in the prior ruling on the earlier motion to dismiss, leaving the case in essentially the same position it was in November 2019,"[16] she recognized the likelihood Plaintiffs would seek to correct the problems she identified. The undersigned finds Plaintiffs have made a sufficient showing of good cause under Rule 16. But the question posed by Rule 16 is whether good cause exists to belatedly seek to amend the Scheduling Order; the question is *not* whether good cause exists to add new allegations or counts to the complaint. That is the subject of the Court's examination of the requirements of Rule 15.

B.     **Rule 15**

Plaintiffs assert they promptly moved to amend without undue delay following Judge

---

[16] ECF No. 244 n.10.

Teeter's order, their motion is not made in bad faith or with dilatory motive, and granting the motion would cause no undue prejudice because Defendant has served no discovery since filing its motion to dismiss the Second Amended Complaint and has taken no depositions. Plaintiffs also deny their proposed amended pleading is futile.

1. **Undue Delay**

Rather than to address the time between Judge Teeter's ruling and this motion, Defendant argues the Court should find undue delay because Plaintiffs failed to properly plead their claims in the Second Amended Complaint. Plaintiffs contend they could not have known of deficiencies in their pleading until Judge Teeter issued her ruling, repeating that they seek only to correct those deficiencies. The timeliness component of Rule 15(a)(2) is intended to consider more than mere passage of time; the court is to examine whether a delayed motion created a burden. "The longer the delay the more likely the delay will impose burdens on the opponent and the court, thus providing a sufficient reason for the court to withhold permission to amend. The court must focus primarily on the reasons for the delay. Denial of leave to amend is appropriate where the plaintiff has no adequate explanation for the delay."[17] Although Judge Teeter's ruling demonstrates Plaintiffs were not successful in meeting the requisite pleading requirements in their Second Amended Complaint, clearly Plaintiffs did not file that pleading with the expectation their new claims would be dismissed. Once dismissed, Plaintiffs moved relatively quickly to file this motion in light of the scope, complexity, and circumstances of the case. The Court finds no undue delay.

2. **Bad Faith**

---

[17] *In re Urethane Antitrust Litig.*, 04-MD-1616-JWL, 2007 WL 1424327, at *3 (D. Kan. May 14, 2007) (quoting and citing *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1205 (10th Cir.2006)).

6

Defendant does not contend Plaintiffs filed their motion in bad faith, and the Court finds none.

### 3. Prejudice

Conversely, Defendant does argue it will suffer undue prejudice if the Court grants the motion to amend. Defendant asserts a Third Amended Complaint would significantly delay the case because Defendant would file another Rule 12(b)(6) motion to dismiss, requiring further ruling by Judge Teeter. And if the Court allows the amended pleading, Defendant contends its filing would "impose tremendous burden and undue prejudice"[18] on Defendant and the court. But as Plaintiffs note, Defendant does not identify the burden or undue prejudice, nor does Defendant acknowledge its own contributions to the slow pace of this litigation. That Defendant may have more claims to defend does not establish the requisite prejudice. The undersigned joins Judge Teeter in her concern for further delay in this case.[19] However, Defendant's generalized assertion of prejudice does not overcome Rule 15's purpose of "provid[ing] litigants the maximum opportunity for each claim to be decided on its merits."[20] The Court does not find Defendant will suffer undue prejudice from a Third Amended Complaint.

### 4. Futility

Finally, Defendant asserts the proposed amendment would be futile. It is well settled that

---

[18] ECF No. 256 at 15.

[19] *See* ECF No. 244 ("Although whether to grant any contested request to amend will be within the discretion of the assigned Magistrate Judge, the undersigned notes that this case is now more than two years old and is on its third version of the complaint. . . . . At the risk of yet another round of amended pleadings and motions to dismiss, the Court encourages the parties to review Rule 1 and their respective interests and consider how to best move this dispute towards resolution.").

[20] *Minter*, 451 F.3d 1196 at 1204 (internal citation omitted).

a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim.[21] Dismissal of a claim under Rule 12(b)(6) is appropriate only when it appears "beyond a doubt" that a party can prove no set of facts in support of the theory of recovery that would entitle it to relief.[22] The issue before this Court is therefore not whether Plaintiffs ultimately will prevail, but whether they are entitled to offer evidence to support the proposed amended claims.[23]

With respect to Plaintiffs' claim of fraud by nondisclosure, which first appeared in the Second Amended Complaint and which Judge Teeter dismissed because Plaintiffs did not plead it with particularity, Defendant contends Plaintiffs still have not added factual allegations for each element of the claim. And with respect to the tortious interference with existing contract claims, Defendant asserts the proposed Third Amended Complaint again fails to plead facts demonstrating actual willful and intentional act of interference by Defendant. Finally, Defendant addresses Plaintiffs' attempt to expand their defamation claim by repeating arguments from its motion to dismiss based on Texas law. Judge Teeter did not address those arguments in her ruling.[24]

---

[21] *Bratcher v. Biomet Orthopedics, LLC*, No. 19-cv-4015-SAC-TJJ, 2019 WL 2342976, at *5 (D. Kan. June 3, 2019) (citing *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995)).

[22] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

[23] *Beach v. Mutual of Omaha Ins. Co.,* 229 F. Supp. 2d 1230, 1234 (D. Kan. 2002).

[24] Defendant's motion to dismiss did not challenge any surviving claims carried forward from the First Amended Complaint into the Second Amended Complaint. Its futility argument (as well as its other arguments) therefore address only the claims newly asserted in the Second Amended Complaint.

Plaintiffs deny futility, pointing to the 74 pages in which they added "sender, recipient, date" and "who, what, where and when" information, along with other facts, contentions, and evidence, all designed to address deficiencies Judge Teeter identified in her order and Defendant asserted in its motion to dismiss. To its defamation claims, Plaintiffs added the following information about each statement it alleges are defamatory: the identity of the communication, names of sender and recipient, date, specific defamatory words used and implication made, and why Plaintiffs consider the communication defamatory. As Judge Teeter noted, defamation is not subject to the Rule 9(b) standard. Yet a complaint must address the elements of defamation under Texas law, namely: "(1) the defendant published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with malice, if the plaintiff was a public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement."[25] The undersigned has reviewed the defamation allegations in the proposed Third Amended Complaint and finds they are not subject to exclusion on the basis of futility.

Similarly, the undersigned has reviewed the proposed amended allegations of tortious interference with Vivature's contracts with Emporia State University, Allen County Community College, Benedictine College, Pittsburg State University, Midamerica Nazarene University, Tabor College, Kansas Wesleyan University, Southwestern College, McPherson College, Baker University, Fort Hays University, and Newman University. The allegations sufficiently address the elements of tortious interference with a contract, namely: "(1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss."[26] Accordingly,

---

[25] *Encompass Off. Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 958 (E.D. Tex. 2011).

[26] *McGehee v. Hagan*, 367 S.W. 3d 848, 854 (Tex. App. 2012).

the tortious interference with contract claims in the proposed Third Amended Complaint are not subject to exclusion on the basis of futility.

Finally, in their reply Plaintiffs describe the steps they have taken to try to resurrect their claim of fraud by non-disclosure by adding significant facts, contentions, and other information to meet the heightened pleading standard of Rule 9(b). The undersigned finds the proposed Third Amended Complaint sufficiently identifies the significance of the alleged undisclosed facts, describes how or why Defendant was obligated to disclose those facts, and states how the alleged omissions caused injury to Plaintiffs. In other words, Plaintiffs' attempt to reallege fraud by non-disclosure is not futile.

The proposed Third Amended Complaint states facts with sufficient specificity to make Plaintiffs' defamation, tortious interference with contract, and fraud by non-disclosure claims plausible on their face.[27] Defendant has not met its burden to show Plaintiffs' proposed amendment is futile.

The Court concludes Plaintiffs have established good cause to justify their untimely motion, and Plaintiffs' proposed Third Amended Complaint is not futile. Plaintiffs should be afforded the opportunity to offer evidence to support their allegations. Defendant will not suffer undue prejudice from the amendment, and the Court finds that justice requires granting Plaintiffs' motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Their Third Amended Complaint (ECF No. 253) is **GRANTED**. In accordance with D. Kan. Rule 15.1(b),

---

[27] *See Somrak v. Kroger Co.*, No. 17-2480-CM-GEB, 2018 WL 1726346, at *4 (D. Kan. April 10, 2018).

Plaintiffs shall electronically file and serve the Third Amended Complaint within five business days of the date of this order.

**IT IS SO ORDERED.**

Dated this 18th day of June, 2021 at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge