# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ORCHESTRATE HR, INC., et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 19-cv-4007-HLT-TJJ |
| BLUE CROSS AND BLUE SHIELD OF KANSAS, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on two discovery motions: Plaintiffs' Motion to Compel Relating to Plaintiffs' Second Set of Requests for Production to Defendant (ECF No. 214), and Plaintiffs' Motion to Compel Relating to Plaintiffs' Third Set of Requests for Production to Defendant (ECF No. 222). The Court deferred consideration of these discovery issues until the Court issued its Memorandum and Order ruling on Plaintiffs' Motion for Leave to File Their Third Amended Complaint, which the Court granted.[1] As a result, the discovery issues are judged against the operative complaint. For the reasons set forth below, the Court will grant both motions and require Defendant to produce documents responsive to Plaintiffs' discovery requests.

I.  **Relevant Background**

Following the depositions of Defendant's four corporate representatives, Plaintiffs served a second set of requests for production of documents ("Second RFPs"). In each of the 31 requests, Plaintiffs seek a document or documents specifically identified by one of these witnesses during his or her deposition. And to each of the requests, Plaintiffs attached the pages

---

[1] *See* ECF No. 261.

1

of the deposition transcript showing where the witness testified about the document(s). Defendant responded and objected to the Second RFPs. The parties then exchanged written correspondence and conducted two telephone conferences. When Plaintiffs confirmed they would be filing a motion regarding Defendant's objections to RFP Nos. 6 and 23, Defendant confirmed it would not produce documents responsive to those requests. But as a compromise, Defendant agreed to produce documents responsive to RFP Nos. 8, 9, and 20 within 60 days, and Plaintiffs agreed to exclude those 3 RFPs from their motion to compel. When District Judge Holly L. Teeter issued her ruling on Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint,[2] Defendant asserted RFP Nos. 8, 9, and 20 were no longer relevant. The parties have since resolved their disagreement over RFP Nos. 8, 9, and 20.

Plaintiffs served their third set of requests for production of documents ("Third RFPs"), comprising six requests, after they filed their Second Amended Complaint. Each request identifies the related cause of action in the Second Amended Complaint. Defendant responded and objected to the Third RFPs. The parties then exchanged written correspondence and conducted one telephone conference. Defendant declined to withdraw any of its objections and produced no responsive documents. Plaintiffs ultimately filed a motion seeking an order overruling Defendant's objection so RFP Nos. 1, 2, and 3.

After Judge Teeter issued her Memorandum and Order ruling on Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint, Defendant also filed a Supplement to its responses to both motions to compel.[3] Plaintiffs responded to the Supplement.[4]

The Court finds the parties have met the minimum standards required by D. Kan. R.

---

[2] *See* ECF No. 244.

[3] *See* ECF No. 252.

[4] *See* ECF No. 254.

37.1(b).

## II. Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. As amended in 2015, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[5]

Considerations of both relevance and proportionality now govern the scope of discovery.[6] Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[7] Information still "need not be admissible in evidence to be discoverable."[8] The amendment deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase, however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[9]

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[10] Moving the proportionality provisions to Rule 26 does not place on the party

---

[5] Fed. R. Civ. P. 26(b)(1).

[6] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[7] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[8] Fed. R. Civ. P. 26(b)(1).

[9] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[10] *Id.*

3

seeking discovery the burden of addressing all proportionality considerations. If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as under the pre-amendment Rule.[11] In other words, when the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[12] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[13] Relevancy determinations are generally made on a case-by-case basis.[14]

### III. Second RFPs

Plaintiffs ask the Court to overrule Defendant's objections to RFP Nos. 6 and 23.

#### A. RFP No. 6

Plaintiffs' request and Defendant's response are as follows:

**REQUEST NO. 6:** The single page "decision sheets," which should show the denial codes and messages codes (such as U602) assigned by BCBSKS for each of the Washburn Claims as described by Tina Zimmerman in her corporate representative deposition on November 9, 2020, at 67:10 – 68:10, 337:10 – 13, and 338:5 – 9. *See* Exhibit G.

*RESPONSE:*
*BCBSKS objects to this Request because the information sought is not relevant to Vivature's claims for fraud, defamation, and tortious interference with contract or BCBSKS's defenses, and is thus outside the permissible scope of discovery. See FED. R. CIV. P. 26(b)(1).*

---

[11] *Id.*

[12] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[13] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[14] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

> *BCBSKS further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, considering, among other things, the amount in controversy, the importance of the discovery in resolving the issues actually in dispute, and the fact that the burden and expense of the proposed discovery outweighs its likely benefit. See FED. R. CIV. P. 26(b)(1). The single page "decision sheets" are contained within the actual claim files. Thus, responding to this Request would require BCBSKS to search for, individually review, and produce all claims submitted to BCBSKS by Vivature on behalf of Washburn University or Washburn University Sports Medicine, not just the 100 Washburn claims or the Washburn Claims to which the U602 code was applied as previously ordered by the Court.*
> *BCBSKS does not object to this Request as limited to the decision sheets, if any, for the 100 Washburn Claims and the Washburn Claims to which the U602 message code was applied. Accordingly, BCBSKS answers as follows:*
>
> *Responsive documents have been previously produced. See BCBSKS_00005620-6695 and BCBSKS_00006753-9686.*

Plaintiffs argue the request clearly seeks documents relevant to its fraud claims, and that Defendant's other objections are conclusory and unsupported. Considering the claims asserted in the Third Amended Complaint, the Court agrees with Plaintiffs. Tina Zimmerman, a corporate designee, testified that a decision sheet exists for every Washburn Claim in dispute, and the sheets are easily located in the claims files in BCBSKS's imaging system. Defendant does not indicate that producing the requested documents would subject BCBSKS to any greater burden or expense than if it produced only the documents to which it did not object, nor does Defendant support its undue burden objection with an affidavit or other evidence. The Court overrules Defendant's objections to Second RFP No. 6.

### B. Second RFP No. 23

This RFP seeks documents described by another of Defendant's corporate representatives, Jay Robertson.

> **REQUEST NO. 23:** Blue Square communications regarding inter-plan processing done by BCBSKS on the Washburn Claims as described by Jay Robertson in his corporate representative deposition on November 10, 2020, at 39:22 – 40:9. *See* Exhibit W.
>
> ***RESPONSE:***

5

> *BCBSKS objects to this Request because the information sought is not relevant to Vivature's claims for fraud, defamation, and tortious interference with contract or BCBSKS's defenses, and is thus outside the permissible scope of discovery. See FED. R. CIV. P. 26(b)(1).*
>
> *BCBSKS further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, considering, among other things, the amount in controversy, the importance of the discovery in resolving the issues actually in dispute, and the fact that the burden and expense of the proposed discovery outweighs its likely benefit. See FED. R. CIV. P. 26(b)(1). All Blue Square communications are contained within the actual claim files. Thus, responding to this Request would require BCBSKS to search for, individually review, and produce **all claims submitted to BCBSKS by Vivature on behalf of Washburn University or Washburn University Sports Medicine**, not just the 100 Washburn claims or the Washburn Claims to which the U602 code was applied as previously ordered by the Court.*
>
> *BCBSKS does not object to this Request as limited to Blue Square communications, if any, relevant to the inter-plan processing done by BCBSKS on the 100 Washburn Claims and the Washburn Claims to which the U602 message code was applied. Accordingly, BCBSKS answers as follows:*
>
> *Responsive documents have been previously produced. See BCBSKS_00005620-6695 and BCBSKS_00006753-9686.*

Plaintiffs explain the Blue Square system is the sole electronic system BCBS entities use to communicate with each other. Accordingly, communications regarding claims filed in Kansas by individuals who have insurance through another BCBS entity (known as the "Home Plan") appear in Blue Square. The request is clearly relevant to Plaintiffs' claims in their Third Amended Complaint that communications among various Home Plans and Defendant were part of an overall scheme designed to cause injury to Plaintiffs' business and were defamatory. And as with RFP No. 6, Defendant's other objections are conclusory and unsupported. Nor does Defendant indicate that producing the requested documents would subject BCBSKS to any greater burden or expense than if it produced only the documents to which it did not object. Finally, Defendant offers no support of its undue burden objection with an affidavit or other evidence. The Court overrules Defendant's objections to Second RFP No. 23.

## IV. Third RFPs

Plaintiffs ask the Court to overrule Defendant's objections to Third RFP Nos. 1, 2, and 3. Each of the requests seeks documents Plaintiffs contend are appropriate in light of the amended

defamation claims asserted in the Second Amended Complaint, and Plaintiffs also assert the third request is appropriate in light of the amended tortious interference claims in the Second Amended Complaint. Defendant produced no responsive documents. The requests and Defendant's responses are as follows:

> **REQUEST NO. 1**: *Documents showing or referencing defamatory[15] statements made by you about Vivature. Vivature contends this request is appropriate in light of the amended defamation claims which have now been brought.*
>
> ***RESPONSE:***
> BCBSKS disagrees with Vivature's contention.
> BCBSKS objects to this Request because the information sought is not relevant to Vivature's claims for fraud, defamation, and tortious interference with contract or BCBSKS's defenses thereto, and is thus outside the permissible scope of discovery. See FED. R. CIV. P. 26(b)(1). Vivature's request, on its face, constitutes an improper fishing expedition not allowed by the Rules or law.
> BCBSKS further objects to this Request because it is vague and ambiguous, and fails to describe with reasonable particularity each item or category of items to be produced. See FED. R. CIV. P. 34(b)(1)(A). BCBSKS, for example, is unable to determine what is meant by or whether a statement is "defamatory." Such a determination, in fact, is a legal conclusion.
>
> ---
>
> **REQUEST NO. 2**: *Your communications with the following entities regarding Vivature:*
> • *The United States Department of Justice;*
> • *The Federal Bureau of Investigation;*
> • *All other Blue Cross and Blue Shield entities (specifically including but not limited to Anthem, Health Care Services Corporation, Blue Cross and Blue Shield of Kansas City, Blue Cross and Blue Shield of South Carolina, Blue Cross and Blue Shield of Texas and Blue Cross and Blue Shield of Nebraska);*
> • *The Office of Inspector General, U.S. Department of Health and Human Services;*
> • *The Kansas Department of Insurance;*
> • *The United States Postal Service;*
> • *The United States Office of Personnel Management;*
> • *The National Health Care Anti-Fraud Association;*
> • *The National Association of Insurance Commissioners;*
> • *The Centers for Medicare & Medical Services;*
> • *The Kansas Board of Healing Arts;*
> • *United Healthcare; and*
> • *Aetna*
>
> *Vivature contends this request is appropriate in light of the amended defamation*

---

[15] For further description of what Vivature alleges constitutes a defamatory statement, see the lists contained in Vivature's 2nd Amended Complaint on pages 3 and 4. (footnote in original)

*claims which have now been brought.*

***RESPONSE:***
*BCBSKS disagrees with Vivature's contention.*
*BCBSKS objects to this Request because the information sought is not relevant to Vivature's claims for fraud, defamation, and tortious interference with contract or BCBSKS's defenses thereto, and is thus outside the permissible scope of discovery. See* FED. R. CIV. P.26(b)(1). *Vivature's request, on its face, constitutes an improper fishing expedition not allowed by the Rules or law.*
*BCBSKS further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, considering, among other things, the amount in controversy, the importance of the discovery in resolving the issues actually in dispute, and the fact that the burden and expense of the proposed discovery outweighs its likely benefit. See* FED. R. CIV. P. 26(b)(1).

---

**REQUEST NO. 3**: *Your Communications with the Kansas Clients regarding Vivature. Vivature contends this request is appropriate in light of the amended defamation and tortious interference claims which have now been brought.*

***RESPONSE:***
*BCBSKS disagrees with Vivature's contention.*
*BCBSKS objects to this Request because the information sought is not relevant to Vivature's claims for fraud, defamation, and tortious interference with contract or BCBSKS's defenses thereto, and is thus outside the permissible scope of discovery. See* FED. R. CIV. P. 26(b)(1). *Vivature's request, on its face, constitutes an improper fishing expedition not allowed by the Rules or law.*[16]

---

Plaintiffs take issue with Defendant's objection that the word "defamatory" in Request No. 1 renders the request vague and ambiguous because the referenced pages of the Second Amended Complaint provide examples of allegedly defamatory language Defendant has used in written communications concerning Vivature. Those examples also appear in the Third Amended Complaint.[17] With respect to Defendant's objection that Request No. 2 is overly broad, unduly burdensome, and not proportional to the needs of the case, Plaintiffs argue the boilerplate objection is supported only by conclusory statements without evidence.

---

[16] Defendant originally objected to this request as overly broad, unduly burdensome, and disproportional. Defendant has since withdrawn those objections. *See* ECF No. 232 ¶30.

[17] *See* ECF No. 262 at 4.

In light of the allegations carried over from the Second to the Third Amended Complaint, which Plaintiffs crafted after conducting further discovery, the Court finds these three requests seek relevant information. And the Court will not sustain Defendant's boilerplate objection to Request No. 2, which provides no evidentiary support for asserted burden and expense. Defendant will be required to produce documents responsive to Third RFP Nos. 1, 2, and 3.

## V. Sanctions

Rule 37(a)(5)(A) provides that if the court grants a motion to compel, the court must, after giving an opportunity to be heard, require the responding party to pay the movant's reasonable expenses and attorney's fees incurred in making the motion.[18] The court must not order payment, however, if (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's nondisclosure, response, or objection was substantially justified, or (3) other circumstances make an award of expenses unjust.[19]

The Court has determined Plaintiffs attempted in good faith to obtain the discovery without filing these motions.

In their motions, Plaintiffs seek an award of their reasonable fees and costs in relation to pursuing these motions. Defendant contends its objections and opposition to the motions are "more than substantially justified"[20] because their objections were based in part on prior orders in which the Court found "certain discovery requests"[21] and four "nearly identical discovery

---

[18] Fed. R. Civ. P. 37(a)(5)(A).

[19] Fed. R. Civ. P. 37(a)(5)(A)(i), (ii), (iii).

[20] ECF No. 225 at 12; ECF No. 232 at 18.

[21] ECF No. 225 at 12.

requests"[22] were overly broad and otherwise improper. While the Court does not find this comparison directly on point, as Plaintiffs have learned additional facts through discovery that change the calculus of what is relevant, overly broad, and proportional now as opposed to when the Court issued its earlier rulings, Defendant's rationale is not unreasonable. Defendant also correctly notes that Plaintiffs filed these motions without contacting chambers and requesting a conference as directed by the original Scheduling Order.[23]

The Court finds Defendant's responses and objections were substantially justified. Accordingly, the Court will not order Defendant to pay Plaintiffs' attorney's fees and expenses incurred in making their motions.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion to Compel Relating to Plaintiffs' Second Set of Requests for Production to Defendant (ECF. No. 214) and Plaintiffs' Motion to Compel Relating to Plaintiffs' Third Set of Requests for Production to Defendant (ECF No. 222) are **GRANTED.**

**IT IS FURTHER ORDERED THAT within 15 days of the date of this order**, Defendant shall produce documents responsive to (1) Request Nos. 6 and 23 of Plaintiffs' Second Set of Requests for Production to Defendant; and (2) Request Nos. 1, 2, and 3 of Plaintiffs' Third Set of Requests for Production to Defendant.

**IT IS SO ORDERED.**

Dated this 24th day of June, 2021, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[22] ECF No. 232 at 18.

[23] *See* ECF No. 79 at 9.