## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ORCHESTRATE HR, INC. and**<br>**VIVATURE, INC.,** | § <br> § <br> § | |
| *Plaintiffs,* | § <br> § <br> § | |
| **v.** | § <br> § <br> § | **CASE NUMBER**<br>**5:19-cv-04007-HLT-TJJ** |
| **BLUE CROSS AND BLUE SHIELD**<br>**OF KANSAS,** | § <br> § <br> § | |
| *Defendant.* | § <br> § <br> § | **JURY TRIAL DEMANDED** |

### NOTICE OF INTENT TO SERVE SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, Plaintiffs OrchestrateHR, Inc. and Vivature, Inc. (collectively, "Vivature"), by and through its undersigned counsel, intends to serve the subpoena to produce documents pursuant to Federal Rule of Civil Procedure 34, attached hereto as Exhibit 1, on Blue Cross and Blue Shield Association.

DATED: January 28, 2022

Respectfully submitted,

_____
Jose M. Portela, admitted *Pro Hac Vice*
jose@stantonllp.com
Texas State Bar No. 90001241
Theresa L. Melia, admitted *Pro Hac Vice*
tmelia@stantonllp.com
Texas State Bar No. 24099719
STANTON, LLP
1717 Main Street, Suite 3800
Dallas, Texas 75201
Telephone: (214) 996-0209
Facsimile: (972) 692-6812

*/s/ Brenda L. Head*
Brenda L. Head
Kansas State Bar No. 15657
FRIEDEN & FORBES, LLP
1414 S.W. Ashworth Place, Suite 201
Topeka, KS 66604
TEL: 785/354-1100
FAX: 785/354-1113
bhead@fflawllp.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the above and foregoing document has been delivered to the following counsel as follows on January 28, 2022.

Jason Cross                                          *Via: jcross@spencerfane.com*
Spencer Fane LLP
2200 Ross Ave., Suite 4800 West
Dallas, Texas 75201

Casey P. Murray                                     *Via: cmurray@spencerfane.com*
Spencer Fane LLP
1000 Walnut, Suite 1400
Kansas City, Missouri 64106
Telephone: (816) 474-8100

J. Nick Badgerow                                    *Via: nbadgerow@spencerfane.com*
Spencer Fane LLP
6201 College Boulevard
Suite 500
Overland Park, Kansas 66211

_____
Jose M. Portela

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| _____ | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

       *CLERK OF COURT*

                                        OR

    _____         _____

        *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

---

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____    on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Plaintiffs OrchestrateHR, Inc. and Vivature, Inc. (collectively, "Vivature"), by and through their undersigned counsel, hereby demands, pursuant to Rule 45 and Rule 34 of the Federal Rules of Civil Procedure, that Blue Cross and Blue Shield Association  ("BCBSA") respond to these requests for production of documents ("Requests," or, individually, "Request") separately and fully, subject to the Instructions and Definitions set forth herein, and pursuant to the Federal Rules of the Civil Procedure and the Local Rules.

## I.

## INSTRUCTIONS

1. **Possession, Custody, or Control**: These Requests require you to produce all responsive items or information that are within your knowledge, your actual or constructive possession, custody, or control. This includes constructive possession whereby you have the right to compel production of the item from a third party, including any agent, employer, partner, attorney, accountant, or other representative.

2. **All Items**: These Requests require you to produce all items responsive to each Request within the specified time period, unless otherwise stated.

3. **Request to be Deemed Continuous**: This request for production shall be deemed to seek documents in your possession, custody, or control as of the date hereof, and shall be deemed to be continuing, so that if at any time after compliance with this set of requests you acquire possession, custody, or control of any additional documents within the scope of the request, you must furnish such documents to Stanton LLP within thirty (30) days of their receipt.

4. **Documents to be Identified**: All documents shall be labeled to correspond to the numbers in the Requests. In addition, all associated file labels, file headings, and file folders shall be produced together with the responsive documents from each file, and each file shall be identified as to its owner or custodian. All documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies. Each page shall be given a discrete production number with an identifier of the producing entity.

5. **Entire Documents**: For each document requested, produce the entire document, including all attachments, appendices, and exhibits.

6. **Copies of Documents**: All non-identical copies of a document are to be produced.

7.  **Undefined terms**: To the extent that any words in the following Requests are not specifically defined herein, the words are to be given their standard, ordinary dictionary definition, such as set forth in www.merriam-webster.com.

8.  **Ambiguity**: If in answering these Requests you claim any ambiguity or vagueness in either the Request, a definition, or instruction applicable thereto, identify in your response the language you consider ambiguous or vague and state the interpretation you are using in responding. As a default, please use the definition of the word as provided in www.merriam-webster.com to eliminate any vagueness or ambiguity.

9.  **Format of Production**: Electronic records and computerized information as well as documents stored electronically, including, but not limited to, electronic mail and draft documents, must be produced in electronic form in an intelligible format, together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible. For example, documents produced in electronic form should be produced in the following format:

    - Bates-stamped Black and White single or multi page TIFF images;
    - Excel files should be provided in native-format with a single page TIFF placeholder;
    - Document Level OCR or extracted text;
    - Concordance-loadable data file (.dat) with the following metadata fields: Beginning Bates Number; Ending Bates Number; Beginning Attachment Number; Ending Attachment Number; Custodian; Email From; Email To; Email CC; Email BCC; Email Subject; File Name; File Size; Date Created; Date Modified; Date Sent; Date Received; Date Sort/Master; Date Accessed; Last Saved By; Document Extension; Document Subject; Author; MD5 Hash; Confidentiality Stamp; TextLink; and NativeLink; and
    - OPT (Opticon) load file is a simple load file that doesn't contain any metadata above except for the bates and image links to load them in any platform (i.e., Relativity) as needed.

10. **Time Period**: Unless otherwise specified in the Request, the time period covered by these Requests is from January 1, 2017, through the present unless the request states otherwise.

11. **Protective Order**: On July 23, 2020, the Court entered the Agreed Amended Protective Order (Doc. No. 134) in this matter, which is attached as Attachment A-1. Vivature agrees that all documents produced by you will be subject to this Agreed Amended Protective Order.

## II.

## DEFINITIONS

In the requests below, the following terms shall have the following meanings:

1.  "BCBSA," "Your," or "You" shall refer to Blue Cross and Blue Shield Association as well as any related entities, and any agent, employee, attorney, or other person acting on their behalf.

2.   "Vivature," "Plaintiff," or "Plaintiffs" shall refer collectively to OrchestrateHR, Inc. and Vivature, Inc., as well as any related entities, and any agent, employee, attorney, or other person acting on their behalf and actions taken by Vivature.

3.   "BCBSKS" or "Defendant" shall mean Blue Cross and Blue Shield of Kansas, Inc. as well as any related entities, and any agent, employee, attorney, or other person acting on their behalf.  This shall specifically include but not be limited to Marguerite Mzhickteno and Cathy Holmes.

4.   "Kansas Schools" and "Kansas Clients" shall refer to Kansas schools: Emporia State University, Allen County Community College, Benedictine College, Pittsburg State University, Midamerica Nazarene University, Tabor College, Kansas Wesleyan University, Southwestern College, McPherson College, Baker University, Fort Hays University, Newman University and Washburn University.

5.   "Document" and "documents" shall mean, without limitation, any writing, communication, or electronic information, in whatever form. All documents shall be produced in their native format.

6.   "Electronic Information" is any type of information that is created, stored, or retrieved and processed in electronic, magnetic, or digital form. Electronic information includes the following: (1) databases; (2) data files; (3) program files; (4) image files, *e.g.*, JPEG, TIFF; (5) e-mail messages and files; (6) voicemail messages and files; (7) text messages; (8) temporary files; (9) system-history files; (10) deleted files, programs, or e-mails; (11) backup files and archival tapes; (12) website files, including social media files; (13) website information stored in textual, graphical, or audio format; (14) cache files; and (15) cookies.

7.   "Communication(s)" shall mean and include all discussions, conversations, interviews, negotiations, telephone conversations, letters, electronic mail, deleted electronic mail, facsimiles, e-mails, electronic interactions, records of internet messages, text messages, or other forms of written or verbal interchange, however transmitted, including reports, notes, memoranda, lists, agenda, and other documents and any other records of communication. "Communications" shall specifically include any internal communications between an employee, agent, or representative of BCBSA and another employee, agent, or representative of BCBSA.

8.   "Mentioning" or "referring to" as used herein, in addition to their customary and usual terms, mean "commenting on, discussing, describing, explaining, or analyzing."

9.   The term "including" shall mean "including but not limited to."

10.  The singular includes the plural and the plural includes the singular where appropriate to the sense of this request.

11.  "Any" means "each and every" as well as "any one."

## III.

## <u>DOCUMENT REQUESTS</u>

1.      Communications with BCBSKS mentioning or referring to Vivature.

2.      Communications with other Blue Cross and Blue Shield entities mentioning or referring to Vivature.

3.      Communications with any governmental agency mentioning or referring to Vivature.

4.      Communications with the Kansas Clients mentioning or referring to Vivature.

5.      Communications with doctors or trainers who provided medical services on behalf of the Kansas Clients mentioning or referring to Vivature.

6.      Communications to, from, or by you that allege Vivature committed fraud of any type, specifically but not limited to fraud relating to billing for insurance claims.

# ATTACHMENT A-1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ORCHESTRATE HR, INC. and
VIVATURE, INC.,

               Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD
OF KANSAS, INC.,

               Defendant.

Case No. 5:19-cv-04007-HLT-TJJ

## <u>AGREED AMENDED PROTECTIVE ORDER</u>

Plaintiffs Orchestrate HR, Inc. and Vivature, Inc., and Defendant Blue Cross and Blue Shield of Kansas, Inc. (collectively, "Parties"), agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. The Parties agree certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The Parties jointly request entry of an amended protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The Parties assert in support of their request that protection of the identified categories of confidential information is necessary because, among other things, the Parties are expected to produce sensitive medical information and other sensitive and proprietary business records and information. It is this information that the Parties agree should be designated as confidential under this Order.

DA 1096908.1

Pursuant to the agreement of the Parties, and for good cause shown under Fed. R. Civ. P. 26(c), the Court hereby enters the following Amended Protective Order:

1.      **Scope.**  All documents and materials produced in the course of discovery of this case, including but not limited to initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (collectively "documents"), are subject to this Order.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.      **Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute, could potentially cause harm to the interests of the disclosing party or nonparties, or otherwise is needed or required by law, agreement, or otherwise to be kept confidential.  For purposes of this Order, the Parties will limit their designation of "Confidential Information" to the following categories of information or documents:  medical records, personnel files, proprietary business records and information, trade secrets, and documents forming part of internal investigations and external investigations conducted by third-parties.  Information or documents that are available to the public may not be designated as Confidential Information.

3.      **Definition of Highly Confidential Information.**  If the Confidential Information includes Protected Health Information ("PHI") or Personally Identifiable Information ("PII"), any party may designate in good faith any such information as Highly Confidential.  PHI and PII

2

includes information about individuals that is protected by statutory or regulatory law, including without limitation 42 U.S.C. § 1320d-2, 42 U.S.C. § 1320d-6(a), 45 C.F.R. § 160.103 and 45 C.F.R. § 164.501. *See generally* Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Highly Confidential Information also includes privacy information that is required to be redacted prior to filing with the Court pursuant to Rule 5.2 of the Federal Rules of Civil Procedure. To encourage cooperation, efficiency, and economy in discovery while protecting individuals' PHI and PII, documents that are designated as Highly Confidential may be produced without privacy redactions. If any documents designated as containing Highly Confidential Information are submitted to the Court, all protected privacy information must be fully redacted in accordance with the applicable privacy law, regulation, or court rules from said documents prior to public filing. A party may also seek to file unredacted versions of the documents under seal where appropriate pursuant to Paragraph 9 of this Order. Any documents designated as Highly Confidential will also be deemed to be designated as Confidential Information pursuant to Paragraph 2 of this Order.

4. **Definition of Attorney's Eyes Only Information.** If the Confidential Information contains highly sensitive trade secrets or other highly sensitive competitive or confidential information, and disclosure to another party would result in demonstrable harm to the disclosing party, any party may designate in good faith any such information as Attorney's Eyes Only Information in accordance with this Order. The parties commit to using the Attorney's Eyes Only designation only when necessary and by using the designation counsel is representing to the Court that counsel, personally, has reviewed the material and has made a good faith determination that the material mandates greater protection than being designated as Confidential. If a party

designates any documents as Attorney's Eyes Only, the party must specifically identify the bates range of those documents, at the time of their production, via email to the counsel for the opposing party. The failure to do so will result in the documents being treated as only being designated as Confidential.

5.      **Form and Timing of Designation.**  The producing party may designate documents as containing Confidential Information, Highly Confidential Information, or Attorney's Eyes Only Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY'S EYES ONLY" (the "marking") on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document, the designating attorney thereby certifies that the document contains Confidential Information, Highly Confidential Information, or Attorney's Eyes Only Information as defined in this Order.

6.      **Inadvertent Failure to Designate.**  Inadvertent failure to designate any document or material as containing Confidential Information, Highly Confidential Information, or Attorney's

4

Eyes Only Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 10 days after actual discovery of the inadvertent failure.

7.   **Depositions.**  Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time after receipt of the deposition transcript.  Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

8.   **Protection of Confidential Material.**

   (a)   **General Protections.**  Designated Confidential Information, Highly Confidential Information, and Attorney's Eyes Only Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

   (b)   **Who May View Designated Confidential Information and Highly Confidential Information.**  Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information or Highly Confidential Information may only be disclosed to the following persons, provided that such persons are informed of the terms of this Order:

   (1)   The Parties to this litigation, including any employees, agents, and representatives of the Parties;

   (2)   In-house and Outside Counsel for the Parties, and employees and agents of such counsel;

   (3)   The Court and Court personnel, including any special master appointed by the Court, and members of the jury;

   (4)   Court reporters, recorders, and videographers engaged for depositions or hearings in this case;

5

(5)     Any mediator appointed by the Court or jointly selected by the Parties;

(6)     Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A;

(7)     Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(8)     The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10)    Other persons only upon consent of the producing party and on such conditions as the Parties may agree.

**(c)     Who May View Designated Attorney's Eyes Only Information.** Except with the prior written consent of the designating party or prior order of the Court, designated Attorney's Eyes Only Information may only be disclosed to the following persons:

(1)     Outside Counsel for the parties, and their partners, associates, legal assistants, clerical and support staff, employees, agents, or contract personnel to whom it is necessary to disclose such information or material in furtherance of the representation;

(2)     The Court and Court personnel, including any special master appointed by the Court and members of the jury;

(3)     Court reporters, recorders, and videographers engaged for depositions or hearings in this case;

(4)     Any mediator appointed by the Court or jointly selected by the Parties;

(5)     Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A.

6

(d) **Control of Documents.** The Parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information, Highly Confidential Information, or Attorney's Eyes Only Information pursuant to the terms of this Order. Counsel for the Parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

(e) **Access, Handling, and Transmission of Highly Confidential Information.** All access, storage, handling, and electronic transmission of information that contains PHI and has been designated as Highly Confidential Information must be done in accordance with HIPAA's Security Rule, 45 CFR Part 160 and Subparts A and C of Part 164. This includes, without limitation, ensuring that any electronic transmission of Highly Confidential Information authorized pursuant to this Order is conducted by secured or encrypted means such that the information is rendered unreadable, undecipherable, or unusable during transmission. In the event that a party who received Highly Confidential Information causes or becomes aware that there may have been an unauthorized disclosure or potential data breach of said information, it will immediately notify the producing party of the potential security issue.

9. **Filing of Confidential, Highly Confidential, or Attorney's Eyes Only Information.** If a party seeks to file any document containing Confidential Information, Highly Confidential Information, or Attorney's Eyes Only Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document; or (b) seeking permission to file the document under seal by

7

filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The mere designation of information pursuant to this Order is insufficient to satisfy the Court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The Parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

10. **Challenges to a Designation.** The designation of any material or document as Confidential Information, Highly Confidential Information, or Attorney's Eyes Only Information is subject to challenge by any party. Before filing any motion or objection to a designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge; the Parties are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion, but such a conference is not mandatory. The burden of proving the necessity of a designation remains with the party asserting confidentiality. Until the court rules on the challenge, all Parties must continue to treat the materials as Confidential Information, Highly Confidential Information, or Attorney's Eyes Only Information under the terms of this Order.

11. **Use of Confidential, Highly Confidential, or Attorney's Eyes Only Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or

8

anticipates that another party may present Confidential Information, Highly Confidential Information, or Attorney's Eyes Only Information at a hearing or trial must bring that issue to the attention of the court and the other Parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

12. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b) **Return of Confidential Documents.** Within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information or Attorney's Eyes Only Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction of the document in lieu of return and the receiving party certifies the fact of destruction; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as Highly Confidential Information, including copies as defined above, must be returned to the party who previously produced the document, unless the Parties agree to destruction of the document in lieu of return and the receiving party certifies the fact of destruction.

9

(c)  **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents.  This work product will continue to be confidential under this Order.  An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose designated information.

13.  **Order Subject to Modification.**  This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  The Order must not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

14.  **Enforcement of Amended Protective Order.**  Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

15.  **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated by counsel or the Parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

16.  **Persons Bound by Amended Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

10

17.     **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any designated information until they execute and file their written agreement to be bound by the provisions of this Order.

18.     **Protections Extended to Third-Party's Confidential Information.** The Parties agree to extend the provisions of this Amended Protective Order to Confidential, Highly Confidential, and Attorney's Eyes Only Information produced in this case by third parties, if timely requested by the third party.

19.     **Designated Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential, Highly Confidential, or Attorney's Eyes Only Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court, and nothing in these provisions should

be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control information designated by the other party to this case.

20.    **Disclosure of Information Covered by Attorney-Client Privilege or Work Product.** Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information, Highly Confidential Information, or Attorney's Eyes Only Information under the Amended Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within five (5) days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. Although the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents,

including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

**IT IS SO ORDERED.**

Dated this 23rd day of July, 2020, at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge

13

AGREED:

/s Jose M. Portela
Jose M. Portela, admitted *Pro Hac Vice*
jose@stantonllp.com
Texas State Bar No. 90001241
STANTON, LLP
1717 Main Street, Suite 3800
Dallas, Texas 75201
Telephone: (214) 996-0209
Facsimile: (972) 692-6812

Timothy A. Shultz
tshultz@gseplaw.com
Kansas State Bar No. 16060
Goodell Stratton Edmonds & Palmer, LLP
515 S. Kansas Ave.
Topeka, KS 66603
Telephone: (785) 233-0593
Facsimile: (785) 233-8870

***ATTORNEYS FOR PLAINTIFFS***

/s/ Casey P. Murray
Jason Cross, Texas State Bar No. 24045727
(Admitted *Pro Hac Vice*)
SPENCER FANE LLP
2200 Ross Ave., Suite 4800 West
Dallas, Texas 75201
Tel. (214) 750-3610
Fax. (214) 750-3612
jcross@spencerfane.com

Casey P. Murray, Kansas Bar No. 22189
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Tel. (816) 474-8100
Fax. (816) 474-3216
cmurray@spencerfane.com

***ATTORNEYS FOR DEFENDANT***

DA 1096908.1

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Amended Protective Order dated July 23, 2020 in the case captioned, *Orchestrate HR, Inc. et al. v. Blue Cross and Blue Shield of Kansas, Inc.*, Case No. 5:19-cv-04007-HLT-TJJ, and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Amended Protective Order and understands that the terms of the Amended Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Amended Protective Order.

The undersigned acknowledges that violation of the Amended Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____   _____

Signature

DA 1096908.1