## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ORCHESTRATE HR, INC., et al.,    )
    )
          Plaintiffs,    )
    )
v.    )    **Case No. 19-cv-4007-HLT-TJJ**
    )
BLUE CROSS AND BLUE SHIELD    )
OF KANSAS,  INC.,    )
    )
          Defendant.    )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Compel (ECF No. 381). Defendant seeks an order overruling Plaintiffs' objections to Defendant's Second Set of Interrogatories (Nos. 12 through 17) and requiring Plaintiffs to provide complete answers to each. Plaintiffs oppose the motion. Having fully considered the parties' arguments and the applicable law, the Court will deny the motion.

## I.    Relevant Background

Defendant describes the interrogatories at issue by saying each is directed at eliciting details concerning a "common theme" as follows:

- Interrogatory No. 12 is directed at eliciting details concerning the type of defamation claim and the type of alleged defamatory statement that is the subject of each of Plaintiffs' alleged defamation claims;

- Interrogatory No. 13 is directed at eliciting details concerning Plaintiffs' alleged damages for each of their alleged defamation claims;

- Interrogatory No. 14 is directed at eliciting details concerning the contracts that are the subject of each of Plaintiffs' claims for tortious interference with existing contract, and the alleged "acts of interference" by BCBSKS upon which such claims are predicated;

- Interrogatory No. 15 is directed at eliciting details concerning Plaintiffs' alleged damages for each of their alleged tortious interference with existing contract claims;

- Interrogatory No. 16(a)-(b) is directed at eliciting details concerning the alleged facts Plaintiffs contend were withheld by BCBSKS during the communications that now form the bases of each of Plaintiffs' alleged fraud by nondisclosure claims[1];

- Interrogatory No. 16(c)-(e) is directed at eliciting details concerning the act(s)/action(s) Plaintiffs contend they took or did not take in reliance on the alleged facts Plaintiffs contend were withheld by BCBSKS;

- Interrogatory No. 17 is directed at eliciting details concerning Plaintiffs' alleged damages in relation to each of their alleged fraud by nondisclosure claims.[2]

Before responding to the interrogatories, Plaintiffs' counsel requested a conference with defense counsel to discuss Plaintiffs' position that each interrogatory includes dozens to hundreds of subparts, and that some call for a legal conclusion.[3]  Counsel spoke once by phone before Plaintiffs timely responded to the interrogatories. Eighteen days after Plaintiffs served their responses, defense counsel sent a 15-page letter to Plaintiffs' counsel outlining the perceived shortcomings in Plaintiffs' responses and making the arguments repeated in the instant motion.[4]  Plaintiffs requested another conference, and on August 1, 2022 counsel conferred but neither agreed to change the interrogatories[5] or responses. The undersigned granted Defendant an extension of time to file a motion to compel, and Defendant timely filed the instant motion.

The Court finds the parties have met the minimum standards required by D. Kan. R. 37.1(b).

## II.    Legal Standards

---

[1] During the parties' conferencing efforts, Defendant agreed to separate Interrogatory No. 16 into two separate interrogatories.

[2] ECF No. 381 at 5.

[3] ECF No. 385 at 20.

[4] *Id*. at 23-37.

[5] As mentioned, Defendant did agree that Interrogatory No. 16 comprises two interrogatories.

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. As amended in 2015, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[6]

Considerations of both relevance and proportionality now govern the scope of discovery.[7] Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[8] Information still "need not be admissible in evidence to be discoverable."[9] The amendment deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase, however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[10]

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[11] Moving the proportionality provisions to Rule 26 does not place on the party seeking discovery the burden of addressing all proportionality considerations. If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as

---

[6] Fed. R. Civ. P. 26(b)(1).

[7] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[8] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[9] Fed. R. Civ. P. 26(b)(1).

[10] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[11] *Id.*

under the pre-amendment Rule.[12]  In other words, when the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[13] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[14]  Relevancy determinations are generally made on a case-by-case basis.[15]

Rule 26(b)(2)(C)(i) provides as follows: "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." When subdivision (b) was created, the advisory committee wrote the purpose was "to enable the court to keep tighter rein on the extent of discovery [which has] greatly increased both the potential cost of wide-ranging discovery and the potential for discovery to be used as an instrument for delay or oppression."[16]

## III.    Analysis

---

[12] *Id.*

[13] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[14] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[15] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[16] Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment.

Defendant describes the interrogatories in its second set by stating what it believes to be the "common theme" in each, which it also uses to support its position that each interrogatory is a single question. The first in the set is one of two interrogatories in which Defendant has defined the capitalized words by referring to their usage in cases decided by the Supreme Court of Texas.

**INTERROGATORY NO. 12:** For each Alleged Defamatory Communication:

(a) Please state whether You contend the Alleged Defamatory Communication supports a claim for Explicit Textual Defamation, Implicit Textual Defamation by Whole Implication, Implicit Textual Defamation by Partial Implication, or Extrinsic Defamation, and further state the facts supporting Your contention; and

(b) Please state whether You contend the Alleged Defamatory Communication is Defamatory *Per Se* or Defamatory *Per Quad,* and further state the facts supporting Your contention.[17]

**INTERROGATORY NO. 13:** For each Alleged Defamatory Communication:

(a) Please state each alleged Special Damage and each alleged General Damage You contend was proximately caused by or otherwise a result of the Alleged Defamatory Communication, and further state the facts supporting Your contention;

---

[17] Defendant provided the following definitions for certain terms in Interrogatory No. 12:

1. "You" . . . shall mean Plaintiffs Orchestrate HR, Inc. and Vivature, Inc., individually and collectively, as well as their respective officers, directors, members, agents, employees, representatives, parent entities, subsidiaries, predecessors, successors, assigns, and any other person or entity acting on their behalf.

9. The terms "Explicit Textual Defamation," "Implicit Textual Defamation by Whole Implication," "Implicit Textual Defamation by Partial Implication," and "Extrinsic Defamation" shall have the meanings ascribed to them by the Texas Supreme Court in *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614 (Tex. 2018).

10. The terms "Defamation *Per Se*"/"Defamatory *Per Se*" and "Defamation *Per Quod*"/"Defamatory *Per Quod*" shall have the same meaning ascribed to them by the Texas Supreme Court in relation to Special Damages (as defined below). *See Tatum*, 554 S.W.3d at 626.

11. The term "Special Damage" shall have the same meaning ascribed to it by the Texas Supreme Court (*i.e.*, any type of economic damages). *See In re Lipsky*, 460 S.W.3d 579, 592 n.11 (Tex. 2015).

12. The term "General Damage" shall have the same meaning ascribed to it by the Texas Supreme Court (*i.e.*, any type of non-economic damages). *See Hancock v. Variyam*, 400 S.W.3d 59, 65 (Tex. 2013).

(b) Please state the monetary amount of each Special Damage and each General Damage You identified in response to Subsection (a) of this Interrogatory;

(c) Please state the date on which You contend You suffered each Special Damage and each General Damage You identified in response to Subsection (a) of this Interrogatory.

**1INTERROGATORY NO. 14:** For each Kansas School Contract:

(a) Please state each contractual term(s) You contend was breached by each Kansas School(s), and further state the facts supporting Your contention;

(b) Please state the date on which You contend each Kansas School(s) breached each contractual term(s) You identified in response to Subsection (a) of this Interrogatory; and

(c) Please state each Alleged Act of lnterference You contend proximately caused each Kansas School(s) to breach each contractual term(s) You identified in response to Subsection (a) of this Interrogatory, and further state the facts supporting Your contention.

**INTERROGATORY NO. 15:** For each Alleged Act of lnterference You identified in response to Subsection (c) of lnterrogatory No. 14:

(a) Please state each economic damage/injury You contend was proximately caused by or otherwise a result of the Alleged Act of Interference, and further state the facts supporting Your contention;

(b) Please state the monetary amount of each economic damage/injury You identified in response to Subsection (a) of this Interrogatory; and

(c) Please state the date on which You contend You suffered each economic damage/injury You identified in response to Subsection (a) of this Interrogatory.

**INTERROGATORY NO. 16:** For each Alleged Fraud by Nondisclosure Communication:

(a) Please state each Alleged Concealed Fact You contend BCBSKS failed to disclose in the Alleged Fraud by Nondisclosure Communication, and further state the facts supporting Your contention;

(b) Please state the specific duty to disclose You contend BCBSKS had with respect to each Alleged Concealed Fact You identified in response to Subsection (a) of this Interrogatory, and further state the facts supporting Your contention;

(c) Please state each act/action You contend You took, if any, in reliance on BCBSKS's failure to disclose each Alleged Concealed Fact You identified in response to Subsection (a) of this Interrogatory, and further state the facts supporting Your contention;

6

(d) Please state each act/action You contend You did not take, if any, in reliance on BCBSKS's failure to disclose each Alleged Concealed Fact You identified in response to Subsection (a) of this Interrogatory, and further state the facts supporting Your contention; and

(e) Please state the date on which You contend You took each act/action You identified in response to Subsection (c) of this Interrogatory.

**INTERROGATORY NO. 17:** For each Alleged Concealed Fact You identified in response to Subsection (a) of Interrogatory No. 16:

(a) Please state each economic damage/injury You contend was proximately caused by or otherwise a result of BCBSKS's failure to disclose the Alleged Concealed Fact, and further state the facts supporting Your contention;

(b) Please state the monetary amount of each economic damage/injury You identified in response to Subsection (a) of this Interrogatory; and

(c) Please state the date on which You contend You suffered each economic damage/injury You identified in response to Subsection (a) of this Interrogatory.[18]

Plaintiffs have asserted the same two objections to every interrogatory:

(1) "Plaintiffs object to this interrogatory as it is multifarious and contains many discrete subparts and therefore exceeds the number of permissible interrogatories."

(2) The interrogatory "seeks to force Plaintiffs to marshal their evidence."

And in response to Interrogatory Nos. 12 and 13, Plaintiffs raise an additional objection to each "as calling for legal analysis and legal conclusions." Although Plaintiffs also object to certain of Defendant's definitions, they did not withhold information or documents based on the objections, and Defendant does not challenge those objections.

## A.      Supernumerary objection

The Court first examines the two objections common to every interrogatory. Plaintiffs view each interrogatory as containing discrete subparts, thereby making each subpart a separate interrogatory and resulting in Defendant having exceeded the limit of 25 interrogatories

---

[18] ECF No. 381-1 at 4-7.

permitted under the Scheduling Order.[19] Defendant contends Plaintiffs have waived that objection by also providing a response to each interrogatory, which is contrary to the procedure called for in this district for a party making a supernumerary objection. "When [a party makes a supernumerary objection], the objecting party is to either seek a protective order and not answer the requests at issue or answer up to the numerical limit and object to the remaining requests without answering."[20]

Plaintiffs do not dispute Defendant's statement of the law, but instead repeat their argument that each interrogatory contains discreet subparts. Defendant correctly states the controlling law, and the Court finds that by providing answers Plaintiffs have waived their objection that Interrogatory Nos. 12 through 17 exceed the permissible number.

### B.    Marshal the evidence objection

Defendant asserts Plaintiffs' "marshal the evidence" objection is not recognized under the Federal Rules of Civil Procedure, citing *McKellips v. Kumho Tire Company*, 305 F.R.D. 655, 682 (D. Kan. 2015). In that case, the undersigned Magistrate Judge overruled the objection that the discovery requests at issue required a party to marshal the evidence, finding the movant had cited no controlling legal authority to support its objection. Defendant also cites *Heuskin v. D&E Transportation, LLC*, Civ. No. 19-957 MV/GBW, 2020 WL 1450575, at *3 (D. N.M. Mar. 25, 2020), which notes that "[g]enerally, it is not a cognizable objection to a discovery request to allege that the request requires the responding party to 'marshal the evidence.'" As in *McKellips*, the court noted that movant's discovery responses and briefing "exemplify a marked failure to

---

[19] *See* Scheduling Order (ECF No. 74) at 9 ("No party may serve more than 25 interrogatories, including all discreet subparts, on any other party.").

[20] *Lowery v. County of Riley*, No. 04-3101-JTM-DWB, 2009 WL 648928, at *3 (Mar. 12, 2009). *See also Rowell v. NCO Fin. Sys., Inc.*, No. 13-2514-CM, 2014 WL 2154422, at *4 (D. Kan. May 22, 2014).

cite any legal authority in support of his arguments." However, instead of granting the motion on that basis, the court considered movant's remaining objections which it also found unsupported.

In their response, Plaintiffs also describe their "marshal the evidence" objection as an objection to Defendant's repeated directive to "state the facts," language which Plaintiffs assert turns the interrogatories into disfavored "blockbuster" narrative interrogatories. The *Heuskin* court made the following comment about narrative interrogatories in its discussion of "marshal the evidence" objections: "However, 'blockbuster' narrative interrogatories, which 'require the responding party to provide the equivalent of a narrative of its entire case together with identification of virtually all supporting evidence for each and every fact,' are disfavored."[21] Plaintiffs concede the interrogatories do not ask them to provide each and every piece of evidence in support of their case, but explain they made the objection because "Defendant's Interrogatories, as written, are compound and seek to have Plaintiffs provide separate answers for each allegation supporting their defamation, fraud, and tortious interference claims."[22] But beyond piggybacking their marshaling objection on their supernumerary objection, Plaintiffs provide no additional argument for it. The Court overrules the objection, whether articulated as marshaling or requiring a narrative.

### C.    Legal conclusion objection

Plaintiffs object to Interrogatory Nos. 12 and 13 as calling for legal analysis and legal conclusions because each requires Plaintiffs to read and analyze complex legal cases, discern meanings and definitions from those cases, and then describe how the law applies to the facts as pleaded. Defendant disagrees with Plaintiffs' characterization, even though Defendant does

---

[21] *Heuskin*, 2020 WL 1450575, at *3 (citing *EEOC v. BNSF Ry. Co.*, 2014 WL 2589182, at *1 (D. Kan. June 10, 2014) (quoting *High Point SARL v. Sprint Nextel Corp.*, 2011 WL 4036424, at *19 (D. Kan. Sept. 12, 2011)).

[22] ECF No. 385 at 7.

acknowledge the interrogatories use legal terms adopted and defined by the Texas Supreme Court and require Plaintiffs to apply that law to fact. Instead, Defendant categorizes Nos. 12 and 13 as proper contention interrogatories.

The Court does not find Interrogatory Nos. 12 and 13 are improper for the reason Plaintiffs assert. Indeed, Rule 33(a)(2) specifically states that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . ."[23] The Court overrules Plaintiffs' legal conclusion objection.

### D.      Rule 26(b)(2)(C)(i)

As Defendant correctly observes, Plaintiffs have not raised a relevance, proportionality, overbroad, or unduly burdensome objection in response to any interrogatory. The Court has rejected the objections Plaintiffs did assert, although Plaintiffs' failure to follow the proper procedure stood in the way of prevailing on their supernumerary objections.

Discovery disputes in this case have required a great deal of court involvement. Most recently, after a November 15, 2022 Status Conference which included discussion of additional discovery disputes and setting a deadline for the parties to identify the depositions they intend to take before discovery closes, the undersigned entered what will be the last Scheduling Order in the case. To date, Defendant has not noticed a single deposition. Within the next two months, however, Defendant intends to depose Plaintiffs' 30(b)(6) corporate representative and at least four of its employees and/or officers. Altogether, the parties have identified approximately 30 depositions they plan to take before April 28, 2023. The Court has expressed misgivings about the feasibility of such a robust number, particularly given the history of counsel's relationship and the pace of discovery to date.

---

[23] Fed. R. Civ. P. 33(a)(2).

As directed, Defendant has recently served Plaintiffs with an amended list of 47 topics Defendant intends to inquire about during Plaintiffs' 30(b)(6) deposition(s). It appears the list is largely unchanged from the version discussed during the November 15, 2022 Status Conference. But of particular pertinence to the instant motion is that the amended list of topics reveals Defendant intends to question Plaintiffs' corporate representative about the matters which are the subject of Interrogatory Nos. 12 to 17.[24]

Discovery must proceed in an orderly, efficient, and productive manner to bring this case to a conclusion. The Court feels compelled to enter the following order by virtue of Rule 1 of the Federal Rule of Civil Procedure's directive that the Court is to administer and employ the remaining rules "to secure the just, speedy, and inexpensive determination" of this case. Rule 26 likewise contains a directive: "On motion or on its own, the court *must* limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."[25]

When Rule 26 was most recently amended in 2015, the advisory committee noted the following regarding Rule 26(b)(2)(C):

> The present amendment again reflects the need for continuing and close judicial involvement in the cases that do not yield readily to the ideal of effective party management. It is expected that discovery will be effectively managed by the parties in many cases. But there will be important occasions for judicial management, both when the parties are legitimately unable to resolve important differences and when the parties fall short of effective, cooperative management on their own.[26]

---

[24] Although Plaintiffs have moved for a protective order which includes objections to certain of the topics (*see* ECF No. 435), it does not appear they object to producing a witness to testify about the matters included in Interrogatory Nos. 12 to 17.

[25] 26(b)(2)(C)(i) (emphasis added).

[26] Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.

This is such a case. The Court has determined the information Defendant seeks in Interrogatory Nos. 12 to 17 is unreasonably duplicative and can be obtained more efficiently and thoroughly by posing precise, direct, focused questions to Plaintiffs' witnesses during their depositions. Asking questions face to face, with or without exhibits, would lead to a more nimble means of obtaining relevant information. With respect to the information sought in Interrogatory No. 12, it is nonsensical to expect a party representative to swear to an interrogatory answer that calls on that individual to say what kind of defamation[27] Plaintiffs allege Defendant committed, and whether each is "Defamatory *Per Se* or Defamatory *Per Quad*."[28]  Indeed, the Court is doubtful it would be productive to ask a non-lawyer for the same information in a deposition. Interrogatory Nos. 13 and 17 seek information about damages Plaintiffs claim they sustained as a result of Defendant's conduct. While certainly an appropriate subject for deposition, surely much of what Defendant seeks will be more useful when presented in documentary form, as Plaintiffs indicate they have provided and will supplement. And Defendant will be able to better learn more thorough information about the subjects covered in the remaining interrogatories in the more convenient and less burdensome means of a deposition.

The Court does not intend to dictate any parties' discovery options. However, considering the circumstances of this case and cognizant that "Rule 26 (b)(2)(C)(i) expressly directs the court to limit discovery if the information sought can be secured from a more convenient, less

---

[27] The choices offered by the interrogatory are "Explicit Textual Defamation, Implicit Textual Defamation by Whole Implication, Implicit Textual Defamation by Partial Implication, or Extrinsic Defamation." ECF No. 385 at 48.

[28] *Id*.

burdensome or less expensive source," the Court finds "Rule 26(b)(2)(C)(i) provides an alternative ground for denying the motion to compel."[29]

## V.    Sanctions

Rule 37(a)(5)(B) provides that if the court denies a motion to compel, the court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party's reasonable expenses and attorney's fees incurred in making the motion.[30] The court must not order payment, however, if the motion was substantially justified, or other circumstances make an award of expenses unjust.[31]

The Court has determined sanctions are inappropriate. The Court found Plaintiffs' objections fell short of the mark, yet the Court denied the motion under the authority of Rule 26. Under these circumstances, an award of expenses would be unjust.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Compel (ECF No. 381) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 16th day of December, 2022, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[29] *Heckert Const. Co., Inc. v. Sinclair Oil Corp.*, 10-1151-CM, 2012 WL 204568, at *2 (D. Kan. Jan. 24, 2012).

[30] Fed. R. Civ. P. 37(a)(5)(B).

[31] *Id.*