**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ORCHESTRATE HR, INC. and VIVATURE, INC.,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 19-4007-DDC** |
| **BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.,** | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

This matter comes before the court on two motions filed by plaintiffs Orchestrate HR, Inc. and Vivature, Inc. (Vivature) for protective orders on behalf of third parties and objections to defendant Blue Cross and Blue Shield of Kansas, Inc.'s (BCBSKS) subpoenas.  Docs. 410 & 412.  Specifically, plaintiffs filed a Motion for Protective Order and Objections to Defendant's Subpoenas to UnitedHealthcare Insurance Company, Cigna Corporation, and Aetna, Inc. and Brief in Support.  Doc. 410.  Defendant responded in opposition.  Doc. 430.  And plaintiffs replied.  Doc. 427.  Next, plaintiffs filed a Motion for Protective Order and Objections to Defendant's Subpoenas to Washburn University of Topeka and Brief in Support.  Doc. 412. Defendant responded.  Doc. 428.  And again, plaintiffs replied.  Doc. 426.

In both motions, plaintiffs ask the court to enter an order under Fed. R. Civ. P. 26(c) limiting the scope of the Fed. R. Civ. P. 45 subpoenas that BCBSKS served on the following third parties—UnitedHealthcare Insurance Company (United), Cigna Corporation (Cigna), Aetna, Inc. (Aetna), and Washburn University of Topeka (Washburn).  *See* Docs. 410 & 412.

The court has reviewed the parties' submissions and considered their arguments.  For the reasons explained below, the court denies plaintiffs' motions.

### I.   Background

#### A.   United, Cigna, and Aetna Subpoenas

In their Motion for Protective Order and Objections to Defendant's Subpoenas (Doc. 410), plaintiffs assert generally that defendant's requests for documents are "overly burdensome and overbroad[,]" *id.* at 3.  Specifically, plaintiffs object to three definitions—"Plaintiffs' School" to the extent it includes schools other than those discussed in the lawsuit as the "Kansas Schools" (*id.* at 8); "State Agency" because it's "vague, ambiguous, and unlimited" (*id.* at 9); and "Federal Agency" for the same reasons (*id.*).  Plaintiff also objects to the terms "regarding" and "referring or relating" because they're "vague and ambiguous."  *Id.* at 10.

Plaintiffs then object to "Specific Requests for Production" and recite objections for Requests 1–24.  Doc. 410 at 10–14.  The court won't waste ink here to list them all here for two reasons.  First, each objection says some version of the same thing—plaintiffs object to this request "as overly broad, unduly burdensome, not proportional . . . ."  *See id.*  Second, the court concludes, below, that plaintiffs lack standing to make specific objections like these on behalf of third parties.

#### B.   Washburn Subpoena

Plaintiffs' Motion for Protective Order and Objections to the Washburn subpoena (Doc. 412) tells the same story.  In it, plaintiffs again object to definitions of "State Agency" and "Federal Agency" and to the terms "regarding" and "referring or relating to" as vague and ambiguous.  Doc. 412 at 7–8.  And again, plaintiffs—using generic language, "overly broad, unduly burdensome, not proportional"—object to defendant's Requests 1–13.  *Id.* at 8–11.

## II.    Legal Standard for Motion for Protective Order

Federal Rule of Civil Procedure 26(c) governs protective orders.  Generally,

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .  The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c).

The decision "[w]hether to enter a protective order rests within the sound discretion of the court." *Burnett v. W. Res., Inc.*, No. 95-2145-EEO, 1996 WL 134830, at *2 (D. Kan. Mar. 21, 1996).  And, to demonstrate good cause, the party moving for a protective order "must submit 'a particular and specific demonstration of fact, as distinguished from stereo-typed and conclusory statements.'"  *Id.* (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).  More specifically, the party or non-party moving for a protective order:

> cannot escape compliance with discovery requests by mere conclusory assertions that a request is overly broad and burdensome.  It has the burden to support such objections.  It "cannot rely on some generalized objections, but must show specifically how each interrogatory or request is burdensome and/or overly broad by submitting affidavits or some detailed explanation as to the nature of the claimed burden."

*Id.*  (quoting *Kutilek v. Gannon*, 132 F.R.D. 296, 300 (D. Kan. 1990)).  *See also Wichita Firemen's Relief Ass'n v. Kansas City Life Ins. Co.*, No. 11-1029-KGG, 2012 WL 3245451, at *3 (D. Kan. Aug. 8, 2012) ("To establish 'good cause' within the meaning of Rule 26(c), the party must clearly define the potential injury to be caused by dissemination of the information.") (quoting *Zhou v. Pittsburg State Univ.*, No. 01-2493-KHV, 2002 WL 1932538, at *2 (D. Kan. July 25, 2002)).

3

### III.    Standing

Before reaching the Rule 26(c) analysis, the court first addresses standing.  Defendant argues that plaintiffs lack standing to quash or otherwise object to BCBSKS's subpoenas.  Doc. 430 at 3–4.  The court agrees.

Under Federal Rule of Civil Procedure 45, "[g]enerally speaking, a party to the lawsuit does not have standing to quash a subpoena served on a nonparty."  *P.S. ex rel. Nelson v. The Farm, Inc.*, No. 07-2210-JWL-DJW, 2007 WL 4570872, at *1 (D. Kan. Dec. 27, 2007); *see also Consumer Fin. Prot. Bureau v. Integrity Advance, LLC*, No. 21-MC-206-DDC-TJJ, 2022 WL 2791173, at *2 (D. Kan. July 15, 2022) ("Generally, a motion to quash or modify a subpoena may be made only by the party to whom the subpoena is directed." (internal quotation marks and citation omitted)).  As these cases conclude, generally the only person who may move to quash a subpoena is the one who receives it.  An exception applies when the party challenging the subpoena has "'a personal right or privilege with respect to the subject matter requested in the subpoena.'"  *Nelson*, 2007 WL 4570872, at *1 (quoting *Reliastar Life Ins. Co. v. Warrior*, No. 06-2486-CM-DJW, 2007 WL 2669558, at *4 (D. Kan. Sept. 7, 2007)).  But, plaintiffs don't specifically argue that an exception to Rule 45 applies here.

Instead, they have filed motions under Rule 26 and generally assert that they "have a personal right and/or privilege in respect to the subject matter requested" in the subpoenas, and object to specific parts of defendant's subpoenas.  *See* Doc. 410 at 4.  Plaintiffs' "Standing" section in their motion doesn't cite to a single legal authority allowing for a party to assert objections to a third-party subpoena under Rule 26.  *Id.* at 5.  In fact, it includes no legal citations at all.  *See id.*  Plaintiffs also fail to address the argument in their Reply.  *See* Doc. 427.

So, if plaintiffs' only right to object to these subpoenas arises under Rule 26, that premise begs the question:  what is the scope of their right under Rule 26?  Rule 26(c) allows a party (or any person subject to discovery) to seek a protective order to protect themselves "from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Fed. R. Civ. P. 26(c). The cases in this district instruct that "the party moving for a protective order, even in relation to a third-party subpoena, must assert a protective order is needed to protect *itself* from any of the dangers listed in Rule 26(c)."  *Martley v. City of Basehor, Kan.*, No. 19-02138-DDC-GEB, 2020 WL 4334984, at *3 (D. Kan. July 28, 2020), *objections overruled*, No. 19-2138-DDC-GEB, 2020 WL 5942265 (D. Kan. Oct. 7, 2020); *see also McDonald v. Kellogg Co.*, No. 08-2473-JWL, 2009 WL 10664465, at *2–3 (D. Kan. Nov. 5, 2009) ("Plaintiffs are seeking relief in the form of a protective order but have not asserted that a protective order is needed to protect *them* from any of the dangers listed in Rule 26(c)."); *Epling v. UCB Films, Inc.*, Nos. 98-4226-SAC, 98-4227-RDR, 2000 WL 1466216, at *2 (D. Kan. Aug. 7, 2000) (finding Rule 26(c) didn't apply where defendant sought a protective order against discovery sought from a third party but couldn't demonstrate that defendant itself would suffer annoyance, embarrassment, oppression, or burden).  Thus, plaintiffs must demonstrate that *they* need a protective order from the court to protect *themselves* from a danger recognized by Rule 26(c).

Earlier in this case, the court didn't reach the issue and decide whether plaintiffs could "seek a protective order for the purpose of protecting" a third-party because the court concluded that plaintiffs' own "asserted need from protection from undue burden" had merit.  Doc. 248 at 10;  *see also* Doc. 255 at 6–7.  Now, the court does reach this issue.  The court first concludes that plaintiffs can't seek a protective order on behalf of a third-party for reasons explained above—plaintiffs lack standing under Rule 45 and plaintiffs may seek to protect only themselves

(not third parties) under Rule 26.  Next, the court concludes for reasons explained below, that plaintiffs' Rule 26 arguments—they need the court's protection from any undue burden—lack merit.

## IV.    Remaining Rule 26(c) Analysis

Plaintiffs certify that they have conferred in good faith with defendant to resolve the disputes they have with defendant's subpoenas, as Rule 26(c) and D. Kan. Rule 37.2 require. *See Nationwide Mut. Ins. Co. v. Briggs*, No. 11-CV-2119-JTM-DJW, 2011 WL 5903536, at *1–2 (D. Kan. Nov. 23, 2011).  Even so, plaintiffs' motions don't provide specific facts demonstrating that they need or deserve the court's protection from "annoyance, embarrassment, oppression, or undue burden[.]"  Fed. R. Civ. P. 26(c).

Instead, plaintiffs merely assert the type of "generalized objections" to defendant's subpoenas that our court has rejected when evaluating requests for protective orders.  *Burnett*, 1996 WL 134830, at *2; *see also Kan. Waste Water, Inc. v. Alliant Techsystems, Inc.*, No. 02-2605-JWL-DJW, 2005 WL 327144, at *2 (D. Kan. Feb. 3, 2005) ("Rule 26(c) does not provide for any type of order to protect a party from having to provide discovery on topics merely because those topics are overly broad or irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence.").  For example, in both of plaintiffs' Motions for Protective Orders and Objections to Defendant's Subpoenas, they assert that defendant's requests are "overly burdensome and overbroad" (Doc. 410 at 3), "overly broad, unduly burdensome, not proportional" (Doc. 412 at 8–11), and "vague, ambiguous, and unlimited" (Doc. 410 at 9–10, Doc. 412 at 7–8).  Plaintiffs fail to meet Rule 26's bare minimum—to "provide a detailed explanation [about] the nature and extent of the claimed

burden or expense." *Ensminger v. Credit L. Ctr., LLC*, No. 19-2147-JWL, 2020 WL 4284184, at *3 (D. Kan. July 27, 2020) (internal quotation marks and citation omitted).

Plaintiffs don't attempt to demonstrate how these subpoenas burden *them*.  On that basis alone, the court can deny their motions.  Then, even their minimal attempts to argue that the subpoenas burden the served parties falls well short of the standard.  Plaintiffs' motions consist almost entirely of vague and ambiguous language complaining that defendant's subpoenas contain "vague and ambiguous" language.  The court denies plaintiffs' requests for protective orders.

## V.   Conclusion

The court overrules plaintiffs' objections and denies plaintiffs' Motions for Protective Orders.  Docs. 410 & 412.  Within 14 days of this Order, United, Cigna, and Aetna shall make available to BCBSKS those documents it deems responsive to its requests, along with a privilege log for any documents United, Cigna, and Aetna claim are privileged.  Until the court rules non-party movant Washburn's own Motion to Modify the Subpoena (Doc. 449), it withholds any order addressing Washburn's duty, if any, to comply with BCBSKS's subpoena.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Protective Order and Objections to Defendant's Subpoenas to UnitedHealthcare Insurance Company, Cigna Corporation, and Aetna, Inc. (Doc. 410) is denied.

**IT IS FURTHER ORDERED that** plaintiffs' Motion for Protective Order and Objections to Defendant's Subpoena to Washburn University of Topeka (Doc. 412) is denied.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the date of this Order, UnitedHealthcare Insurance Company, Cigna Corporation, and Aetna, Inc., shall make available

to BCBSKS those documents they each deem responsive to the issued subpoenas, along with a privilege log for any documents the parties named claim as privileged.

**IT IS SO ORDERED.**

**Dated this 13th day of January, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**