IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ORCHESTRATE HR, INC. and VIVATURE, INC.,**

    **Plaintiffs,**

v.

**BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.,**

    **Defendant.**

Case No. 19-4007-DDC

## MEMORANDUM AND ORDER

This matter comes to the court on defendant Blue Cross and Blue Shield of Kansas, Inc.'s (BCBSKS) Objection to Magistrate Judge's Order. Doc. 458. Defendant filed this Objection after the previously assigned United States Magistrate Judge, Teresa J. James, issued a Memorandum and Order denying defendant's Motion to Compel (Doc. 452, denying Doc. 381). Plaintiffs Orchestrate HR, Inc. and Vivature, Inc. (Vivature) filed a Response. Doc. 466. The court has reviewed the parties' submissions and considered their arguments addressing Judge James's Order (Doc. 452). For reasons explained below, the court overrules defendant's Objection.

### I.  Background

In August 2022, defendant filed a Motion to Compel asking the court to overrule plaintiffs' objections to defendant's "Second Set of Interrogatories (Nos. 12 through 17)" and require plaintiffs to provide complete answers to its interrogatories. Doc. 381. Judge James considered the parties' arguments—defendant's Motion to Compel (Doc. 381), plaintiffs'

Response (Doc. 385), and defendant's Reply (Doc. 386). After considering the parties' arguments and thoroughly discussing the governing law, Judge James issued an Order denying defendant's Motion to Compel. Doc. 452.

That Order denied defendant's Motion to Compel under Rule 26(b)(2)(C)(i) to move the discovery process forward "in an orderly, efficient, and productive manner to bring this case to a conclusion." *Id.* at 10–11. Specifically, it explained that the information defendant sought "in Interrogatory Nos. 12 to 17 [was] unreasonably duplicative" and defendant could procure the same information "more efficiently and thoroughly by posing precise, direct, focused, questions to [p]laintiffs' witnesses during their depositions." *Id.* at 12.

Defendant now objects to Judge James's Order. The court evaluates defendant's Objection, below. But first, the court recites the legal standard governing its review of defendant's Objection to an Order issued by a magistrate judge.

## II.  Legal Standard

Under our local rules, a party objecting to a magistrate judge's pretrial, non-dispositive order must follow Federal Rule of Civil Procedure 72(a). *See* D. Kan. Rule 72.1.4(a). This means a party may object to a magistrate judge's order within 14 days of its issuance. Fed. R. Civ. P. 72(a). On a timely challenge, the district court must "'modify or set aside' any part of a magistrate judge's order on a non-dispositive pretrial order that is 'clearly erroneous or is contrary to law.'" *Hirt v. Unified Sch. Dist. No. 287*, No. 2:17-CV-02279-HLT, 2018 WL 6620935, at *2 (D. Kan. Dec. 18, 2018) (first quoting Fed. R. Civ. P. 72(a); then citing *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (further citations omitted)). This standard is a deferential one. *See Allen*, 468 F.3d at 658.

2

This court must defer to the magistrate judge's ruling unless the objecting party—here, defendant—can show the challenged ruling was clearly erroneous or contrary to law.  *See id.*  A magistrate judge's order is "clearly erroneous" if the reviewing court "on the entire evidence is left with the definite and firm conviction that [the magistrate judge committed] a mistake[.]"  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (citation and internal quotation marks omitted).  A magistrate judge's order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Walker v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011) (citation and internal quotation marks omitted).  "Because a magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will generally grant the magistrate great deference and overrule the magistrate's determination only if this discretion is clearly abused."  *Smith v. MCI Telecomms. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991).

For reasons explained below, the court holds that defendant has failed to demonstrate Magistrate Judge James's Order was clearly erroneous or contrary to law.  Thus, the court overrules defendant's Objection.

**III.   Analysis**

Defendant asserts that Judge James's decision denying its Motion to Compel (Doc. 452) was contrary to Rule 26(b)(2)(C)(i).  It contends that Judge James's conclusion was clearly erroneous because its proposed discovery method (as laid out in its Motion to Compel) wasn't "unreasonably duplicative" under Rule 26(b)(2)(C)(i).  *See* Doc. 458 at 5.  The court finds defendant's arguments unpersuasive and explains why, below.

A. **Rule 26 Standard**

Federal Rule of Civil Procedure 26(b) governs the scope and limits of discovery. Under Fed. R. Civ. P. 26(b)(2)(C):

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> > (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> > (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> > (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Rule 26(b)(2)(C) directs the court to limit the extent of discovery if" circumstances meet one of these subparts. *Heckert Constr. Co., Inc. v. Sinclair Oil Corp.*, No. 10-1151-CM, 2012 WL 204568, at *2 (D. Kan. Jan. 24, 2012). In an ideal world, attorneys involved in a case can manage discovery by themselves. But, when a party objects that discovery goes beyond relevant claims or defenses, the court gets involved. And, the Circuit has instructed "[w]hen the district court does intervene in discovery, it has discretion in determining what the scope of discovery should be." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1189 (10th Cir. 2009). In its discretion, the court may determine the scope of discovery "according to the reasonable needs of the action." *Id.* (citation and internal quotation marks omitted).

B. **Judge James's Rule 26 analysis wasn't clearly erroneous or contrary to law.**

Defendant argues that Judge James's Order concluding that "the same information sought in the interrogatories is available through a more convenient, less burdensome, and less expensive source is both contrary to law and clearly erroneous." Doc. 458 at 9. The Order incorrectly applied Rule 26, defendant argues, because the interrogatories at issue weren't "unreasonably cumulative or duplicative" under Rule 26(b)(2)(C)(i).

4

To support its assertion, defendant cites several cases standing for this rule: generally, a court won't limit discovery even though sometimes information provided by one form of discovery (*i.e.*, interrogatories) may duplicate another (*i.e.*, depositions). *See Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625953, at *5 (D. Kan. Oct. 5, 1995) ("To support an objection based on duplication, moreover, one must demonstrate that the deposition testimony completely answers the interrogatories."); *Assessment Techs. Inst., LLC v. Parkes*, No. 19-2514-JAR-KGG, 2021 WL 2072452, at *3 (D. Kan. May 24, 2021) ("That a particular deponent may furnish some information that will answer a particular interrogatory, moreover, by no means assures that the information as furnished constitutes a complete answer." (citation and internal quotation marks omitted)); *McCloud v. Bd. of Geary Cnty. Comm'rs*, No. 06-1002-MLB, 2008 WL 3502436, at *2 (D. Kan. Aug. 11, 2008) ("Parties may choose the manner and method in which they conduct discovery. . . . Courts generally will not interfere in such choices." (citation and internal quotation marks omitted)).

The court understands defendant's point. But, even accepting the premise—potentially overlapping discovery is allowed where it isn't *unreasonably* cumulative, and courts err on the side of permitting discovery—the court disagrees with defendant's conclusion here. In her Order, Judge James lamented that the court's intention wasn't to dictate any parties' discovery options, but the unwieldy discovery to date in this case left her little choice.[1]  Doc. 452 at 11–12.

---

1   Judge James's Order gleaned insight from the 2015 advisory committee's note to Fed. R. Civ. P. 26(b)(2)(C):

> The present amendment again reflects the need for continuing and close judicial involvement in the cases that do not yield readily to the ideal of effective party management. It is expected that discovery will be effectively managed by the parties in many cases. But there will be important occasions for judicial management, both when the parties are legitimately unable to resolve important differences and when the parties fall short of effective, cooperative management on their own.

5

Under Rule 26(b)(2)(C)(i)'s mandate "'to limit discovery if the information sought can be secured from a more convenient, less burdensome, or less expensive source[,]'" the court denied defendant's motion to compel. *See id.* at 12–13 (quoting *Heckert Constr. Co.*, 2012 WL 204568, at *2).

Court decisions in discovery disputes, like this one, are fact intensive and context specific. Here, after spending nearly four years living in this case, Judge James made a judgment call based on a rule conferring wide discretion to do just that. Her decision was well within a magistrate judge's discretion. But more than just that—it was consistent with Rule 1's command that federal courts must apply those rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. To demonstrate that Judge James's decision (based on the word "unreasonable") was "clearly erroneous or contrary to law" would take much more than defendant brings to bear here.

After considering both parties' arguments and Judge James's Order itself, this court is not "left with the definite and firm conviction that [Magistrate Judge James committed] a mistake[.]" *Ocelot Oil Corp.*, 847 F.2d at 1464 (citation and internal quotation marks omitted). Judge James's Order didn't fail to apply the law—it correctly applied Rule 26. *See Walker*, 2011 WL 2790203, at *2 (citation and internal quotation marks omitted). Thus, defendant hasn't shouldered its burden to show that Judge James's decision was clearly erroneous or contrary to law.

---

Fed. R. Civ. P. 26 (b)(2)(C) advisory committee's note to 2015 amendment.

It concluded that this case presented one of these "important occasions for judicial management" referenced by the Advisory Committee. *See* Doc. 452 at 11–12.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Objection to Magistrate Judge's Order denying its Motion to Compel (Doc. 458) is overruled.

**IT IS SO ORDERED.**

**Dated this 13th day of January, 2023, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**