IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ORCHESTRATE HR, INC. and
VIVATURE, INC.,

      Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD
OF KANSAS, INC.,

      Defendant.

Case No. 19-4007-DDC

**MEMORANDUM AND ORDER**

      This matter comes to the court on non-party movant Washburn University's (Washburn) Motion to Modify Subpoena or, in the Alternative, Motion for a Protective Order. Doc. 449. Defendant Blue Cross and Blue Shield of Kansas responded (Doc. 457), and Washburn replied (Doc. 462). For reasons explained below, the court grants Washburn's motion in part and denies it in part.

**I.   Background**

      In November 2020, defendant served a subpoena on Washburn. Doc. 449-1. In April 2021, the court entered a protective order limiting that subpoena. Doc. 248. In the meantime, the case has evolved. On October 25, 2022, defendant served Washburn with a second subpoena (2022 subpoena). Doc. 449-2. Washburn now moves to modify the 2022 subpoena under Federal Rule 45; or, in the alterative, it requests a protective order under Rule 26. Doc. 449. The court evaluates Washburn's requests under both standards, below.

      Washburn certifies that it conferred with defendant in good faith and made reasonable efforts to resolve its objections to the 2022 subpoena before filing its objections as required by

D. Kan. Rule 37.2. Washburn and defendant conducted about an hour-long teleconference, and they exchanged several emails afterwards in attempts to resolve the issue. Doc. 449 at 2–3. Defendant revised some of the subpoena's language in response to these conversations. *Id.* at 4–9. Still, Washburn asserts that the revisions don't do enough to protect if from sustaining an undue burden under Rule 45. *Id.* at 4. Washburn formats its objections to the subpoena as something of a recap of these negotiations with defendant. *Id.* at 4–9. The court does its best to unravel the parties' disputes, ruling each objection, below.

## II.   Legal Standards

Washburn asks the court either to modify the 2022 subpoena under Rule 45(d) or issue a protective order under Rule 26(c).

### A.  Rule 45

Under Federal Rule of Civil Procedure 45, any party subject to a subpoena may move to quash or modify the subpoena. *Consumer Fin. Prot. Bureau v. Integrity Advance, LLC*, No. 21-MC-206-DDC-TJJ, 2022 WL 2791173, at *2 (D. Kan. July 15, 2022). Rule 45(d) requires the court to quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "Although Rule 45 does not specifically include relevance or overbreadth as bases to quash a subpoena, 'this court has long recognized that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34.'" *Parker v. Delmar Gardens of Lenexa, Inc.*, No. 16-2169-JWL-GEB, 2017 WL 1650757, at *3 (D. Kan. May 2, 2017) (quoting *Martinelli v. Petland, Inc.*, Nos. 10-407-RDR, 09-529-PHX-DGC, 2010 WL 3947526, at *3 (D. Kan. Oct. 7, 2010)). Under those rules, the court may quash a subpoena that seeks "irrelevant, overly broad, or duplicative discovery" but "should lean towards resolving doubt over relevance in favor of discovery." *Id.* (citations and internal quotation marks omitted).

2

This court has held "that a request or interrogatory may be overly broad or unduly burdensome on its face if it uses an omnibus term" *i.e.*, relating to, concerning, regarding. *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 667 (D. Kan. 2004). The overly broad analysis turns on what follows the omnibus phrase. If "relate to" modifies a "large category or all documents or events" the request is overly broad on its face. *Id. See also Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003) (holding request that asked defendant to produce all documents "regarding" or "relating to" the lawsuit and eleven plaintiffs and their EEOC charges overbroad on its face); *Bradley v. Val–Mejias*, No. 00-2395-GTV, 2001 WL 1249339, at *6 (D. Kan. Oct. 9, 2001) (holding request for all documents in plaintiff's possession "pertaining to the claim herein" unduly burdensome). On the other hand, if the phrase modifies a "specific type of document or specific event," then it isn't necessarily overly broad. *See Sonnino*, 221 F.R.D. at 668 (holding request that "seeks documents that relate to or concern the decision to report [p]laintiff to the Data Bank in November 2002, including all documents relating to the reasons or justifications for the decision and all documents that [d]efendants submitted to the Data Bank" was not overly broad on its face).

**B. Rule 26**

Rule 26(c) governs protective orders. Generally, the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). The court "has broad discretion to utilize such a protective order to specifically define and/or narrow the disclosure or discovery, including the terms, timing, and method of discovery." *Parker*, 2017 WL 1650757, at *4.

3

**III.    Analysis**

The court breaks Washburn's various objections down into three groups.  Washburn first objects to defendant's use of "omnibus terms" and "all documents"—it argues that "sweeping catch-all language" imposes an undue burden on it.  Doc. 449 at 5, 7.  Second, Washburn objects to the definition of "insurance claims."  *Id.* at 6.  Third, Washburn "question[s] the overlap" between the first subpoena defendant served it in 2020 and this 2022 subpoena.  *Id.* at 8.

**A. Omnibus Terms**

Washburn first objects to defendant's heavy reliance on the following phrases— "regarding," "in relation to," "mentioning," "referring," and "relating to" (omnibus terms).  Doc. 449 at 5.  It also objects to defendant's proposed definition of these terms—"referring to, responding to, commenting on, discussing, about, showing, describing, explaining or analyzing." *Id.*  Washburn asks the court to modify the omnibus terms in Requests 1–11 and 13–19.  *Id.* Washburn also objects to Request 12 as overbroad because it asks Washburn to produce "all documents" discussing any correspondence mentioning plaintiffs.  Doc. 449 at 7.

Defendant responds to Washburn's concern about the "omnibus terms" by asserting that these phrases don't automatically make the requests objectionable.  Doc. 457 at 3.  As defendant correctly notes, "when these phrases are used and modify 'a specific type of document or specific event, rather than a large category or all documents or events, the request is not deemed broad on its face.'"  *Id.* (quoting *Sonnino*, 221 F.R.D. at 667).  Defendant argues that Requests 11, 15, and 16 use these phrases to modify specific requests, and thus these requests aren't overly broad.

In some cases, defendant's request reasonably narrows the search for Washburn, even though they use omnibus terms.  In others, defendant's request crosses the line.  The court, after

4

considering both sets of arguments, orders the following modifications to the subpoena served by defendant on Washburn University:

- Request 1:  Impermissibly broad.  Omnibus term "regarding" modifies an overly broad set of documents/list of people.  The court sustains Washburn's objection.  It need not produce any documents in response to this request.

- Request 2:  Because it depends on Request 1, Request 2 is also impermissibly broad.  The court sustains Washburn's objection.  It need not produce any documents in response to this request.

- Request 3:  Impermissibly broad.  Omnibus term "regarding" modifies an overly broad set of documents/list of people.  The court sustains Washburn's objection.  It need not produce any documents in response to this request.

- Request 4:  Because it depends on Request 3, Request 4 is also impermissibly broad.  The court sustains Washburn's objection.  It need not produce any documents in response to this request.

- Request 5:  The court overrules Washburn's objection.  It thus must produce documents and things responsive to this request.

- Request 6:  The court overrules Washburn's objection.  It thus must produce documents and things responsive to this request.

- Request 7:  This request needlessly duplicated the substance of Request No. 8.  The court thus sustains Washburn's objection to it.  It need not produce any documents in response to this request.

- Request 8:  Overly broad in its use of the omnibus term "regarding" modifying "any insurance claim submitted by [p]laintiffs."  The court sustains Washburn's objection to

that part of the request—it need not produce any documents in response to that part of the request. Otherwise, the court overrules Washburn's objection. It thus must produce documents and things responsive to this request, as modified.

- Request 9: Overly broad. The court sustains Washburn's objection. It need not produce any documents in response to this request.

- Request 10: The court eliminates the omnibus term "relating to" because it unreasonably enlarges this request. But otherwise, the request stands. However, it stands only as it applies to the documents "listed by Bates-number in a document provided" as agreed upon by the parties.

- Request 11: The court sustains Washburn's objection. It need not produce any documents in response to this request.

- Request 12: The court sustains Washburn's objection. It need not produce any documents in response to this request.

- Request 13: The court overrules Washburn's objection. It thus must produce documents and things responsive to this request.

- Request 14: The court overrules Washburn's objection. It thus must produce documents and things responsive to this request.

- Request 15: The use of the omnibus term "relating to" makes this request unreasonably broad. The court eliminates Washburn's duty to respond to the "relating to" portion of this request. Otherwise, no relief for this request is warranted, *i.e.*, Washburn must respond to the request for "such investigations, audits, and/or post-payment reviews."

- Request 16: The court overrules Washburn's objection. It thus must produce documents and things responsive to this request.

- Request 17: The court sustains Washburn's objection. It need not produce any documents in response to this request.

- Request 18: The court eliminates the words "relating in any way to COVID-19 . . . COVID-19 tests, testing," but permits use of omnibus term "relating to" for the rest of the subject of this request, *i.e.*, "submission of insurance claims for COVID-19 related services."

- Request 19: The court overrules Washburn's objection. It thus must produce documents and things responsive to this request.

In sum, the court eliminates Washburn's duty to respond to Requests 1–4, 7, 9, 11–12, and 17. It modifies Requests 8, 10, 15, and 18. And it permits Requests 5–6, 13–14, 16, and 19 to stand.

Next, the court addresses Washburn's objection to the definition of "insurance claims."

### B. Insurance Claims

Washburn objects to the definition of "insurance claims" in Requests 5, 7–8, 11, and 16–19. Doc. 449 at 6. It objects to the language as unduly burdensome, but it doesn't explain why that's so. *See id.* Defendant contends that "insurance claims" has a "common-sense and ordinary meaning." Doc. 457 at 4. The court agrees. It thus orders no relief on this basis. But the other rulings made on these requests—the decisions above about omnibus terms—don't change.

### C. Overlap between 2020 and 2022 subpoenas

In the final two pages of its motion, Washburn has copied and pasted part of an email between it and defendant's counsel about the overlap between the 2020 and 2022 subpoenas. Doc. 449 at 8. It then asks the court to determine whether defendant's requests are duplicative

7

and limit the discovery under Rule 26 to protect it from annoyance, embarrassment, oppression, or undue burden or expense. *Id.* at 9–10. The court concludes that its modifications under Rule 45 address Washburn's remaining concerns about the scope of discovery.

**IT IS THEREFORE ORDERED BY THE COURT THAT** non-party movant Washburn's Motion to Modify Subpoena or, in the Alternative, Motion for Protective Order (Doc. 449) is granted in part and denied in part as described by this Order.

**IT IS FURTHER ORDERED THAT** within twenty-one (21) days of the date of this Order, Washburn shall make available to defendant those documents it deems responsive to the remaining requests as limited by this Order, along with a privilege log for any documents Washburn claims are privileged.

**IT IS SO ORDERED.**

**Dated this 30th day of January, 2023, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**