IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ORCHESTRATE HR, INC. and VIVATURE, INC.,**

    **Plaintiffs,**

v.

**BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.,**

    **Defendant.**

Case No. 19-4007-DDC

### MEMORANDUM AND ORDER

On June 2, 2023, the court conducted a telephone hearing and ruled orally on each discovery issue raised in defendant's Motion to Compel (Doc. 481) and plaintiffs' Motion to Compel (Doc. 504). The bases for these rulings are set forth in the record of that hearing, and the court need not repeat them in this Order. Instead, the court briefly describes the rulings below. For those objections that the court overruled in whole or in part, the objecting party must produce answers, responses, responsive documents, and any privilege log no later than **June 16, 2023**. The court addresses its rulings in three parts: 1. defendant's Motion to Compel (Doc. 481); 2. plaintiffs' Motion to Compel (Doc. 504); and 3. sanctions. Before its three-part summary, the court provides the controlling legal standard.

**I.**    **Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery. As amended in 2015, it provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

> stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). It now is clear: considerations of both relevance and proportionality govern the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. Courts still should construe relevance "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Information still "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). But the 2015 amendment deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase, because parties often misused it to define the scope of discovery and it had the potential to "swallow any other limitation on the scope of discovery." *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

When the requested discovery sought appears relevant, the party resisting discovery bears the burden to establish an absence of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003). Conversely, when the relevance of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the request's relevancy. *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008). Relevancy determinations are generally made on a case-by-case basis. *Brecek & Young Advisors, Inc. v.*

*Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

**II.     Part One:  Defendant's Motion to Compel (Doc. 481)**

Plaintiffs objected to two definitions used by defendant's most recent Requests for Production (RFPs).  They objected to part of the definition of "Non-Kansas Schools" and they objected to use of the terms "mentioning, referring, or relating to" in RFP Nos. 5, 6, 7, and 12.  The court ruled as follows on the disputed definitions in Defendant's Amended Third Set of Requests for Production (As Modified on March 2, 2023):

- One, plaintiffs objected to the definition of "Non-Kansas Schools:"  The court overruled plaintiffs' objection and granted defendant's motion to compel.  But, as the court cautioned defendant, this definition approaches and perhaps reaches the outer edge of relevance and proportionality.

- Two, plaintiffs objected to the phrase "mentioning, referring, or relating to" in RFP Nos. 5, 6, 7, 12:  The court overruled this objection.  The court would've sustained plaintiffs' objection to the phrase "relating to" in these RFPs because it's the type of omnibus phrase that our court disfavors.  But plaintiffs didn't make this objection sooner, and thus waived the objection.  And the remaining phrases—"mentioning" and "referring"—are not objectionable, thus the court would have overruled plaintiffs' objection to them, even if not waived.

On other issues raised in defendant's motion (Doc. 481), plaintiffs objected to four RFPs in whole or in part:  Nos. 5, 6, 7, and 12.  The court ruled as follows on the RFPs in dispute from Defendant's Amended Third Set of Requests for Production (As Modified on March 2, 2023):

- **RFP No. 5:** The court granted defendant's motion to compel but only to the limited extent that it requires plaintiffs to produce documents about investigations of *fraud* initiated or conducted by state or federal agencies. The court intends its ruling to narrow the RFP so it doesn't require production of any "one off" or otherwise individualized claims or individual investigations.

- **RFP No. 6:** The court denied defendant's motion to compel. The scope of its request exceeds what Rule 26 permits.

- **RFP No. 7:** The court denied defendant's motion to compel. To grant a motion to compel, the court, first, would have to understand what the RFP requests—and defendant doesn't make that easy to do. But as perceived by the court, the scope of this request exceeds what Rule 26 permits.

- **RFP No. 12:** The parties' briefing on this Request presented a new and different problem. Defendant contends that plaintiffs waived these objections by failing to timely assert them in their Original or First Amended Responses to Request No. 12. Plaintiffs argue, in response, that they only failed to assert these objections sooner because of an agreement that the parties reached during a November 29, 2022, conference. *See* Doc. 491 at 9–10. Absent that agreement, the court agrees with defendant—plaintiffs waived the objections. But nothing in the court's record permits it to discern which side of this dispute about an oral agreement argument is correct. The court thus set this issue for an evidentiary hearing on this question: Did defendant agree to a modified interpretation of this request and, if so, whether plaintiffs have complied with that purportedly modified request. The court directed the parties to confer and jointly propose three potential dates to conduct an evidentiary hearing on this issue.

### III. Part 2: Plaintiffs' Motion to Compel (Doc. 504)

The sole dispute about Plaintiffs' Sixth Set of Requests for Production as partially amended covered one definition. Defendant objected to the part of plaintiffs' definition of "BCBSKS," "Your," and "You" that includes "the Spencer Fane law firm."

The court sustained defendant's objection and denied plaintiffs' motion to compel. Plaintiffs wholly failed to address the proportionality issue and so, plaintiffs didn't carry their burden on this motion. If plaintiffs contend that the documents asserted as privileged aren't really privileged or other circumstances warrant piercing the privilege, they may challenge those documents on a narrowed, proportional basis.

### IV. Part 3: Attorney's Fees and Costs

The court awarded sanctions under Rule 37 for one of the two motions—as it advised the parties it would during a recent telephone conference. *See* Fed. R. Civ. P. 37(a)(5)(B) (the court may "require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees"). The court ruled that the parties will cover their own fees associated with defendant's Motion to Compel (Doc. 481). And plaintiffs will pay both parties' attorney's fees and costs associated with their Motion to Compel (Doc. 504). The court directed the parties to comply with D. Kan. Rule 54.2 to present their fee award agreement (if they reach one) and, failing that outcome, to present the issue to the court for decision. *See* D. Kan. Rule 54.2.

**IT IS SO ORDERED.**

**Dated this 7th day of June, 2023, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge