IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ORCHESTRATE HR, INC. and VIVATURE, INC.,**

    **Plaintiffs,**

v.

**BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.,**

    **Defendant.**

Case No. 19-4007-DDC

## **MEMORANDUM AND ORDER**

Before the court is plaintiffs' "Motion to Consider an Alternative to Part of the June 2, 2023 Order." Doc. 517. This issue also originates in Defendant's Amended Motion to Compel (Doc. 481) and the Memorandum and Order of June 7, 2023 (Doc. 515). This Order left unresolved the issue raised in Doc. 481 about plaintiffs' objections to Request for Production No. 12. *See* Doc. 515 at 3–4.

Taken together, this filing asks the court to "make a determination of the proportionality of Request for Production No. 12[.]" *See* Doc. 517 at 3. The parties sharply dispute whether plaintiffs waived their objections to this RFP. So, on June 27, 2023, the court held an evidentiary hearing to receive evidence or other material that might establish an answer to the following question: Did defendant agree during a November 29, 2022 telephone conference to modify, clarify, or limit RFP No. 12 so that it's unfair to treat objections asserted in plaintiffs' Second Amended Responses to RFP No. 12 as waived?

After hearing the parties' proffers and arguments at the June 27 hearing, the court finds that defendant has a solid basis to argue that plaintiffs waived any objection to RFP No. 12. This

argument begins when defendant served its "Third Set of Requests for Production" and, on October 30, 2022, plaintiffs responded by objecting to RFP No. 12.  Doc. 481-7 at 20.  This objection reads:  "Plaintiffs object to this request as being overly broad, unduly burdensome, not relevant and not proportional to the needs of this case.  Plaintiffs further object to the terms 'mentioning, referring or relating to' as such terms are undefined and therefore vague and ambiguous.  Plaintiffs object to this list of accusations as many of these accusations are not even alleged by Plaintiffs as being made by Defendant."  *Id.* at 11.

Then, after counsel conferred about this and other discovery disputes, defendant withdrew its "Third Set of Requests for Production" and served plaintiffs with an "*Amended* Third Set of Requests for Production."  *See* Doc. 481-4 at 2 (emphasis added).  In it, defendant amended RFP No 12.  And plaintiffs didn't object to the amended Requests.  On December 21, 2022, in response to the amended RFP No. 12, plaintiffs responded:  "Plaintiffs will produce all non-privileged responsive documents that relate to the claims which are at issue in this case."  Doc. 481-4 at 10 ("Plaintiffs' Responses to Defendant's Amended Third Set of Requests for Production").  On February 11, 2023, plaintiffs served another response—something they called, "First Amended Responses to Defendant's Amended Third Set of Requests for Production" (Doc. 481-5)—which, again, didn't object to RFP No. 12.  *Id.* at 10.  Specifically, plaintiffs' amended response simply changed the verb tense of their original response to the amended RFP No. 12, responding:  "Plaintiffs have produced all non-privileged responsive documents that relate to the claims which are at issue in this case."  *Id.*

During the June 27, 2023 evidentiary hearing, plaintiffs' counsel argued that his objections to RFP No. 12 from defendant's Third Set of Requests for Production should apply to RFP No. 12 from defendant's *Amended* Third Set of Requests for Production.  The court doesn't

find this argument persuasive.  The total content of plaintiffs' response to that request, *i.e.*, "Plaintiffs have produced all non-privileged responsive documents that relate to the claims which are at issue in this case[,]" does no one any favors—not the parties or the court.  It doesn't allow anyone to discern which documents or things plaintiffs, as the responding party, will produce in response to this request.  The confusion that followed illustrates the problem.  Plaintiffs' counsel believes that this response qualifies as some sort of objection—when read within the context of the parties' conversations, alleged oral agreements, and the history of the requests for production.  But it's impossible for any decision maker—especially one who's not a lawyer living every day in this case—to read discovery responses like this one and understand what has transpired.

The opposite conclusion makes far more sense.  Illustrated simply:  Defendant serves Request for Production #1.  Plaintiffs object to it.  Discussion between the two parties takes place.  Defendant withdraws Request for Production #1.  Defendant then serves Request for Production #2.  Plaintiffs don't object to it.  Conclusion:  Plaintiffs didn't object to Request for Production #2.

But still, plaintiffs presented some evidence at the June 27 hearing that they misunderstood the second request—defendant's Amended Third Set of Requests for Production.  Ultimately, the court doesn't need to decide this factual dispute—whether plaintiffs waived their objection.  Instead, it addresses the merits of the underlying dispute about the scope of the RFP, and it now overrules plaintiffs' "proportionality" objection to RFP No. 12.

Plaintiffs' motion asks the court to determine "the proportionality of Request for Production No. 12" by exercising its inherent authority under Fed. R. Civ. P. 26.  Doc. 517 at 3.  Rule 26 allows a court "[o]n a motion or on its own," to "limit the . . . extent of discovery otherwise allowed by these rules" when it determines that the discovery sought is "unreasonably

cumulative or duplicative" or otherwise outside of Rule 26(b)(1)'s scope. Fed. R. Civ. P. 26(b)(2)(C). Rule 26(b)(1) directs the court to limit the frequency or extent of use of discovery if it determines that "the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation." *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

Request for Production No. 12 in defendant's Amended Third Set of Requests for Production reads as follows:

> **REQUEST NO. 12:** All Documents—including but not limited to any Internal Correspondence/Internal Communications and/or Correspondence/Communications between You and any third party—mentioning, referring, or relating to any allegation/accusation against You that You:
>
> - Committed fraud;
> - Provided false information;
> - Filed false claims;
> - Fraudulently billed;
> - Overutilized services;
> - Billed for unlicensed trainers;
> - Billed for unlicensed individuals;
> - Billed for band-aids;
> - Perpetrated a scheme;
> - Hand wrote or altered medical records;
> - Kept different medical records than the universities;
> - Made misrepresentations;
> - Forged medical records or related information;
> - Provided false medical records;
> - Billed for illegitimate medical offices;
> - Broke the law; or
> - Committed a crime.

Doc. 481-5 at 9–10.

The court also asked the parties to present arguments about proportionality of this RFP during the hearing on June 27. Plaintiffs argued that the RFP wasn't proportional because it

wasn't limited to any set of clients such as colleges or universities.  Defendant argued that RFP No. 12 includes a specific list of accusations—pulled from the accusations that plaintiffs have claimed defendant made about them.  Defendant argued that plaintiffs have alleged that other insurance companies, schools, and state and federal government agencies have taken improper action against them and damaged them solely because of defendant's statements or actions.  Thus, defendant argues, the scope of the request is proper in light of plaintiffs' sweeping claims.  The court agrees with defendant.

Plaintiffs' Third Amended Complaint makes claims for:  (1) fraud; (2) defamation; (3) tortious interference with a contract; and (4) fraud by non-disclosure.  Doc. 262 at 26–104 (Third Am. Compl. ¶¶ 67–137).  Based on the allegations supporting the defamation claim alone, RFP No. 12 is relevant and proportional.

Plaintiffs allege that "[a]s a result of each of these false and defamatory statements contained in [the above 144 listed communications], Plaintiffs have suffered reputational and monetary damages.  Each of these communications impugns Plaintiffs and not only states, directly or indirectly, that the services performed by Plaintiffs are negligent or not proper but also these communications accuse Plaintiffs of fraud and criminal activity.  As a result of these communications, the claims were not paid resulting in Plaintiffs not receiving their percentage payment for these claims."  Doc. 262 at 79 (Third Am. Compl. ¶ 86).  The Amended Complaint asserts that "as a direct result of BCBSKS's defamatory statements, [plaintiffs have] suffered millions of dollars in damages . . .  It is [plaintiffs'] contention that *but for* BCBSKS's defamatory statements, these damages would not have occurred."  Doc. 262 at 85 (Third Am. Compl. ¶ 96) (emphasis added).

Plaintiffs allege that defendant's "communications are defamatory as they explicitly accuse [plaintiffs] of:"

- Committing fraud;
- Providing false information;
- Filing false claims;
- Fraudulently billing;
- Overutilizing services;
- Billing for unlicensed trainers;
- Billing for unlicensed individuals;
- Billing for band-aids;
- Perpetrating a scheme;
- Hand writing or altering medical records; and
- Keeping different medical records than the universities.

Doc. 262 at 4 (Third Am. Compl. ¶ 8). The Amended Complaint continues, asserting that plaintiffs believe "that these communications are implicitly defamatory as they imply that [plaintiffs]:"

- committed fraud;
- made misrepresentations to BCBSKS;
- forged medical records or related information;
- provided false medical records;
- fraudulently billed;
- billed for illegitimate medical offices;
- provided false medical records;
- filed false claims;
- broke the law; and
- committed a crime.

Doc. 262 at 4 (Third Am. Compl. ¶ 9) (quotation cleaned up).

The Amended Complaint alleges defendant made defamatory statements to the effect that plaintiffs had engaged in the behaviors listed in RFP No. 12. And plaintiffs claim they suffered damages as a direct result of ("but for," in their words) defendant making these statements. It's difficult to place much stock in a party's argument that discovery isn't relevant when—as here—the discovery requests track allegations made by the complaining party. Plaintiffs chose to assert

6

a broad defamation claim based on dozens of allegedly defamatory statements. Plaintiffs must live with the consequences of asserting such a sweeping claim. The requested discovery is relevant because it tracks the accusations plaintiffs have elected to make in their Amended Complaint.

When the requested discovery sought is relevant, the party resisting discovery bears the burden to establish an absence of relevancy by demonstrating that the requested discovery (1) does not fall within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm resulting from discovery would outweigh the ordinary presumption in favor of broad disclosure. *See Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003). Plaintiffs—the party resisting discovery here—fail to shoulder their burden. This requested discovery falls within Rule 26's scope of relevance. So, defendant has right to discover—and it's discovery that's relevant and proportional—whether other people or organizations made these statements about plaintiffs. Thus, the court overrules plaintiffs' objections to RFP No. 12.

The court orders the parties to apply the agreed search terms—as they would support a response to RFP No. 12—to the relevant custodians within the next 10 days.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Consider an Alternative to Part of the June 2, 2023 Order (Doc. 517) is denied.

**IT IS FURTHER ORDERED** that plaintiffs' objection to Request for Production No. 12 from Defendant's Amended Third Set of Requests for Production (as Modified on March 2, 2023) is overruled.

**IT IS SO ORDERED.**

**Dated this 7th day of July, 2023, at Kansas City, Kansas.**

                                        s/ Daniel D. Crabtree
                                        Daniel D. Crabtree
                                        United States District Judge

8