UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

ORCHESTRATE HR, INC. and
VIVATURE, INC.,

      Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD
OF KANSAS, INC.,

      Defendant.

Civil Action No. 5:19-cv-04007

## DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES

Pursuant to Dkt. No. 515, Defendant Blue Cross and Blue Shield of Kansas, Inc. ("BCBSKS") files this Motion for Award of Attorney's Fees, respectfully stating as follows:

### I.
### SUMMARY

1.    In its June 7, 2023 Order (Dkt. No. 515), this Court ordered that Plaintiffs "pay both parties' attorney's fees and costs associated with [Plaintiffs'] Motion to Compel," and "directed the parties to comply with D. Kan. Rule 54.2 to present their award agreement (if they reach one) and, failing that outcome, to present the issue to the court for decision."[1]

2.    As detailed more fully below, on June 21, 2023, BCBSKS's counsel (Jason Cross, J. Nick Badgerow, Casey Murray, and Preston Enoch) and Plaintiffs' counsel (Jose Portela, Brenda Head, and Sarita Smithee) conferred regarding a fee award agreement. BCBSKS informed Plaintiffs that it had incurred and was seeking a fee award of $39,806.50. Plaintiffs rejected BCBSKS's proposed fee award, without any explanation, and did not provide BCBSKS any sort

---

[1] Dkt. No. 515 at 5.

of counteroffer. Accordingly, because the parties were not able to reach agreement, BCBSKS now presents the issue to the Court.

## II.
## SUPPORTING EVIDENCE

3. BCBSKS relies on the following evidence in support of this Motion:

| Exhibit | Description |
|---|---|
| 1 | Declaration of J. Nick Badgerow ("Badgerow Decl.") and its attached itemized invoices/statements from April 2023 (Ex. 1-A), May 2023 (Ex. 1-B), and June 2023 (Ex. 1-C) |
| 2 | 6/21/23 email from Jason Cross to Jose Portela, et al., re Orchestrate HR, Inc. et al. v. Blue Cross and Blue Shield of Kansas, Inc., Civil Action No. 19-cv-04007 |
| 3 | 6/21/23 email string between Jose Portela and Jason Cross, et al., re Orchestrate HR, Inc. et al. v. Blue Cross and Blue Shield of Kansas, Inc., Civil Action No. 19-cv-04007 |
| 4 | 6/21/23 email string between Jason Cross and Jose Portela, et al., re Orchestrate HR, Inc. et al. v. Blue Cross and Blue Shield of Kansas, Inc., Civil Action No. 19-cv-04007, attaching itemized invoices/statements for April 2023 and May 2023 |
| 5 | 6/21/23 email string between Jose Portela and Jason Cross, et al., re Orchestrate HR, Inc. et al. v. Blue Cross and Blue Shield of Kansas, Inc., Civil Action No. 19-cv-04007 |
| 6 | 6/21/23 email string between Jason Cross and Jose Portela, et al., re Orchestrate HR, Inc. et al. v. Blue Cross and Blue Shield of Kansas, Inc., Civil Action No. 19-cv-04007 |

## III.
## STATEMENT OF CONSULTATION

4. On June 21, 2023 (11:00 a.m.), BCBSKS's counsel, Mr. Jason Cross, emailed Plaintiffs' counsel, Jose Portela, Sarita Smithee, and Brenda Head, stating that BCBSKS had incurred $39,806.50 in attorney's fees in connection with Plaintiffs' motion to compel, and asked whether "Plaintiffs agree to the payment of these fees."[2]  Nick Badgerow, Casey Murray, and Preston Enoch were copied on Mr. Cross's email.[3]

---

[2] Ex. 2.
[3] *Id.*

5. At 11:09 a.m., Mr. Portela responded: "Can you provide any detail or backup as to this lump sum?"[4]

6. At 1:22 p.m., Mr. Cross sent to Mr. Portela redacted copies of the itemized statements/invoices from April 2023 and May 2023 that supported BCBSKS's fee request.[5] Mr. Cross also stated that, "[i]n addition, and as part of the total I provided in my earlier email, Casey Murray incurred 1.1 hours in June discussing and attending the June 2 hearing, and I incurred 4.5 hours preparing for, discussing, and attending the June 2 hearing. These have not yet been invoiced but will following the close of the month."[6]

7. At 2:48 p.m., Mr. Portela responded: "We cannot agree to this amount. Please advise how you would like to proceed from here."[7]

8. At 3:06 p.m., Mr. Cross stated "[w]e plan to make the submissions required by D. Kan. L.R. 54.2(c)-(e)."[8]

9. Accordingly, after consultation in accordance with D. Kan. Rule 54.2(a), the parties have been unable to reach an agreement with regard to the fee award. As such, BCBSKS now presents the issue to the Court.

## IV.
## ARGUMENT AND AUTHORITIES

### A. Legal Standard

10. When determining whether a requested fee award is reasonable, "a court must begin by calculating the so-called lodestar amount of a fee," which is "the product of the number of

---

[4] Ex. 3.
[5] Ex. 4.
[6] *Id.*
[7] Ex. 5.
[8] Ex. 6.

attorney hours 'reasonably expended' and a 'reasonable hourly rate.'"[9]  "The party requesting attorneys' fees bears the burden to prove the amount of hours spent on the case and the appropriate hourly rates."[10]  "Once an applicant satisfies this burden, the court presumes that the lodestar figure is a reasonable fee."[11]

11.     After determining the lodestar, the court may adjust that figure upward or downward "'to account for the particularities of the suit and its outcome.'"[12]  "This approach requires the court to consider the "*Johnson* factors."[13] Although the court may consider each of these factors, it need not consider those factors "'subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'"[14]  This is so because the "lodestar calculation is meant to be the primary consideration when awarding fees rather than the *Johnson* factors."[15]

B.     **BCBSKS's Requests a Reasonable Fee Award of $39,806.50**

*1.     Base Lodestar*

12.     "First, the court considers whether the hourly rates charged by the lawyers are 'a reasonable rate in the relevant community.'"[16]  The relevant community is "the area in which the litigation occurs" or "the area in which the court sits."[17]  The party seeking fees "must provide evidence of the prevailing market rate for similar services by 'lawyers of reasonably comparable

---

[9] *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (further citations and internal quotation marks omitted)).
[10] *Shigo v. Clark*, No. 21-2079, 2022 WL 16854271, at *1 (D. Kan. Nov. 10, 2022) (citation omitted).
[11] *Shigo*, 2022 WL 16854271, at *1 (citation omitted).
[12] *Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1254 (D. Kan. 2017) (citation omitted).
[13] *I.e.*, (1) time and labor required; (2) novelty and difficulty of the questions presented in the case; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorneys due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Shigo*, 2022 WL 16854271, at *2 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)).
[14] *Fox*, 258 F. Supp. 3d at 1254 (citation omitted).
[15] *Id.* (citing *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1103 (10th Cir. 2010)).
[16] *Shigo*, 2022 WL 16854271, at *1 (citations omitted).
[17] *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983).

skill, experience, and reputation' in the relevant community."[18]  An attorney's customary rate is relevant but not conclusive.[19]

13. As detailed in Mr. Badgerow's declaration,[20] the hourly rates charged by Spencer Fane during the applicable time period when those rates were applied in the present case were reasonable in this community and the communities where the services were provided.[21]  The rates charged by the various timekeepers (and the experience, reputation, and ability of each timekeeper) involved in BCBSKS's Response to Plaintiffs' Motion—which range from $740 per hour to $320 per hour—are set out fully below.

14. The non-Kansas lawyers' rates (*i.e.*, Mr. Jason Cross, Mr. Preston Enoch, and Ms. Leslie Witterschein) would be, and in fact are, much higher in their respective communities, but have been reduced for this case.[22]  Both the standard rates and reduced rates are well within what is reasonable in this jurisdiction, and, more specifically, the Kansas City area.[23]  The maximum rate charged by BCBSKS's lead attorney, Mr. Cross, is $740 per hour, which is reasonable and comparable to the rates charged by other attorneys in this community with backgrounds and experiences similar to those of Mr. Cross, and well-below the rates which senior and experienced lawyers could and would charge in this community and their own communities.[24]

15. Applying the community standard, it is Mr. Badgerow's opinion that the rates charged by Spencer Fane in this matter were well within the range of reasonable rates for the

---

[18] *Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).
[19] *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).
[20] Mr. Badgerow's qualifications, experience, expertise, and knowledge and familiarity with the fees and rates being charged by other law firms in the community are fully detailed in his declaration.  (Ex. 1, Badgerow Decl., ¶¶ 1-11.)
[21] *Id.* ¶ 14.
[22] *Id.* ¶ 23; *Lawson v. Spirit AeroSystems, Inc.*, No. 18-1100, 2020 WL 7700228, at *5 (D. Kan. Dec. 28, 2020) ("An attorney's customary rate is relevant but not conclusive." (citation omitted)).
[23] Ex. 1, Badgerow Decl., ¶ 23.
[24] *Id.*

5

attorneys who provided services to BCBSKS in the successful defense of Plaintiffs' Motion.[25] Therefore, the rates charged by Spencer Fane in this litigation were reasonable.[26]

16. "Next, the court considers whether [the party] can demonstrate a '[reasonable] number of hours ... spent on the litigation.'"[27] When determining whether the amount of time spent on a matter is reasonable, courts consider the "*Robinson* factors," which are (1) whether the tasks being billed would normally be billed to a paying client, (2) the number of hours spent on each task, (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) the responses necessitated by the maneuvering of the other side, and (6) potential duplication of services by multiple lawyers.[28]

17. After considering the *Robinson* factors, and after a review of the attached itemized statements/invoices and the charges for the services which were undertaken or to which responsive activity was required in connection with Plaintiffs' Motion, it is Mr. Badgerow's opinion that the number of hours expended by Spencer Fane attorneys representing BCBSKS were fair, reasonable, and justified.[29]

18. Applying the standards detailed herein to the present case, in order to arrive at a determination that BCBSKS's attorneys' fees were reasonable, the following factors appear:

---

[25] *Id.* ¶ 24.

[26] *Id.*; *see also Fox*, 258 F. Supp. 3d at 1264 (noting that though the trial in that case occurred in Kansas City, Kansas, the relevant market for determining reasonableness of attorneys' fees "is the Kansas City metropolitan area, which includes Missouri and Kansas"); *Pollard v. Remington Arms Co., LLC*, 320 F.R.D. 198, 222-23 (W.D. Mo. 2017) (approving hourly rates ranging from $261 to $897 as not dissimilar to rates charged in the Kansas City area); *Bahnmaier v. Wichita State University*, No. 2:20-cv-02246, 2021 WL 3662875, at *2 (D. Kan. Aug. 18, 2021) (finding hourly rates ranging from $350 per hour to $850 per hour reasonable); *Lawson*, 2020 WL 7700228, at *3 (finding hourly rates in 2020 ranging from $185 per hour to $625 per hour reasonable); *Hoffman v. Poulsen Pizza LLC*, No. 15-2640, 2017 WL 25386, at *6-7 (D. Kan. Jan. 3, 2017) (finding, in 2017, $600 per hour for a managing partner and $400-450 for other experienced attorneys to be reasonable in a Fair Labor Standards Act ("FLSA") case).

[27] *Shigo*, 2022 WL 16854271, at *4 (citations omitted).

[28] *Id.*

[29] Ex. 1, Badgerow Decl., ¶ 26.

      (a)      The Time and Labor Involved

19.    BCBSKS's Response to Plaintiffs' Motion required significant effort by the attorneys representing BCBSKS to research and apply facts to law.[30] Plaintiffs' Motion sought an incredible amount of information from each member of Spencer Fane's legal team, including their documents and communications.[31] Given the burden of responding to what Plaintiffs were asking for and the potential implications Plaintiffs' Motion had on BCBSKS's and Spencer Fane's attorneys' claims of privilege, it was extremely important for BCBSKS's attorneys to dedicate a significant amount of time and effort in responding to Plaintiffs' Motion, which included drafting the detailed declaration of Ms. Witterschein.[32] The time records reflect, and BCBSKS's Response to Plaintiffs' Motion (as well as its supporting evidence) justify, the time spent by counsel for BCBSKS in responding to Plaintiffs' Motion.[33] And as every litigator well-knows, it is far more difficult to provide a detailed and comprehensive response in just three pages (which was the case with BCBSKS's Response to Plaintiffs' Motion) as opposed to ten pages.[34]

      (b)      The Novelty and Difficulty of the Questions Presented

20.    Rather than being narrowly tailored or focused, Plaintiffs' Motion took a shotgun-like approach.[35] For instance, rather than explaining how each member of Spencer Fane's legal team's documents were relevant and proportional, as is required by Federal Rule of Civil Procedure 26(b)(1), Plaintiffs simply concluded that they were entitled to discover Spencer Fane's litigation-related documents because "[t]here is little doubt that … Spencer Fane [is] in possession of

---

[30] *Id.* ¶ 28.
[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] *Id.*
[35] *Id.* ¶ 29.

7

responsive documents" that are "facially relevant" to Plaintiffs' claims and BCBSKS's defenses.[36] Because Plaintiffs failed to make a clear or direct argument regarding why they were entitled to Spencer Fane's litigation-related documents, BCBSKS was required to respond to each conceivable basis upon which Plaintiffs appeared to predicate their Motion.[37]

        (c)       <u>The Skill Requisite to Perform the Legal Services Properly</u>

21.     Skills in litigation and knowledge of the Federal Rules of Civil Procedure, Federal Rules of Evidence, Texas state law (including Texas's attorney-client privilege), and the federal work-product privilege were all required in the highest order to defend against Plaintiffs' Motion successfully.[38] The required litigation skills included the analysis of significant legal issues, the investigation and determination of historical facts in the case, a detailed and thorough understanding of the true ramifications of having to respond to Plaintiffs' Motion and Plaintiffs' requests for Spencer Fane's litigation-related documents, and a true understanding and appreciation of what is truly required for a party to successfully oppose a motion to compel, including the evidentiary requirement that a party support their objections based on claims of proportionality and undue burden, both of which were present in BCBSKS's response to Plaintiffs' Motion.[39]

        (d)       The Preclusion of Other Employment by the Attorneys Due to Acceptance of the Case

22.     This factor does not apply under the current circumstances.[40]

---

[36] *Id.*
[37] *Id.*
[38] *Id.* ¶ 30.
[39] *Id.*
[40] *Id.* ¶ 31.

      (e)      The Customary Fee for Such Work

23.    The "customary" fee gets back to an analysis of the number of hours expended—which differs for every case—and the hourly rates charged, which (as stated above) were reasonable, and therefore customary, in this case.[41]

      (f)      The Amount Involved and the Results Obtained

24.    Counsel achieved a complete victory for BCBSKS in relation to Plaintiffs' Motion.[42]  Within the confines of what is practical and reasonable, their success is complete.[43] And given that the total cost for BCBSKS to comply with Plaintiffs' request for Spencer Fane's data would be approximately $127,800-$148,000, the fees requested by BCBSKS here ($39,806.50) are more than reasonable.[44]

      (g)      Time Limitations Imposed by the Client or the Circumstances

25.    With respect to Plaintiffs' Motion, the Court ordered an expedited briefing schedule, which required BCBSKS to respond to Plaintiffs' Motion within seven days.[45]  As such, the time limitations imposed by the circumstances weigh in favor of BCBSKS's fee request.[46]

      (h)      The Experience, Reputation, and Ability of the Attorneys

26.    Mr. Jason Cross graduated from Southern Methodist University Dedman School of Law, *magna cum laude*, and has practiced business litigation since 2004.[47]  Mr. Cross is the Office Managing Partner of Spencer Fane's Dallas, Texas office and has been named a Top-Rated Business Litigation Attorney in Dallas, *Super Lawyers* and selected for inclusion in *Super*

---

[41] *Id.* ¶ 32.
[42] *Id.* ¶ 33.
[43] *Id.*
[44] *Id.*
[45] *Id.* ¶ 34.
[46] *Id.*
[47] *Id.* ¶ 35.

*Lawyers*, Rising Stars seven times.[48] The hourly rate charged by Spencer Fane for Mr. Cross's services in connection with Plaintiffs' Motion is $740 per hour, which is a significant reduction from Mr. Cross's standard hourly rate of $795.[49] In Mr. Badgerow's opinion, Mr. Cross's $740 hourly rate is well within what is reasonable in this jurisdiction and community for an attorney with his qualifications and experience.[50] Moreover, Mr. Cross spent 22.2 hours performing legal services in connection with BCBSKS's Response to Plaintiffs' Motion in April and May 2023 (which are detailed in the attached Exs. 1-A and 1-B).[51] Mr. Cross spent an additional 4.5 hours in June 2023 (which are detailed in the attached Ex. 1-C) preparing for, discussing, and attending the June 2, 2023 hearing on Plaintiffs' Motion.[52] In Mr. Badgerow's opinion, the 26.7 hours Spencer Fane billed to BCBSKS for Mr. Cross's services in connection with BCBSKS's Response to Plaintiffs' Motion were fair, reasonable, and justified.[53]

27. Mr. Casey Murray graduated from the University of Kansas School of Law and has practiced business litigation since 2005.[54] Mr. Murray is a partner in Spencer Fane's Kansas City, Missouri office, was a 2013 graduate of Ross T. Roberts Trial Academy, and has been selected in *Best Lawyers in America* and *Missouri & Kansas Super Lawyers*.[55] The hourly rate charged by Spencer Fane for Mr. Murray's services in connection with Plaintiffs' Motion is $565 per hour, which is a significant reduction from Mr. Murray's standard hourly rate of $595.[56] In Mr. Badgerow's opinion, Mr. Murray's $565 hourly rate is well within what is reasonable in this

---

[48] *Id.*
[49] *Id.*
[50] *Id.*
[51] *Id.*
[52] *Id.*
[53] *Id.*
[54] *Id.* ¶ 36.
[55] *Id.*
[56] *Id.*

10

jurisdiction and community for an attorney with his qualifications and experience.[57]  Moreover, Mr. Murray spent .2 hours performing legal services in connection with BCBSKS's Response to Plaintiffs' Motion in April and May 2023 (which are detailed in the attached Exs. 1-A and 1-B).[58] Mr. Murray spent an additional 1.1 hours in June 2023 (which are detailed in the attached Ex. 1-C) preparing for, discussing, and attending the June 2, 2023 hearing on Plaintiffs' Motion.[59]  In Mr. Badgerow's opinion, the 1.3 hours Spencer Fane billed to BCBSKS for Mr. Murray's services in connection with BCBSKS's Response to Plaintiffs' Motion were fair, reasonable, and justified.[60]

28. Mr. Preston Enoch graduated from Southern Methodist University Dedman School of Law, *cum laude*, and has practiced business litigation since 2015.[61]  Mr. Enoch is a partner in Spencer Fane's Dallas, Texas office and has been selected for inclusion in *Best Lawyers in America*, Ones to Watch four times.[62]  Mr. Enoch was the speaker and author of *Proving Up and Challenging Reasonable Attorney's Fees and Expenses* at the 36th Annual Litigation Update Institute, State Bar of Texas, Austin, Texas (Jan. 2020).[63]  The hourly rate charged by Spencer Fane for Mr. Enoch's services in connection with Plaintiffs' Motion is $460 per hour, which is a significant reduction from Mr. Enoch's standard hourly rate of $500.[64]  In Mr. Badgerow's opinion, Mr. Enoch's $460 hourly rate is well within what is reasonable in this jurisdiction and community for an attorney with his qualifications and experience.[65]  Moreover, Mr. Enoch spent 36.7 hours performing legal services in connection with BCBSKS's Response to Plaintiffs' Motion (which are

---

[57] *Id.*
[58] *Id.*
[59] *Id.*
[60] *Id.*
[61] *Id.* ¶ 37.
[62] *Id.*
[63] *Id.*
[64] *Id.*
[65] *Id.*

11

detailed in the attached Exs. 1-A and 1-B).[66] In Mr. Badgerow's opinion, the 36.7 hours Spencer Fane billed to BCBSKS for Mr. Enoch's services in connection with BCBSKS's Response to Plaintiffs' Motion were fair, reasonable, and justified.[67]

29.    Ms. Leslie Witterschein graduated from the University of Minnesota Law School in 1995 and is an attorney in Spencer Fane's Minneapolis, Minnesota office.[68] Ms. Witterschein is a Certified eDiscovery Specialist ("CEDS") through the Association of Certified eDiscovery Specialists.[69] The hourly rate charged by Spencer Fane for Ms. Witterschein's services in connection with Plaintiffs' Motion is $320 per hour, which is a significant reduction from Mr. Witterschein's standard hourly rate of $490.[70] In Mr. Badgerow's opinion, Ms. Witterschein's $320 hourly rate is well within what is reasonable in this jurisdiction and community for an attorney with her qualifications and experience.[71] Moreover, Ms. Witterschein spent 7.6 hours performing legal services in connection with BCBSKS's Response to Plaintiffs' Motion (which are detailed in the attached Exs. 1-A and 1-B).[72] In Mr. Badgerow's opinion, the 7.6 hours Spencer Fane billed to BCBSKS for Ms. Witterschein's services in connection with BCBSKS's Response to Plaintiffs' Motion were fair, reasonable, and justified.[73]

(i)    Whether the Fee is Fixed or Contingent

30.    The fee in this matter is based on an hourly rate applied to the hours expended. It is not contingent.[74]

---

[66] *Id.*
[67] *Id.*
[68] *Id.* ¶ 38.
[69] *Id.*
[70] *Id.*
[71] *Id.*
[72] *Id.* Although Ms. Witterschein's hours are higher on the itemized invoices/statements, BCBSKS reduced Ms. Witterschein's May 4, 2023 time entry from 2.7 hours to 1.1 hours to ensure that it reflected only the hours Ms. Witterschein spent performing services in connection with BCBSKS's Response to Plaintiffs' Motion. (*Id.* n.16.)
[73] *Id.* ¶ 38.
[74] *Id.* ¶ 39.

*2. Multiplier*

31. BCBSKS does not seek any multiplier beyond the lodestar.[75]

*3. Costs*

32. BCBSKS does not seek to recover any costs.[76]

# V.
# CONCLUSION

33. Based on all of the foregoing factors established by the Kansas Rules of Professional Conduct and decisions of the Tenth Circuit Court of Appeals and federal courts in the District of Kansas, it is Mr. Badgerow's opinion the fair, just, and reasonable fee for this matter would be as follows:

| Timekeeper | Standard Hourly Rate | Reduced Hourly Rate | Hours | Total |
|---|---|---|---|---|
| Jason Cross | $795 | $740 | 26.7 | $19,758 |
| Casey Murray | $595 | $565 | 1.3 | $734.50 |
| Preston Enoch | $500 | $460 | 36.7 | $16,882 |
| Leslie Witterschein | $490 | $320 | 7.6 | $2,432 |
| | | | **TOTAL FEES** | $39,806.50[77] |

THEREFORE, BCBSKS respectfully requests that the Court grant its Motion in its entirety, award $39,806.50 to BCBSKS for its reasonable attorney's fees incurred in connection with Plaintiffs' Motion, and grant BCBSKS such other and further relief to which it may be entitled.

---

[75] *Id.* ¶ 40.
[76] *Id.* ¶ 41.
[77] *Id.* ¶¶ 42-43.

13

DA 3448757.1

Dated:  July 18, 2023                              Respectfully submitted,


/s/ Casey P. Murray
Jason Cross, Texas State Bar No. 24045727
*(Admitted Pro Hac Vice)*
Preston Enoch, Texas State Bar No. 24097657
*(Admitted Pro Hac Vice)*
SPENCER FANE LLP
2200 Ross Ave., Suite 4800 West
Dallas, Texas 75201
Tel.   (214) 750-3610
Fax.  (214) 750-3612
jcross@spencerfane.com
penoch@spencerfane.com

J. Nicholas Badgerow, Kansas Bar No. 9138
SPENCER FANE LLP
6201 College Boulevard
Suite 500
Overland Park, Kansas 66211
Tel. (913) 345-8100
Fax. (913) 345-0736
nbadgerow@spencerfane.com

Casey P. Murray, Kansas Bar No. 22189
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Tel.  (816) 474-8100
Fax. (816) 474-3216
cmurray@spencerfane.com

*Attorneys for Defendant Blue Cross*
*and Blue Shield of Kansas, Inc.*

14

## **CERTIFICATE OF SERVICE**

This will certify that a true copy of the foregoing pleading was served via this Court's CMC/ECF system on the 18th day of July 2023 to the following counsel of record:

| | |
|---|---|
| Jose M. Portela | Brenda L. Head |
| jose@bptriallaw.com | bhead@fflawllp.com |
| Sarita A. Smithee | Frieden & Forbes, LLP |
| sarita@bptriallaw.com | 1414 SW Ashworth Place, Suite 201 |
| Beckham Portela | Topeka, KS 66604-3742 |
| 3400 Carlisle, Suite 550 | Tel: (785) 354-1100 |
| Dallas, Texas 75204 | Fax: (785) 354-1113 |
| Tel: (214) 965-9300 | |

/s/ Casey Murray

DA 3448757.1