**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ORCHESTRATE HR, INC. and VIVATURE, INC.,**

**Plaintiffs,**

**v.**

**BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.,**

**Defendant.**

**Case No. 19-4007-DDC**

**MEMORANDUM AND ORDER**

Defendant Blue Cross and Blue Shield of Kansas, Inc. has filed a Motion for Summary Judgment (Doc. 549). Plaintiffs Orchestrate HR, Inc. and Vivature, Inc. have responded in opposition to the pending summary judgment motion (Doc. 578; Doc. 579). Now, the parties have moved to redact and seal parts of plaintiffs' opposition. Specifically, defendant filed an Unopposed Motion to Redact (Doc. 586). And plaintiffs filed an Unopposed Motion to Seal and Redact (Doc. 587). Because the pending sealing and redaction motions train their focus on the same thing—exhibits to plaintiffs' summary judgment opposition—the court rules the motions together. The court grants defendant's motion (Doc. 586). And the court grants in part and denies in part plaintiffs' motion (Doc. 587). The court explains these decisions, below.

## I. Legal Standard

The Supreme Court recognizes the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S 589, 597 (1978) (citations omitted). But this right is not absolute. *Id.* at 598. As a result, "there is a 'strong presumption in favor of public access[.]'" *United States v. Pickard*, 733 F.3d

1297, 1302 (10th Cir. 2013) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). This "strong presumption" increases when the information subject to a request to seal or redact provides the basis for a court's decision on the merits of the litigation. *Id.*

A party may rebut the presumed access to judicial records by demonstrating that "'countervailing interests heavily outweigh the public interests in access.'" *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). The party seeking to deny public access must shoulder the burden to establish a sufficiently significant interest that outweighs the presumed access. *Id.*

The party seeking to deny public access also must comply with our local rule. D. Kan. Rule 5.4.2(c) requires a "Proponent" who "seeks to maintain any portion of the document under seal" to file a "motion to seal or redact in the public record." The Proponent must include in that motion a "description of the specific portions" which is "narrowly tailored to the asserted confidentiality interest." D. Kan. Rule 5.4.2(c)(1). The Proponent also must identify the "confidentiality interest to be protected" and the potential "injury that would result in the absence of restricting public access[.]" *Id*. at 5.4.2(c)(2)–(3). Finally, the Proponent must explain "why restricting public access will adequately protect the confidentiality interest in question" and indicate whether "the motion is opposed or unopposed[.]" *Id*. at 5.4.2(c)(4)–(5). The Proponent requesting redactions "must separately email the document to chambers with its proposed redactions highlighted in yellow." *Id*. at 5.4.2(c).

With this legal standard in mind, the court analyzes the parties' requests to redact and seal below.

## II. Redaction

Both parties ask the court to redact certain exhibits attached to plaintiffs' Brief in Support of Their Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 579). The court begins with defendant's Unopposed Motion to Redact (Doc. 586).

### A. Defendant's Motion

Defendant seeks to redact Protected Health Information (PHI). Third-party medical health information is private and rarely of public concern. *See Stachmus v. Guardian Life Ins. Co. of Am.*, 853 F. App'x 268, 273 (10th Cir. 2021) (granting request to seal based on personal medical information); *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011) (holding that a party's medical health records and other personal health information overcomes the public's right to access judicial records). Defendant has complied with the court's local rules and separately emailed the proposed redactions to chambers. The court, after reviewing the proposed redactions, finds the proposed redactions narrowly tailored and appropriate. The court thus grants defendant's motion (Doc. 586).

### B. Plaintiffs' Motion

Plaintiffs' request to redact is trickier. Like defendant, plaintiffs ask to redact PHI in the record because plaintiffs' exhibits include insurance claims and medical records. The court agrees, of course, with plaintiffs' base proposition—PHI is private and rarely of public concern. The tricky part of plaintiffs' request, however, inheres in their proposed redactions. But, before the court can address those proposed redactions, it must rectify three aspects of plaintiffs' motion.

The court must note this change because the motion includes incorrect Bates numbers in three places:

1. Plaintiffs ask the court to redact a document with Bates No. BCBSKS_00007997. Doc. 587 at 4. But there is no BCBSKS_00007997 in the relevant exhibit. Instead, plaintiffs submitted proposed redactions for BCBSKS_00007977. The court chalks this error up to a typographical error.

2. Plaintiffs' motion also asks the court to redact BCBSKS_00014738. *Id.* But the proposed redactions come one page earlier, on BCBSKS_00014737. The court again considers this a typographical error.

3. Plaintiffs ask the court for permission to redact BCBSKS_00018192–201. *Id.* But the proposed redactions don't occupy a range of documents. Instead, plaintiffs submitted proposed redactions for BCBSKS_00018192 and BCBSKS_00018201—just two documents. The court considers this a typographical error.

The court attaches controlling effect to the proposed redactions that plaintiffs emailed to the court. The court thus construes the motion using these corrected Bates numbers. With that bit of business out of the way, the court can turn to the merits of the motion.

Plaintiffs' proposed redactions seek to redact PHI—with one exception. In several places, plaintiffs seek to redact an athletic trainer's phone number and email address. This information doesn't relate to health status, medical history, or treatment. Plaintiffs assert that the parties have designated these documents with the athletic trainer's contact information as "Confidential" according to the parties' Protective Order. But by itself, one party designating documents as "confidential" under a Protective Order doesn't rebut the "strong presumption" favoring public access for court records. *Pickard*, 733 F.3d at 1302. This is especially true when, as here, a Protective Order has defined the term "confidential" to mean something less demanding than the test for the significant interests that "heavily outweigh the public interests in access." *Mann*, 477 F.3d at 1149 (internal quotation marks and citation omitted). This case's Protective Order does exactly that. Its definition permits the parties to designate documents as confidential if the documents "could potentially cause harm to the interests of the disclosing party or nonparties[.]" Doc. 134 at 2. That showing—were it alone the rationale for designating

exhibits as "confidential"— would not justify sealing. So, the court denies plaintiffs' request to redact this information. Plaintiffs moved to redact the following documents based solely on the athletic trainer's contact information: Exhibit 1.2 of Doc. 579-1[1]; Doc. 579-16; Doc. 579-30. The court thus denies plaintiffs' motion to redact those documents. But the court finds the rest of plaintiffs' proposed redactions proper and grants plaintiffs leave to redact the rest of the information.

One last note about plaintiffs' redactions: some of plaintiffs' proposed redactions contain extra highlighting. Plaintiffs submitted proposed redactions to the court in yellow highlight. But the proposed redactions contain yellow highlighting on documents that plaintiffs did *not* ask to redact. For example, in Doc. 579-16, plaintiffs seek to redact VIVATURE0003231, VIVATURE0003235, VIVATURE0003246, VIVATURE0003251, VIVATURE0003254, VIVATURE0003257, and VIVATURE0003264. Doc. 587 at 3. But the proposed redactions that plaintiffs submitted to the court include highlighting on other pages—for example, VIVATURE0003224. In short, there are proposed highlights on several documents that plaintiffs' motion doesn't encompass. The court thus reminds plaintiffs that they may redact information only for the documents mentioned explicitly in their motion.

**C. Order to Combine**

With defendant's motion granted, and plaintiffs' motion granted in part, the court orders the parties to proceed as follows with their redactions. These are plaintiffs' exhibits, so the court orders plaintiffs to file *all* redacted documents. The court notes that both parties have moved to redact pages of the following exhibits: Doc. 579-2, Doc. 579-27, Doc. 579-28, and Doc. 579-29.

[1] Doc. 579-1 is 18,757 pages long and contains 31 exhibits. Plaintiffs specifically asked to redact only Exhibit 1.2 out of this mass. The court's decision about redacting applies to Exhibit 1.2 only.

The court thus orders the parties to confer and combine their court-approved redactions into one document for plaintiffs to file.

**III. Sealing**

Plaintiffs also ask the court to seal some exhibits, specifically, their damage model spreadsheets. Doc. 587 at 1–2. Plaintiffs assert that these damage models contain PHI "about thousands of Kansas students' insurance claims." *Id.* at 2. The court agrees that the privacy interest in this information outweighs the presumption of public access. So, the court grants plaintiffs' request to seal this information. How, exactly, to accomplish that sealing objective is a much more daunting question.

The relevant damages model spreadsheets are Exhibit 1.3, Exhibit 1.4, Exhibit 1.5, Exhibit 1.6, and Exhibit 1.7. But plaintiffs filed these spreadsheets in a single submission—Doc. 579-1—along with other exhibits. That is, plaintiffs only ask to seal portions of Doc. 579-1. This request doesn't fit D. Kan. Rule 5.4.2(c)'s methodology.

D. Kan. Rule 5.4.2(c) provides just three options. The moving party may: (1) move the court to *unseal* the entire document; (2) move the court to *seal* the entire document; or (3) move the court to redact portions of the document. The court can't pluck out and seal individual pages within a single exhibit, while leaving the remainder of the document unsealed.

But plaintiffs assert that they can't redact the confidential information because these damage models consume 18,652 pages. Doc. 587 at 2. Plaintiffs report that they can redact the PHI in the models' native .xls format, but this court's electronic filing system requires parties to submit documents in PDF format. *Id.* And plaintiffs argue "it would be impractical and ultimately not helpful to the Court or the parties to attempt to redact each instance of confidential information and PHI in" 18,652 pages of PDFs. *Id.*

The court agrees. Redacting on this scale is impractical. The court grants plaintiffs' request to seal, but how to get from here to there is yet another complicated assignment. The court must heed Fed. R. Civ. P. 1's directive to "secure the just, speedy, and inexpensive determination of every action and proceeding." But it can't just seal all of Doc. 579-1 without offending the public's "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S at 597 (1978). With these competing objectives in mind, the court orders the following.

Doc. 579-1 contains the following of plaintiffs' exhibits: Affidavit of Mouzon Bass, III; Exhibit 1.1; Exhibit 1.2; Exhibit 1.3; Exhibit 1.4; Exhibit 1.5; Exhibit 1.6; Exhibit 1.7; Exhibit 1.8; Exhibit 1.9; Exhibit 1.10; Exhibit 1.11; Exhibit 1.12; Exhibit 1.13; Exhibit 1.14; Exhibit 1.15; Exhibit 1.16; Exhibit 1.17; Exhibit 1.18; Exhibit 1.19; Exhibit 1.20; Exhibit 1.21; Exhibit 1.22; Exhibit 1.23; Exhibit 1.24; Exhibit 1.25; Exhibit 1.26; Exhibit 1.27; Exhibit 1.28; Exhibit 1.29; Exhibit 1.30; and Exhibit 1.31. The court orders Doc. 579-1 under seal permanently, which grants plaintiffs' request to seal Exhibit 1.3, Exhibit 1.4, Exhibit 1.5, Exhibit 1.6, and Exhibit 1.7 in their entirety. The court orders plaintiffs to file the rest of the exhibits from Doc. 579-1 publicly. The court notes that plaintiffs moved to redact Exhibit 1.2, but the court denied that request. *Supra* § II.B. Plaintiffs thus should file Exhibit 1.2 publicly without any redactions.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Unopposed Motion to Redact (Doc. 586) is granted. The court orders defendant to work with plaintiffs to file their redacted documents. Plaintiffs are directed to file the redacted documents in the public record forthwith using the Redacted Document event.

**IT IS FURTHER ORDERED BY THE COURT** that plaintiffs' Unopposed Motion to Seal and Redact (Doc. 587) is granted in part and denied in part. The motion is denied for:

- Exhibit 1.2 of Doc. 579-1;
- Doc. 579-16; and
- Doc. 579-30.

The clerk is directed to unseal Doc. 579-16 and Doc. 579-30.

**IT IS FURTHER ORDERED BY THE COURT** that the following provisionally sealed documents will remain sealed:

- Doc. 579-1;
- Doc. 579-2;
- Doc. 579-4;
- Doc. 579-10;
- Doc. 579-12;
- Doc. 579-15;
- Doc. 579-21;
- Doc. 579-25;
- Doc. 579-27;
- Doc. 579-28; and
- Doc. 579-29.

The clerk is directed to remove the provisional designations from these entries. Plaintiffs are directed to file the redacted versions of these documents in the public record forthwith using the Redacted Document event.

**IT IS FURTHER ORDERED BY THE COURT** that the clerk is directed to unseal the following documents because no party has moved to redact or seal them:

- Doc. 578;
- Doc. 579;
- Doc. 579-3;
- Doc. 579-5;
- Doc. 579-6;
- Doc 579-7;
- Doc. 579-8;
- Doc. 579-9;
- Doc. 579-11;
- Doc. 579-13;
- Doc. 579-14;
- Doc. 579-17;
- Doc. 579-18;
- Doc. 579-19;
- Doc. 579-20;
- Doc. 579-22;
- Doc. 579-23;
- Doc. 579-24; and
- Doc. 579-26.

**IT IS FURTHER ORDERED BY THE COURT** that plaintiffs must file the following exhibits within Doc. 579-1 publicly forthwith:

- Affidavit of Mouzon Bass, III;
- Exhibit 1.1;
- Exhibit 1.2;
- Exhibit 1.8;
- Exhibit 1.9;
- Exhibit 1.10;
- Exhibit 1.11;
- Exhibit 1.12;
- Exhibit 1.13;
- Exhibit 1.14;
- Exhibit 1.15;
- Exhibit 1.16;
- Exhibit 1.17;
- Exhibit 1.18;
- Exhibit 1.19;
- Exhibit 1.20;
- Exhibit 1.21;
- Exhibit 1.22;
- Exhibit 1.23;
- Exhibit 1.24;
- Exhibit 1.25;
- Exhibit 1.26;
- Exhibit 1.27;

- Exhibit 1.28;
- Exhibit 1.29;
- Exhibit 1.30; and
- Exhibit 1.31.

**IT IS SO ORDERED.**

**Dated this 12th day of October, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**