IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **ORCHESTRATE HR, INC. and VIVATURE, INC.,**<br><br>                **Plaintiffs**,<br><br>v.<br><br>**BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.,**<br><br>                **Defendant**. | Case No. 19-4007-DDC |

## MEMORANDUM AND ORDER

        This case returns to the court on defendant Blue Cross and Blue Shield of Kansas, Inc.'s Motion for Leave to Reopen Case and Enforce Amended Protective Order (Doc. 616). Now that the court has decided all claims and closed the case, defendant has asked plaintiffs Orchestrate HR, Inc. and Vivature, Inc. to return defendant's documents, as required by paragraph 12(b) of this case's Amended Protective Order (Doc. 134). Plaintiff has declined to do so. Defendant thus asks the court to reopen the case so the parties may litigate this dispute under the Protective Order. Given the unusual procedural posture of the case, the court invoked its independent duty to satisfy itself that subject matter jurisdiction exists. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). The court thus ordered the parties to address the issue of the court's post-judgment jurisdiction.

        Defendant complied and filed a brief (Doc. 619) explaining its view that the court has jurisdiction. And plaintiffs have informed the court that they don't disagree with defendant's

view that the court has jurisdiction. The court agrees with the parties and concludes that it has jurisdiction over this post-judgment discovery dispute. It explains this decision, below.

This case's Amended Protective Order provides that its provisions "will remain in effect and continue to be binding after conclusion of the litigation." Doc. 134 at 9. The Amended Protective Order also contemplates a scenario like this one: "Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order." *Id.* at 10. Defendant argues, based on these provisions, that the court retains jurisdiction to hear this dispute.

Even lacking the explicit language in the Amended Protective Order at issue here, it "is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). And the court retains ancillary jurisdiction "to manage its proceedings, vindicate its authority, and effectuate its decrees[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994). Indeed, our court has granted motions to reopen cases based on protective order disputes. *Burchett v. Team Indus. Servs., Inc.*, No. 18-2584, 2021 WL 1692087 (D. Kan. Apr. 29, 2021) (granting plaintiff's motion to reopen case it voluntarily had dismissed so plaintiff could challenge third-party discovery participant's designation of documents as confidential). Other caselaw assures the court it can exercise jurisdiction here. *See United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) ("As long as a protective order remains in effect, the court that entered the order retains the power to modify it, even if the underlying suit has been dismissed."); *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 782 (1st Cir. 1988) ("During the pendency of the protective order, including times after judgment, the order acted as an

2

injunction, setting forth strict limitations on the parties' use of discovery materials.  In support of this 'injunction,' the district court necessarily had the power to enforce the order, at any point while the order was in effect, including periods after judgment.").

The court thus grants the part of defendant's Motion for Leave to Reopen Case and Enforce Amended Protective Order (Doc. 616) asking the court to reopen the case.  The second part of defendant's motion—the part asking the court to enforce the Amended Protective Order—remains pending.  To address the enforcement issue, the court now establishes the following briefing schedule:

- **Response:**  Plaintiffs must respond to defendant's request to enforce the Amended Protective Order within 21 days after the entry of this Memorandum and Order.  The court limits plaintiffs' response brief to 10 pages.

- **Reply:**  Defendant may file any reply to its motion within 14 days after plaintiffs file their response.  The court limits defendant's reply brief to 5 pages.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for Leave to Reopen Case and Enforce Amended Protective Order (Doc. 616) is granted in part.  The court orders the Clerk of the Court to reopen the case.

**IT IS FURTHER ORDERED THAT** the part of defendant's Motion for Leave to Reopen Case and Enforce Amended Protective Order (Doc. 616) that asks the court to enforce the Amended Protective Order remains pending.

**IT IS SO ORDERED.**

**Dated this 8th day of May, 2024, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
Daniel D. Crabtree
United States District Judge