IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ORCHESTRATE HR, INC. and VIVATURE, INC.,**

              **Plaintiffs**,

v.

**BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.,**

              **Defendant**.

Case No. 19-4007-DDC

## MEMORANDUM AND ORDER

This matter is before the court on defendant Blue Cross and Blue Shield of Kansas, Inc.'s Motion for Leave to Reopen Case and Enforce Amended Protective Order (Doc. 616). In a previous Order (Doc. 620), the court granted defendant's motion in part and ordered the Clerk of the Court to reopen this case. The court left pending the part of defendant's motion asking the court to enforce the Amended Protective Order. Since that ruling, plaintiffs responded (Doc. 621), and defendant replied (Doc. 622). This Order grants defendant's Motion to Enforce.

Before reopening this case, the court had entered Judgment and decided all claims. Doc. 615 (Judgment). Defendant brought its motion to seek return of certain documents, as required by paragraph 12(b) of this case's Amended Protective Order (Doc. 134). Defendant contends that plaintiffs repeatedly have refused to return or destroy these documents as required by the Amended Protective Order. Doc. 616 at 4; *id.* at 3 (explaining that plaintiffs have stated "expressly that 'under no circumstances' would [they] destroy or return the documents").

Plaintiffs, for their part, explain that a grand jury has indicted Mouzon Bass, III—president of both plaintiffs. Doc. 621 at 1; *id.* at 8–30 (Indictment). The Indictment "alleges that Bass used [plaintiff] Vivature to submit false insurance claims" and that Bass used physicians' "credentials without their knowledge or consent." *Id.* at 1–2, 3. Plaintiffs assert that the documents at issue here "could easily relate to Count One of the Indictment[.]" *Id.* at 3. And so, plaintiffs are wary of complying with the Amended Protective Order because they fear doing so might violate a provision of the Sarbanes-Oxley Act of 2002. It provides:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519; Doc. 621 at 3–4. Plaintiffs seek an order from the court directing them how to proceed, and they assure the court they will comply with any such order. Doc. 621 at 4.

Plaintiffs must comply with the Amended Protective Order. Plaintiffs haven't advanced any argument or cited any authority that excuses the duty imposed by the Amended Protective Order. *See High Point SARL v. Sprint Nextel Corp.*, 280 F.R.D. 586, 592 (D. Kan. 2012) ("Upon entry of a protective order under Rule 26(c), . . . the parties must comply with the terms of the protective order or subject themselves to possible sanctions." (citation omitted)). The statute plaintiffs cite—18 U.S.C. § 1519—doesn't suggest otherwise. That statute criminalizes destruction of documents only when done "with the intent to impede, obstruct, or influence the investigation or proper administration" of a matter. *Id.* So, a party destroying or returning documents pursuant to a court order ordinarily doesn't violate § 1519 because that party

wouldn't satisfy § 1519's specific-intent requirement.  Plaintiffs haven't presented any other argument that would excuse their obligations to satisfy this court's order.[1]

The court thus grants defendant's Motion for Leave to Reopen Case and Enforce Amended Protective Order (Doc. 616).[2]  And the court emphasizes that the Amended Protective Order gives plaintiffs two alternatives:  return or destroy.  If plaintiffs remain concerned that destroying the discovery records might violate some other law, they can comply with the Amended Protective Order simply by returning discovery to defendant.  With no pending motions remaining in this case, the court directs the Clerk of the Court to close this case, once again.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for Leave to Reopen Case and Enforce Amended Protective Order (Doc. 616) is granted.

**IT IS FURTHER ORDERED THAT** plaintiffs Orchestrate HR, Inc. and Vivature, Inc. comply with paragraph 12(b) of the Amended Protective Order and return or destroy all documents covered by that provision in accordance with the Amended Protective Order.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court close this case.

**IT IS SO ORDERED.**

---

[1] Plaintiffs cite *United States v. Mixon*, No. CR-14-00631-TUC-JGZ (LAB), 2015 WL 13849029, at *2 (D. Ariz. Sept. 24, 2015).  That case clearly differs from this one.  There, the defendant provided "false answers to an interrogatory in connection with a Bureau of Prisons . . . investigation of an Equal Employment Opportunity . . . complaint[.]" *Id.* at *1.  The *Mixon* court rejected the defendant's argument that § 1519 "was not intended to proscribe statements made in discovery documents in civil or administrative proceedings." *Id.* at *2.  *Mixon* has no bearing on this case.  *Mixon* rules only that parties can violate § 1519 even when they do so as part of the civil discovery process.  It doesn't conclude that § 1519 can function as a shield against discovery obligations or that a party violates § 1519 automatically by *complying* with discovery obligations.  To the contrary, the defendant in *Mixon* plainly violated discovery obligations by submitting false answers.

[2] The court denies defendant's passing request for attorney fees.

**Dated this 17th day of December 2024, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**